1
2
3
4

Paul J. Maravelias
34 Mockingbird Hill Rd
Windham, NH 03087
Telephone: (603) 475-3305
paul@paulmarv.com

2019 FEB 11  P 12: 24

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW HAMPSHIRE

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

| | |
|---|---|
| PAUL MARAVELIAS,<br>    a natural person,<br><br>                    Plaintiff,<br><br>        v.<br><br>JOHN J. COUGHLIN,<br>    a natural person, in his individual and<br>    official capacities,<br><br>GORDON J. MACDONALD,<br>    a natural person, in his official capacity as<br>    Attorney General of New Hampshire,<br><br>PATRICIA G. CONWAY,<br>    a natural person, in her official capacity as<br>    Rockingham County Attorney,<br><br>TOWN OF WINDHAM, ex rel.,<br>WINDHAM POLICE DEPARTMENT,<br>    municipal entities,<br><br>GERALD S. LEWIS,<br>    a natural person, in his official capacity as<br>    Chief of Police of the Town of Windham,<br><br>                    Defendants. | Case No.<br><br>**EMERGENCY *EX PARTE*<br>APPLICATION FOR<br>TEMPORARY RESTRAINING<br>ORDER AND ORDER TO SHOW<br>CAUSE RE PRELIMINARY<br>INJUNCTION**<br><br>Date Action filed: 2/10/2019<br><br>Time: 11:00AM |

## <u>INTRODUCTION</u>

1.     Plaintiff PAUL MARAVELIAS ("Plaintiff") applies for an emergency *ex parte* temporary restraining order (TRO) against Defendants pursuant to FCRP 65. Defendants have

issued an unlawful order against Plaintiff masquerading as certain "extended terms" to a preexisting civil protective order. Defendants are actively planning to arrest Plaintiff for violating said "extended terms" made *ultra vires* in complete absence of statutory authority and, separately, in violation of federal constitutional law. <u>To wit, Defendants are imminently expected to arrest Plaintiff for filing a Reply Brief in December 2018 to the New Hampshire Supreme Court, as part of an appellate case, containing an innocuous "social media" appendical exhibit, evidencing "possession" thereof.</u> Defendants are about to arrest Plaintiff for "possessing" the certain public court exhibit and cause irreparable, immediate harm under the false guise of enforcing a civil "stalking" protection order under NH RSA 633:3-a. Plaintiff also applies for an order to Defendants to show cause as to why a preliminary injunction should not issue pending the trial of this action.

2.    In support, Plaintiff relies upon the points of fact and law within his accompanying Original Verified Complaint and additionally represents as follows.

## EXIGENT NEED FOR TEMPORARY RESTRAINING ORDER

3.    Maravelias now faces imminent arrest and prosecution for his protected speech-acts within his own *pro se* legal self-defense in New Hampshire courts, as a result of Defendants' illegal order.

4.    Time is of the essence. Plaintiff Maravelias requests the Court grant him liberal application of the well-pleaded complaint and reasonable construction rules as Maravelias is *pro se* and composing the instant action on extremely short notice. He risks suffering irreparable injury by continuing to refine and polish this legal document. Accordingly, it is

1   unwise to tarry, or to fortify the instant application for TRO with a more profound review of

2   case law than necessary.

3

4       5.      To this end, to show the exigent need for a TRO, Plaintiff relies predominantly

5   upon all facts, causes of action, legal arguments, and prayers for relief rehearsed in his

6   accompanying Original Verified Complaint.

7                                    **LEGAL STANDARD**

8       6.      In determining whether to grant a motion for a temporary restraining order, the

9   same four-factor analysis applies as would be used to evaluate a motion for preliminary

10  injunction. *See, e.g., Francis v. Pulley*, No. 06-480, 2006 U.S. Dist. LEXIS 93792, at *5

11  (D.N.H. Dec. 28, 2006). To wit, to grant a TRO or preliminary injunction, a plaintiff must

12  establish the following four elements: "(1) a likelihood of success on the merits, (2) a

13  likelihood of irreparable harm absent interim relief, (3) a balance of equities in the plaintiff's

14  favor, and (4) service of the public interest." *Arborjet, Inc. v. Rainbow Treecare Sci.*

15  *Advancements*, 794 F.3d 168, 171 (1st Cir. 2015); *See also Planned Parenthood League v.*

16  *Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981), *Jean v. Mass. State Police*, 492 F.3d 24, 26–27

17  (1st Cir. 2007), Bruns v. Mayhew, 750 F.3d 61, 65 (1st Cir. 2014).

18      7.      The predominate factor in this determination is the first factor: the likelihood of

19  success on the merits. *See Corporate Technologies v. Harnett*, 731 F.3d 6, 10 (1st Cir. 2013);

20  *Sindicato Puertorriqueno de Trabajadores v. Fortuno*, 699 F.3d 1, 10 (1st Cir. 2012) ("In the

21  First Amendment context, the likelihood of success on the merits is the linchpin of the

22  preliminary injunction analysis.").

23

24

## PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

8.      The well-pleaded facts and allegations in Plaintiff's accompanying Original

Verified Complaint establish an overwhelming likelihood of success on the merits of his

causes of action relating to the unconstitutionality of the "extended terms" provision.

9.      To show a likelihood of success on the merits, it is enough that the movant

raises "questions going to the merits so serious, substantial, difficult and doubtful, as to make

them a fair ground for litigation and thus for more deliberate investigation." *Brandeis Mach.*

*& Supply Corp. v. Barber-Greene Co.*, 503 F.2d 503, 505 (6th Cir. 1974). *See also Hamilton*

*Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1953)

## PLAINTIFF WILL SUFFER IRREPARBLE INJURY
## IN THE ABSENCE OF A TRO

10.     Plaintiff does not have an adequate remedy at law. Money damages are unable

to compensate the imminent injury and harm which Defendants have represented to

Maravelias, nor are such damages available.

11.     "The loss of First Amendment freedoms, for even minimal periods of time,

unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373-74 (1976);

*Sammortano v. First Jud. Dist. Court*, 303 F.3d 959, 973 (9th Cir. 2002). Any loss of

constitutional rights is presumed to be an irreparable injury. *Colon-Marrero v. Conty Perez*,

698 F.3d 46, 47 (1st Cir. 2012). Here, the facts and arguments alleged in Plaintiff's Complaint

require no further explanation. There is an imminent criminal enforcement against Maravelias

of a woefully unconstitutional, arbitrary set of "extended terms" issued in the total absence of

legal authority and purposed to criminalize Maravelias's own legal self-defensive speech in

state court.

12.     Furthermore, the Plaintiff would suffer irreparable harm if this Court does not maintain the status quo by granting a TRO to assert jurisdiction in this matter. *See* Robert Haig, *3d Bus. & Comm'l Litig. in Fed. Cts.* § 17:26 (2011) ("Nonetheless, the court may still grant a mandatory preliminary injunction when necessary to protect the movant from irreparable harm and to preserve the court's ability to render a meaningful decision.") (emphasis added). Here, if this Court does not issue a TRO, Defendants will have enough time to initiate criminal charges against Maravelias for violation of the unconstitutional "extended terms". In such an event, *Younger* abstention might preclude this Court from "rendering a meaningful decision" – or any decision at all in this case. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention does not currently preclude this action because Defendants have not yet filed charges against Maravelias. The sought injunctive relief is exclusively prospective. Ergo, a TRO is necessary additionally to maintain this *status quo*.

## THE BALANCE OF EQUITIES HEAVILY FAVORS GRANTING A TRO, WHICH WILL NOT HARM DEFENDANTS

13.     The sought TRO enjoins state officers from enforcing a particular order under the guise of the NH civil protective order statute which the trial of this action will conclude is illegal. A TRO enjoining state officers from criminally enforcing the said unconstitutional "extended terms" does not cause any harm or injury whatsoever to the Defendants. It is well established that no one, the government included, has an interest in the enforcement of an unconstitutional law. *See ACLU v. Reno*, 929 F. Supp. 824, 849 (1996).

14.     On the contrary, the issuance of a TRO is indeed quite beneficial to Defendants and all parties. Defendants will avoid law enforcement resource usage and wasteful, pointless, and costly state-level criminal litigation if they are not enjoined from enforcing the Order.

15.    In fact, the issuance of a TRO could benefit Defendants even more than it will

benefit Plaintiff. Title 18 U.S.C. Section 242 imputes severe federal criminal penalties to any

state officer who, under color of law, "willfully subjects any person ... to the deprivation of

any rights ... secured or protected by the Constitution or laws of the United States". Absent

injunction, Defendants' imminent unlawful enforcement action against Maravelias will

inevitably result in exactly the aforesaid federal crime, since Maravelias has apprised them of

the illegality of their conduct sufficiently as to render their imminent illegal action "willful".

16.    There are virtually zero equity considerations which oppose the issuance of a

TRO, while there are extensive motivations to grant one.

## GRANTING THE TRO IS IN THE PUBLIC'S INTEREST

17.    It is in the public's interest to protect constitutional rights. *See Hyde Park
Partners, L.P. v. Connolly*, 839 F.2d 837, 854 (1st Cir. 1988) ("obviously, should the statute

be unconstitutional, the public interest would be adversely affected by denial of ... an

injunction").

## CONCLUSION

18.    Plaintiff states an actionable claim and exigent necessity for a temporary

restraining order. A Proposed Order is attached, pursuant to Local Rule 65.1.

19.    Plaintiff has made efforts to give advance notice to Defendants of this TRO

request. *See* attached "PAUL MARAVELIAS'S CERTIFICATION OF NOTICE TO

DEFENDANTS PURSUANT TO FRCP 65(b)(1)(B)".

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Paul Maravelias respectfully requests this Honorable Court:

I.    Issue a temporary restraining order (TRO) and preliminary injunction prohibiting Defendants and their officials, employees, and agents from implementing or enforcing the "extended terms" to the civil protective order against Maravelias in New Hampshire District Court Case No. 473-2016-CV-00124 as identified in Plaintiff's Original Verified Complaint;

II.    Issue an Order to Defendants to show cause as to why a preliminary injunction should not issue pending the trial of this action;

III.    Grant any further relief as may be deemed just and proper.

————————————————

Respectfully submitted,

PAUL J. MARAVELIAS, *pro se*

/s/ Paul J. Maravelias, *pro se*        Dated: February 11th, 2019

**Paul J. Maravelias**
34 Mockingbird Hill Rd
Windham, NH 03087
paul@paulmarv.com
603-475-3305

## AFFIDAVIT IN SUPPORT OF EMERGENCY *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

### NOTARY ACKNOWLEDGMENT

STATE OF NEW HAMPSHIRE – COUNTY OF _____

On this ____ day of February 2019, before me, _____, the undersigned officer, personally appeared _____, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that he/she executed the same for the purposes therein contained, who being by me first duly sworn, on his oath, deposes and says:

**All factual stipulations within the foregoing Emergency *Ex Parte* Application for TRO and Order to Show Cause Re Preliminary Injunction are true and accurate to the best of my knowledge as of 2/11/2019.**

*[affiant's statement of facts]*

2/11/19

_____
*[signature of affiant]*

**Paul J. Maravelias**
*[typed name of affiant]*

**34 Mockingbird Hill Rd, Windham, NH 03087**
*[address of affiant]*

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My commission expires: _____