UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Paul Maravelias

   v.                            Case No. 19-cv-143-SM

John J. Coughlin, et al

ORDER

Plaintiff's motion seeking temporary injunctive relief is denied. Principles of comity and federalism generally preclude federal courts from interfering with pending state criminal proceedings. Younger v. Harris, 401 U.S. 37 (1971). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." Casa Marie, Inc. v. Superior Court of Puerto Rico, 988 F.2d 252, 262 (1st Cir. 1993). Plaintiff argues that because he seeks only prospective injunctive relief, and that no state prosecution is currently pending, the Younger doctrine does not apply here. The Court of Appeals for the First Circuit has held otherwise. See Brooks v. Conte, Et Al., 739 F.2d 30 (1st Cir. 1984). There can be little question that the state proceedings, should they be initiated, will afford an adequate opportunity to raise federal constitutional challenges, see Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982), and, plaintiff has not pled any credible basis for finding an exception to the Younger doctrine (e.g. "bad faith" in the sense that an anticipated prosecution will be brought without a

reasonable expectation of obtaining a valid conviction, <u>Kugler v. Helfant</u>, 421 U.S. 117, 126n. 6 (1975)).

SO ORDERED.

_____
Steven J. McAuliffe,
United States District Judge

Date: 2/11/2019

cc:   Paul Maravelias, pro se