**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

Case Number:   19-CV-143-SM

PAUL MARAVELIAS,

    Plaintiff

vs.

JOHN J. COUGHLIN,

GORDON J. MacDONALD,

PATRICIA G. CONWAY,

TOWN OF WINDHAM, ex. rel.

WINDHAM POLICE,

DEPARTMENT, &

GERALD S. LEWIS

    Defendant.

**ANSWER AND BRIEF STATEMENT OF DEFENSES OF THE TOWN OF WINDHAM, WINDHAM POLICE DEPARTMENT AND GERALD LEWIS**

NOW COMES, the Town of Windham, New Hampshire, the Windham Police Department, and Gerald S. Lewis (hereinafter "the Windham Defendants"), by and through their attorneys, Donahue, Tucker, & Ciandella, PLLC, and hereby submit the following Answer and Brief Statement of Defenses to the Complaint filed by the Plaintiff Paul Maravelias. In support thereof, the Windham Defendants state as follows:

    I.    **WINDHAM DEFENDANTS' ANSWER TO PLAINTIFF'S ALLEGATIONS**

    1.    The statements set forth in Paragraph 1 of the Complaint are not a factual allegation for which a response is required.  To the extent a response is required:  (a) the Windham Defendants deny the allegations set forth in the second sentence as this Court has already denied the Plaintiff's request for an Ex Parte Temporary Restraining Order; (b) the

Windham Defendants deny the third sentence; (c) the remaining allegations do not contain a factual statement, but rather summarize the Plaintiff's purpose in bringing this action, as such no response is required.

2. The statements set forth in Paragraph 2 of the Complaint are a legal conclusion for which no response is required.

3. The statements set forth in Paragraph 3 of the Complaint are a legal conclusion for which no response is required.

4. The statements set forth in Paragraph 4 of the Complaint are a legal conclusion for which no response is required.

5. The statements set forth in Paragraph 5 are a legal conclusion for which no response is required.

6. The statements set forth in Paragraph 6 are a legal conclusion for which no response is required.

7. The statements set forth in Paragraph 7 are a legal conclusion for which no response is required.

8. The Windham Defendants admit the allegations in the first sentence of Paragraph 8. The Windham Defendants are without sufficient knowledge or information as to the truth of the allegations in the second and third sentences of Paragraph 8, and, therefore, the Plaintiff is put to his proof.

9. The Windham Defendants admit the allegation in the first and second sentences of Paragraph 9. The statements set forth in the third sentence of Paragraph 9 are a legal conclusion for which no response is required.

10. The statements set forth in Paragraph 10 are not a factual assertion for which a response is required.

11. The Windham Defendants admit the allegations set forth the first sentence of Paragraph 11. With regard to the second sentence of Paragraph 11, RSA 7:6 speaks for itself. With regard to the third sentence of Paragraph 11, the statements are a legal conclusion for which

no response is required.

12. The Windham Defendants admit the allegations set forth in the first sentence of Paragraph 12. With regard to the second sentence of Paragraph 12, the statements are a legal conclusion for which no response is required.

13. The Windham Defendants admit the allegations set forth in the first sentence of Paragraph 13 to the extent that it alleges that the Town of Windham is a municipal entity and that the Windham Police Department is a department in the Town of Windham. The Windham Defendants admit the allegations set forth in the second sentence of Paragraph 13, except the Town denies that Windham Police Department is responsible for the employment and retention of Department personnel – such a task is the responsibility of the Board of Selectmen; the Windham Defendants further deny that they are responsible, in all instances, for the conduct of its officers and employees. The Windham Defendants are without knowledge or information as to the truth of the allegations set forth in the third sentence of Paragraph 13, as it is unclear as to what is meant by the phrase "[t]he Town of Windham is responsible for overseeing WPD and ensuring its personnel comply with the laws and constitution of the United States of America." The allegations set forth in the fourth sentence of Paragraph 13 are a legal conclusion for which no response is required.

14. The Windham Defendants admit the allegations set forth in the first sentence of Paragraph 14. The Windham Defendants admit the allegations set forth in the second sentence of Paragraph 14 to the extent that it states that Chief Lewis is responsible for the training and supervision of officers and employees of the Department; the Windham Defendants deny that Chief Lewis is responsible for the employment and retention of Department personnel as such a function is the responsibility of the Board of Selectmen; the remaining allegations in the second sentence, pertaining to Chief Lewis' duty to ensure his personnel's compliance with the laws and constitution of the United States of America are a legal conclusion for which no response is required. The allegations set forth in the fourth sentence of Paragraph 14 are a legal conclusion for which no response is required.

15. The Windham Defendants admit the allegations set forth in Paragraph 15 of the Complaint.

16. The Windham Defendants admit that Plaintiff has taken the positions set forth in the first and second sentence of Paragraph 16. The Windham Defendants are without sufficient knowledge or information as to the third sentence set forth in Paragraph 16, and, therefore, Plaintiff is put to his proof.

17. The Windham Defendants admit that at one point Christina DePamphilis, with her father and another adult male, posted a social media post in which all individuals have their middle fingers raised. The Windham Defendants are without sufficient knowledge or information as to the remainder of the allegations set forth in Paragraph 17; therefore, the Plaintiff is put to his proof.

18. The Windham Defendants admit that the Plaintiff collected certain social media posts made by Christina DePamphilis and submitted such materials at various court proceedings. The Windham Defendants are without sufficient knowledge or information as to the accuracy of the remainder of the allegations set forth in Paragraph 18; therefore, the Plaintiff is put to his proof.

19. The Windham Defendants admit that Judge Coughlin presided over a three-day trial in Circuit Court – District Division in response to Ms. DePamphilis' motion; the Windham Defendants are without sufficient knowledge or information as to the date of such evidentiary hearing and, therefore, the Plaintiff is put to his proof.

20. The Windham Defendants are without sufficient knowledge or information as to the accuracy of Paragraph 20; therefore, the Plaintiff is put to his proof.

21. The Windham Defendants admit the allegations set forth in Paragraph 21.

22. The Windham Defendants admit that Exhibit A bears the title and date alleged in Paragraph 22. The Windham Defendants are without sufficient knowledge as to the authenticity of Exhibit A or whether it is "the critical foundation of this action," and Plaintiff is put to his proof.

23. The Windham Defendants admit that the statements set forth in Paragraph 23 are an accurate recitation of a portion of Exhibit A to the Complaint; the Windham Defendants are without sufficient knowledge as to the authenticity of Exhibit A.

24. There are no factual allegations in Paragraph 24 that require a response.

25. The Windham Defendants admit that the Plaintiff filed an objection dated July 5, 2018 and that Exhibit B to the Complaint is a document purporting to be said objection. The content of the Plaintiff's objection, as summarized in Paragraph 25, speaks for itself.

26. The content of the Plaintiff's objection, as summarized in Paragraph 26, speaks for itself.

27. The Windham Defendants admit that Ms. DePamphilis filed a reply dated July 12, 2018 and that Exhibit C to the Complaint is a document purporting to be said objection. The content of Ms. DePamphilis' reply, as summarized in Paragraph27, speaks for itself.

28. The Windham Defendants are without sufficient knowledge or information as to the accuracy of the allegations in Paragraph 28; therefore, the Plaintiff is put to his proof.

29. The Windham Defendants admit that Judge Coughlin denied the Plaintiff's objection and granted the relief sought by Ms. DePamphilis in the underlying stalking action. The remaining allegations in Paragraph 29 are a legal conclusion for which no response is required.

30. The Windham Defendants admit that, as alleged in Paragraph 30, Exhibit F suggests that Judge Coughlin granted the relief initially sought in the Plaintiff's July 5, 2018 Motion for Modification of Stalking Final Order of Protection to Include Further Conditions. The Windham Defendants are without knowledge or information as to the remainder of the allegations set forth in Paragraph 30; therefore, the Plaintiff is put to his proof.

31. The Windham Defendants deny the allegations set forth in Paragraph 31 of the Complaint; Judge Coughlin's decision speaks for itself, except that that Windham Defendants admit that Judge Coughlin denied the Plaintiff's objection.

32. The Windham Defendants admit that the stalking order was extended in January of 2019 and that the "expanded terms" are still in effect. The Windham Defendants are without

sufficient knowledge or information as to the remainder of the allegations in Paragraph 32; therefore, the Plaintiff is put to his proof.

33. The Windham Defendants admit the allegations set forth in Paragraph 33.

34. The Windham Defendants admit the allegations set forth in Paragraph 34.

35. The content of the "Plaintiff's Declaration in Support of Emergency Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction" speak for itself. The Windham Defendants are without sufficient knowledge or information as to the complete accuracy of the contents of Plaintiff's Declaration; therefore, Plaintiff is put to his proof.

36. The Windham Defendants admit that during the February 8, 2019 meeting, Sgt. Smith produced a copy of a document that the Plaintiff attached to a December 2018 reply brief that Plaintiff filed with the New Hampshire Supreme Court. The Windham Defendants deny the remainder of the allegations set forth in Paragraph 36. BY WAY OF FURTHER ANSWER, Sgt. Smith stated during the February 8, 2019 hearing that Sgt. Smith was in the process of investigating a report that Plaintiff violated the stalking order and that he had yet to determine whether he was going to seek to charge the Plaintiff for violating the stalking order.

37. The Windham Defendants are without sufficient knowledge or information as to the allegations set forth in Paragraph 37, and the Plaintiff is put to his proof.

38. The Windham Defendants admit the allegations in Paragraph 38. BY WAY OF FURTHER ANSWER, Sgt. Smith stated during the February 8, 2019 hearing that Sgt. Smith was in the process of investigating a report that Plaintiff violated the stalking order and that Sgt. Smith had yet to determine whether he was going to seek to charge the Plaintiff for violating the stalking order.

39. The Windham Defendants deny the allegations set forth in Paragraph 39. BY WAY OF FURTHER ANSWER, the Windham Defendants do not know what all Defendants in this action might do at an unspecified time in the future in response to unspecified events.

40. The Windham Defendants are without knowledge or information as to the

allegations in the first sentence of Paragraph 40, and the Plaintiff is put to his proof.

41. The Windham Defendants are without sufficient knowledge or information as to the truth of the allegations in the first sentence of Paragraph 41, and the Plaintiff is put to his proof. BY WAY OF FURTHER ANSWER, the allegations in the first sentence of Paragraph 41 are vague and unspecific. The Windham Defendants deny the remaining allegations in Paragraph 41.

42. The Windham Defendants are without sufficient knowledge or information as to the truth of the allegations in Paragraph 42, and Plaintiff is put to his proof.

43. The Windham Defendants are without sufficient knowledge or information as to the truth of the allegations in Paragraph 43, and Plaintiff is put to his proof.

44. The Windham Defendants are without sufficient knowledge or information as to the truth of the allegations in Paragraph 42, and Plaintiff is put to his proof; notwithstanding, the Defendants deny that the subject stalking order is unlawful, arbitrary, or vague.

45. Paragraph 45 does not contain a factual assertion that requires a response.

46. The allegations set forth in Paragraph are a statement of law for which no response is required. To the extent a response is required, the U.S. Constitution speaks for itself.

47. The allegations set forth in Paragraph 47 are a legal conclusion for which no response is required. To the extent a response is required, the Windham Defendants deny the allegations set forth in Paragraph 47. BY WAY OF FURTHER ANSWER, the New Hampshire Supreme Court in <u>Christina DePamphilis v. Paul Maravelias</u>, Case No. 2018-0483 (decided January 16, 2019) determined that Plaintiff's prior acts did not constitute protected speech, and, therefore, Judge Coughlin's orders did not violate the Plaintiff's First Amendment rights to free speech.

48. The allegations set forth in Paragraph 48 are a legal conclusion for which no response is required. To the extent that a response is required, the allegations set forth in Paragraph 48 are denied.

49. The Windham Defendants deny the allegations in the first sentence of Paragraph

49. BY WAY OF FURTHER ANSWER, Sgt. Smith stated during the February 8, 2019 meeting that Sgt. Smith was in the process of investigating a report that Plaintiff violated the stalking order and that Sgt. Smith had yet to determine whether he was going to seek to charge the Plaintiff for violating the stalking order.  With regard to the second sentence to Paragraph 49, the Windham Defendants are without knowledge or information as to the probative import of the Plaintiff's alleged exhibits.

50. The allegations set forth in Paragraph 50 are a legal conclusion for which no response is required.  To the extent a response is required, the Windham Defendants deny the allegations set forth in Paragraph 50.

51. The Windham Defendants are without knowledge or information as to the truth of the allegations set forth in Paragraph 51, and the Plaintiff is put to his proof.

52. The Windham Defendants are without knowledge or information as to the truth of the allegations set forth in Paragraph 52, and the Plaintiff is put to his proof.

53. The allegations in Paragraph 53 are a legal conclusion for which no response is required.

54. The Windham Defendants admit that on February 8, 2019, Sgt. Smith indicated that Plaintiff's submission of a social media post in Plaintiff's submittal to the New Hampshire Supreme Court demonstrated that Plaintiff was in possession of that social media post.  The Windham Defendants deny the remainder of the allegations in Paragraph 54.

55. The allegations in Paragraph 55 are a legal conclusion for which no response is required.  To the extent a response is required, the Windham Defendants deny the allegations in Paragraph 55 of the Complaint.

56. The allegations in Paragraph 56 are a legal conclusion for which no response is required. To the extent a response is required, the Windham Defendants deny the allegations in Paragraph 56 of the Complaint.

57. The Windham Defendants admit that Sgt. Smith represented that if Sgt. Smith's investigation revealed that the Plaintiff violated the stalking order in effect, Sgt. Smith would seek

an arrest warrant. The Windham Defendants deny the remainder of the allegations in Paragraph 57.

58. The Windham Defendants deny the allegations in the first sentence of Paragraph 58. The second sentence in Paragraph 58 is not a factual allegation that requires a response.

59. Paragraph 59 does not contain a factual allegation that requires a response.

60. Paragraph 60 does not contain a factual allegation that requires a response.

61. The allegations set forth in Paragraph 61 are a legal conclusion for which no response is required.

62. The Windham Defendants deny the allegations set forth in Paragraph 62, except that the Windham Defendants admit that Sgt. Smith represented that if Sgt. Smith's investigation revealed that the Plaintiff violated the stalking order in effect, Sgt. Smith would seek an arrest warrant against the Plaintiff.

63. The Windham Defendants deny the allegations in the first sentence of Paragraph 63. The second sentence in Paragraph 63 is not a factual allegation that requires a response.

64. Paragraph 64 does not contain a factual allegation that requires a response.

65. The allegations in Paragraph 65 are a statement of law for which no response is required. The Fourteenth Amendment of the United States Constitution speaks for itself.

66. The allegations set forth in Paragraph 66 are a legal conclusion for which no response is required. To the extent that a response is required, the Windham Defendants deny the allegations in Paragraph 66.

67. The allegations set forth in Paragraph 67 are a legal conclusion for which no response is required. To the extent that a response is required, the Windham Defendants deny the allegations in Paragraph 67.

68. The Windham Defendants deny the allegations in Paragraph 68, except that the Windham Defendants admit that Sgt. Smith met with the Plaintiff on February 8, 2019 and that the Plaintiff disputed that social media post that was the subject of that conversation was a "social media communication" under the terms of the stalking order.

9

69. The Windham Defendants deny the allegations in Paragraph 69. BY WAY OF FURTHER ANSWER, the Windham Defendants have communicated to Plaintiff that the Windham Defendants would not construe the possession of previously submitted court exhibits to be a violation of the "extended terms."

70. The allegations set forth in Paragraph 70 are a legal conclusion for which no response is required. To the extent that a response is required, the Windham Defendants deny the allegations in Paragraph 70.

71. The Windham Defendants deny the allegations in Paragraph 71. BY WAY OF FURTHER ANSWER, the Plaintiff's interpretation ignores the required mental state – purposely, knowingly, or recklessly – necessary to establish a violation of RSA 633:3-a, I(c).

72. The allegations set forth in Paragraph 72 are a legal conclusion for which no response is required. To the extent that a response is required, the Windham Defendants deny the allegations set forth in Paragraph 72.

73. The allegations set forth in Paragraph 73 are a legal conclusion for which no response is required. To the extent that a response is required, the Windham Defendants deny the allegations set forth in Paragraph 73.

74. The allegations set forth in Paragraph 74 do not appear to contain a factual allegation for which a response is required. To the extent that a response is required, the Windham Defendants are unable to ascertain the meaning of the allegations to Paragraph 74 and, therefore, cannot answer as to the truth or accuracy of same.

75. The allegations set forth in Paragraph 75 are a legal conclusion for which no response is required. To the extent that a response is required, the Windham Defendants deny the allegations set forth in Paragraph 75.

76. The allegations set forth in the first sentence of Paragraph 76 are a legal conclusion for which no response is required; to the extent that a response is required, the Windham Defendants deny the allegations set forth in the first sentence of Paragraph 76. With regard to the remaining allegations set forth in Paragraph 76, RSA 633:3-a speaks for itself.

77. The allegations set forth in Paragraph 77 are a legal conclusion for which no response is required. To the extent a response is required the Windham Defendants deny the allegations set forth in Paragraph 77.

78. The allegations set forth in Paragraph 78 are a legal conclusion for which no response is required. To the extent a response is required, the Windham Defendants admit that the relief granted through a stalking order or domestic violence protective order cannot violate the rights conferred by the State or U.S. Constitution; however, the Windham Defendants deny that the relief granted by Judge Coughlin in the stalking orders in this case violate the Plaintiff's State or Federal constitutional rights.

79. The allegations set forth in Paragraph 79 are a legal conclusion for which no response is required. To the extent a response is required, the Windham Defendants agree that the powers and authority of a judge of the Circuit Court is limited to those powers conferred by statute. With regard to the remainder of the allegations, the provisions of RSA 502-A:14 and RSA 498:1 speak for themselves. To the extent such a response is required, the remainder of the allegations set forth in Paragraph 79 is denied.

80. The Windham Defendants deny the allegations set forth in Paragraph 80.

81. The allegations set forth in Paragraph 81 are a legal conclusion for which no response is required. To the extent a response is required, the Windham Defendants deny the allegations in Paragraph 81.

82. The Windham Defendants deny the allegations set forth in Paragraph 82. BY WAY OF FURTHER ANSWER, the Windham Defendants did not participate in the underlying legal proceedings associated with the stalking order and are involved in this matter solely due to the Windham Defendants' duty under RSA 633:3-a with regard to the investigation and enforcement of violations of stalking orders.

83. The Windham Defendants deny the allegations set forth in Paragraph 83. BY WAY OF FURTHER ANSWER, the Windham Defendants will enforce the "extended terms" upon determination that probable cause exists that a violation of the "extended terms" occurred,

as required by RSA 633:3-a; the Windham Defendants have not determined whether a violation of the "extended terms" has occurred as of the submission of this Answer.

84. The Windham Defendants deny the allegations in the first sentence of Paragraph 84. The remainder of the statements in Paragraph 84 is not a factual allegation for which a response is required.

85. The statement in Paragraph 85 is not a factual statement for which a response is required.

86. Paragraph 86 is a statement of law for which a response is not required. BY WAY OF FURTHER ANSWER, the Fourteenth Amendment speaks for itself.

87. Paragraph 87 is not a factual statement for which a response is required.

88. The Windham Defendants deny that the "extended terms" were "without any legal authority." The Windham Defendants are without sufficient knowledge or information as to the remainder of the allegations in Paragraph 88; Plaintiff, therefore, is put to his proof.

89. The Windham Defendants are without sufficient knowledge or information as to the truth of the allegations in Paragraph 89; Plaintiff therefore, is put to his proof. The Windham Defendants are without sufficient knowledge or information as to whether individuals subject to other stalking petitions are subject to similar prohibitions as the Plaintiff.

90. The Windham Defendants are without sufficient knowledge or information as to truth of the allegations in Paragraph 90; Plaintiff, therefore, is put to his proof.

91. The allegations set forth in Paragraph 91 are a legal conclusion for which no response is required. To the extent a response is required, the Windham Defendants deny the allegations set forth in Paragraph 91.

92. The Windham Defendants deny the allegations set forth in Paragraph 92. BY WAY OF FURTHER ANSWER, the Windham Defendants will enforce the "extended terms" upon determination that probable cause exists that a violation of the "extended terms" occurred, as required by RSA 633:3-a; the Windham Defendants have not determined whether a violation of the "extended terms" has occurred as of the submission of this Answer.

93. The Windham Defendants deny the allegations in the first sentence of Paragraph 93. The remainder of the statements in Paragraph 93 is not a factual allegation for which a response is required.

94. The statement in Paragraph 94 is not a factual statement for which a response is required.

95. The allegations set forth in Paragraph 95 are a legal conclusion for which no response is required.

96. The allegations set forth in Paragraph 96 are a legal conclusion for which no response is required.

97. The Windham Defendants deny the allegations set forth in Paragraph 97. BY WAY OF FURTHER ANSWER, the Windham Defendants will enforce the "extended terms" upon determination that probable cause exists that a violation of the "extended terms" occurred, as required by RSA 633:3-a; the Windham Defendants have not determined whether a violation of the "extended terms" has occurred as of the submission of this Answer.

98. The Windham Defendants deny the allegations in the first sentence of Paragraph 98. The remainder of the statements in Paragraph 98 is not a factual allegation for which a response is required.

99. The statement in Paragraph 99 is not a factual statement for which a response is required.

100. The Windham Defendants admit the allegations in the first sentence of Paragraph 100 to the extent that it states that the "extended terms" were the result of an extension of a pre-existing stalking order issued pursuant to RSA 633:3-a. The Windham Defendants deny the remainder of the allegations set forth in the first sentence of Paragraph 100. The remainder of Paragraph 100 is a recitation of a provision of RSA 633:3-a, which speaks for itself.

101. The allegations in the first and second sentence of Paragraph 101 are a legal conclusion for which no response is required; the extent a response is required, the Windham Defendants deny the allegations set forth in the first sentence of Paragraph 101. The Windham

Defendants admit that Plaintiff is not presently subject to prosecution by the Windham Police Department involving RSA 633:3-A, III-c; the Windham Defendants are without knowledge or information as to the remainder of the third sentence to Paragraph 101. The fourth sentence of Paragraph 101 is a legal conclusion for which no response is required.

102. The allegations set forth in the first sentence of Paragraph 102 are a statement of law for which no response is required. The Windham Defendants are without knowledge or information as to the truth or accuracy of the second sentence of Paragraph 102; the allegation does not identify the edition of the Oxford English Dictionary that was consulted, nor do the Windham Defendants admit that the Oxford English Dictionary would be consulted with regard to matters of statutory interpretation of RSA 633:3-a; Plaintiff, therefore, is put to his proof. The allegations set forth in the third sentence of Paragraph 102 are a legal conclusion for which no response is required.

103. The allegations set forth in Paragraph 103 are a legal conclusion for which a response is not required. To the extent that a response is required, RSA 633:3-a speaks for itself as to the relief that a court may grant.

104. The allegations set forth in Paragraph 104 are a legal conclusion for which a response is not required. To the extent that a response is required, the Windham Defendants deny the allegations set forth in Paragraph 104.

105. The allegations set forth in Paragraph 105 are a legal conclusion for which a response is not required. To the extent that a response is required, the Windham Defendants deny the allegations set forth in Paragraph 105.

106. The allegations set forth in Paragraph 106 are a legal conclusion for which a response is not required. To the extent that a response is required, the Windham Defendants deny the allegations set forth in Paragraph 106.

107. The allegations set forth in Paragraph 107 are a legal conclusion for which a response is not required. To the extent that a response is required, the Windham Defendants deny the allegations set forth in Paragraph 107.

108. The allegations set forth in Paragraph 108 are a legal conclusion for which a response is not required. To the extent that a response is required, the Windham Defendants deny the allegations set forth in Paragraph 108.

109. The Windham Defendants deny the allegations set forth in Paragraph 109. BY WAY OF FURTHER ANSWER, the Windham Defendants will enforce the "extended terms" upon determination that probable cause exists that a violation of the "extended terms" occurred, as required by RSA 633:3-a; the Windham Defendants have not determined whether a violation of the "extended terms" has occurred as of the submission of this Answer.

110. The statements set forth in Paragraph 110 are not a factual allegation for which a response is required.

111. The allegation set forth in Paragraph 111 is a statement of law for which a response is not required. To the extent that a response is required, the U.S. Supreme Court's decision in Hill v. Colorado, 530 U.S. 703 (2000) speaks for itself.

112. The allegations set forth in Paragraph 112 are a legal conclusion for which no response is required. To the extent that a response is required, the Windham Defendants deny the allegations set forth in Paragraph 112.

113. The allegations set forth in Paragraph 113 are a legal conclusion for which no response is required. To the extent that a response is required, the Windham Defendants deny the allegations set forth in Paragraph 113.

114. The allegations set forth in Paragraph 114 are a hypothetical to which the Windham Defendants cannot respond: how a hypothetical judge may rule under an unidentified set of circumstances compared to another hypothetical judge is impossible to say.

115. The allegations set forth in Paragraph 115 are a legal conclusion for which no response is required. To the extent that a response is required, the Windham Defendants deny the allegations in Paragraph 115.

116. The Windham Defendants are without knowledge or information as to the truth of the allegations set forth in Paragraph 116; Plaintiff, therefore, is put to his proof. BY WAY OF

FURTHER ANSWER, the Windham Defendants do not have knowledge as to how RSA 633:3-a compares with analogous statutes of all other jurisdictions in the United States. With regard to the recitation of analogous statutes from Maine and Massachusetts, those statutes speak for themselves. The Windham Defendants deny that RSA 633:3-a is constitutionally defective.

117. The allegations in Paragraph 119 are a legal conclusion for which no response is required. To the extent that a response is required, the Windham Defendants deny the allegations in Paragraph 117.

118. The Windham Defendants deny the allegations set forth in Paragraph 118. BY WAY OF FURTHER ANSWER, the Windham Defendants will enforce the "extended terms" upon determination that probable cause exists that a violation of the "extended terms" occurred, as required by RSA 633:3-a; the Windham Defendants have not determined whether a violation of the "extended terms" has occurred as of the submission of this Answer.

## II. WINDHAM DEFENDANTS' BRIEF STATEMENT OF DEFENSES

A. The Plaintiff has failed to a state a claim upon which relief can be granted;

B. The Plaintiff is unable to meet the legal requirements for the entry of declaratory and injunctive relief;

C. The Plaintiff lacks standing to bring this action against the Windham Defendants;

D. The relief sought by the Plaintiff is barred by the doctrine of Res Judicata;

E. Issues of fact and issues of law asserted by the Plaintiff are subject to the doctrine of collateral estoppel;

F. The relief sought by the Plaintiff is barred under the Younger Abstention Doctrine;

G. The relief sought by the Plaintiff is barred under the Pullman Abstention Doctrine;

H. The relief sought by the Plaintiff is barred under the Rooker-Feldman Abstention Doctrine;

I. The Windham Defendants have not violated any State or Federal Constitutional Rights of the Plaintiff;

J. The Plaintiff has failed to exhaust available state-court remedies;

K. The Windham Defendants are immune from liability under the Doctrine of Qualified Immunity;

L. To the extent that the relief sought is premised on the Doctrine of Respondeat Superior, such claims are barred because the doctrine of Respondent Superior is not a basis for recovery under 42 U.S.C. § 1983 and Plaintiff has failed to allege liability sufficient to hold the Town of Windham or the Windham Police Department liable under 42 U.S.C. § 1983.

The Windham Defendants reserve the right to supplement, modify, or otherwise amend the defenses set forth herein.

WHEREFORE, the Windham Defendants respectfully request that this Honorable Court:

A. Dismiss the Plaintiff's claims;

B. Find that Windham Defendants have not violated Plaintiff's State or Federal Constitutional Rights;

C. Deny the Plaintiff's requests for temporary, preliminary, and/or permanent injunctive relief;

D. Deny the Plaintiff's requests for declaratory relief;

E. Award the Windham Defendants their reasonable costs and attorney's fees associated with defending this matter; and

F. Grant such further relief as is just and equitable.

Dated this 16th Day of April, 2019.

                                      Respectfully submitted,

                                      TOWN OF WINDHAM, WINDHAM POLICE
DEPARTMENT AND GERALD LEWIS
By and through their attorneys,

                                      DONAHUE, TUCKER & CIANDELLA, PLLC

                                      By:   /S/ Eric A. Maher
                                                Eric A. Maher, Esq.
                                                NH Bar #21185
                                                16 Acadia Lane, P.O. Box 630
                                                Exeter, NH 03833
                                                (603) 778-0686
                                                emaher@dtclawyers.com

                                          CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has this date been transmitted electronically through the ECF filing system to Plaintiff Paul Maravelias.

                                                /S/ Eric A. Maher
                                                Eric A. Maher