UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*************************************
Paul Maravelias,      *
     *
       Plaintiff,      *
v.      *    Civil No. 1:19-cv-00143-SM
     *
John J. Coughlin, et al.,      *
     *
       Defendants.      *
     *
*************************************

## DEFENDANT GORDON J. MACDONALD'S
## MOTION TO DISMISS

    Gordon J. MacDonald, in his official capacity as New Hampshire Attorney General ("Attorney General"), by and through his counsel, the New Hampshire Office of the Attorney General, respectfully moves to dismiss the claims against him under Federal Rule of Civil Procedure 12(b)(1). In support of this motion, the Attorney General states as follows:

## INTRODUCTION

    1.    Dissatisfied with the outcome of proceedings in state court, Paul Maravelias filed this federal action seeking a different result. Through his complaint, Maravelias asks this court to declare a modification to a final stalking order entered against him by a New Hampshire Circuit Court judge unconstitutional, and to enjoin the Attorney General, among others, from enforcing the terms of that modification and the underlying stalking order. Maravelias also asks this court to declare N.H. Rev. Stat. Ann. § ("RSA") 633:3-a, III-c, the statute governing, *inter alia*, the procedure for extending stalking orders, facially overbroad in violation of the First Amendment to the United States Constitution and void for vagueness under Fourteenth Amendment to the United States Constitution.

2. Because the relief Maravelias seeks in this action "can only be predicated upon a conviction that the state court was wrong," *Tyler v. Supreme Judicial Court of Mass*, 914 F.3d 47, 50 (1st Cir. 2019) (citation omitted), his claims are barred by the *Rooker-Feldman* doctrine.[1] This court accordingly lacks subject-matter jurisdiction to hear those claims.

## STANDARD OF REVIEW

3. When ruling on a motion to dismiss for lack of jurisdiction, "[t]he pleading standard . . . is the same as applies under Rule 12(b)(6)—that is, the plaintiff must state a claim for relief that is plausible on its face." *Gordo-Gonzalez v. United States*, 873 F.3d 32, 35 (1st Cir. 2017) (citations, brackets, and internal quotation marks omitted). "Well-pleaded facts must be non-conclusory and non-speculative." *Barchock v. CVS Health Corp.*, 886 F.3d 43, 48 (1st Cir. 2018) (citation and internal quotation marks omitted). Dismissal is appropriate when "the facts [alleged] in the plaintiff's complaint, taken at face value, fail to bring the case within the court's subject-matter jurisdiction." *Gordo-Gonzalez*, 873 F.3d at 48 (citation omitted). A court may consider "whatever evidence has been submitted" when ruling on a motion to dismiss under Rule 12(b)(1). *Carroll v. United States*, 661 F.3d 87, 94 (1st Cir. 2011) (citation and internal quotation marks omitted).

4. For the reasons set forth below, Maravelias's claims against the Attorney General must be dismissed in their entirety.

## FACTUAL BACKGROUND

5. As of January 2018, Maravelias was subject to a civil stalking order issued in the New Hampshire Circuit Court prohibiting him from contacting a woman named Christina DePamphilis. ECF Doc. #1 at 5, ¶ 15. On January 5, 2018, DePamphilis moved under

---

[1] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

RSA 633:3-a, III-c to extend that order for another year.  *Id.*  Circuit Court Judge John J. Coughlin held a three-day hearing on DePamphilis's motion in May and June 2018.  *Id.* at 6, ¶ 19.  At the hearing, Maravelias submitted into evidence screenshots of social media posts from accounts he alleged belonged to DePamphilis.  *Id.* at 5–6, ¶¶ 17, 18, 20.  On June 15, 2018, Judge Coughlin granted DePamphilis's motion and extended the stalking order until February 5, 2019.  *Id.* at 6, ¶ 21.

6. On July 2, 2018, DePamphilis moved to modify the stalking order to include the following condition: "Respondent shall not gain access to or possess any of Petitioner's social media communications either directly or through a third party."  ECF Doc. #1, at 30, ¶ 6.a.; *see also id.* at 6, ¶¶ 22, 23.  Maravelias objected three days later, arguing, among other things, that the requested modification violated his free speech rights under the State and Federal Constitutions, that it was unconstitutionally vague and overbroad, and that it denied him due process.  *Id.* at 6–8, 9, ¶¶ 19–30, 39.  In reply, DePamphilis noted that that she would assent to limiting the requested modification to knowing access or possession of her social media communications.  *Id.* at 47, ¶ 6.  Maravelias filed a surreply, arguing that the requested modification was "outrageously illegal, unconstitutional, unwarranted, and draconian."  *Id.* at 7, ¶ 28.  On August 7, 2018, Judge Coughlin granted the requested modification in its original form.  *Id.* at 7, ¶ 29.

7. Maravelias appealed the extended stalking order and the social media modification to the New Hampshire Supreme Court.  *See* Ex. A at 1.  As part of that appeal, Maravelias challenged the constitutionality of RSA 633:3-a, III-c under the Federal and State Constitutions, both on its face and as applied to him.  *Id.* at 1, 8–11.  On January 16, 2019, the

New Hampshire Supreme Court affirmed the extension of the stalking order and its modified terms. *See id.* at 1.

8. Maravelias alleges that the stalking order was again extended on January 24, 2019, and that he remains subject to the terms of both that order and the social media modification. *See* ECF Doc. #1 at 8, ¶ 32. He alleges that on February 8, 2019, he was interviewed by Sergeant Bryan Smith of the Windham Police Department about the social media posts he attached as exhibits to his New Hampshire Supreme Court brief. *Id.* at 8–9, ¶¶ 34–36. Maravelias alleges that Sergeant Smith produced a copy of those exhibits and indicated that he would likely arrest Maravelias for violating the social media modification to the stalking order if his investigation determined the social media posts in question were not part of an earlier court proceeding. *Id.* at 9, ¶ 36. Maravelias alleges, among other things, that the social media modification and his interaction with Sergeant Smith have chilled his protected speech, forced him to destroy his own property, and caused him "extreme emotional distress and trauma." *Id.* at 9–10, ¶¶ 40, 42, 43, 44.

9. Maravelias filed this action on February 11, 2019. He names as defendants Judge Coughlin in both his individual and official capacities, the Attorney General in his official capacity, the Rockingham County Attorney in her official capacity, the Town of Windham, and the Chief of the Windham Police Department in his official capacity. *Id.* at 3–4, ¶¶ 9–14. He alleges that the social media modification violates the First Amendment to the United States Constitution (Count 1); violates Part I, Article 22 of the New Hampshire Constitution (Count 2); violates his substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution (Counts 3 through 5); violates the Fourteenth Amendment's Equal Protection Clause (Count 6); and violates the Federal Constitution's prohibition of *ex post facto*

laws (Count 7). He also alleges that RSA 633:3-a, III-c is facially overbroad in violation of the First Amendment (Count 8) and is facially void for vagueness as prohibited by the Fourteenth Amendment (Count 9). He accordingly asks the court to declare both the social media modification and RSA 633:3-a, III-c unconstitutional and to preliminarily and permanently enjoin the defendants from enforcing either against him.[2] These requests for relief are sought for only one reason: to prohibit the social media modification and the underlying stalking order from being enforced against him. *See id.* at 26, Prayer for Relief (I–IX).

**ARGUMENT**

10. Maravelias's claims are barred by the *Rooker-Feldman* doctrine. Under that doctrine, "'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" *Tyler*, 914 F.3d at 50 (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). *Rooker-Feldman* applies "where the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Id.* (citations and internal quotation marks omitted). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.* (same omissions).

11. While "it is true that the *Rooker-Feldman* doctrine does not bar a general attack on the constitutionality of a state law that does not require review of a judicial decision in a particular case," "that exception does not apply if the relief sought in federal court is directed

---

[2] Maravelias also requested, both in his complaint and through a separate motion, *see* ECF Doc. #2, that the court issue a temporary restraining order "prohibiting Defendants and their officials, employees, and agents from implementing or enforcing the [social media modification]," *see* ECF Doc. #1 at 26, Prayer for Relief. The court denied that request on February 11, 2019. ECF Doc. #4.

- 5 -

toward undoing the prior state judgment." *Id.* at 51 (same omissions). "Moreover, the *Rooker-Feldman* jurisdictional bar is not contingent upon an identity between the issues actually litigated in the prior state-court proceeding and the issues proffered in the subsequent federal suit." *Id.* (same omissions). "Instead, the critical datum is whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment." *Id.* (same omissions).

12. Maravelias's claims in this case are wholly designed as an end-run around the social media modification and the underlying stalking order. His claims directly challenging the social media modification are on their face an attempt to undo that modification. This is plain from the relief Maravelias seeks: a declaration that the social media modification is unconstitutional and an injunction barring its enforcement. To grant that relief, this court would necessarily have to reject the judgment of the New Hampshire Circuit Court in imposing the social media modification and of the New Hampshire Supreme Court in upholding it. That Maravelias previously raised in state court many of the same arguments he now advances in his complaint only further illustrates this point.[3] *Rooker-Feldman* therefore bars this court from hearing Maravelias's claims challenging the social media modification.

13. The same is true of Maravelias's claims challenging the constitutionality of RSA 633:3-a, III-c. While at first blush those claims might appear to be general attacks on the constitutionality of that statute, they are in fact merely another attempt to undo the social media modification and the underlying stalking order, as the complaint's prayers for relief reveal. Maravelias unsuccessfully raised the same constitutional challenges in both the New Hampshire

---

[3] Maravelias is not saved by the fact he now raises additional arguments with respect to the social media modification, both because he could have raised those arguments in the state-court proceedings and, more fundamentally, because the issues actually litigated in state court and the issues subsequently raised in federal court need not be identical for *Rooker-Feldman* to apply. *See Tyler*, 914 F.3d at 51.

Circuit Court and the New Hampshire Supreme Court in an attempt to evade or overturn both the stalking order and the social media modification. The sole purpose in re-raising those challenges now is to prohibit the stalking order and social media modification from being enforced against him. He therefore asks this court to, in essence, reject the state courts' conclusions with respect to RSA 644-a, III-c, reverse the New Hampshire Supreme Court's decision to uphold both the stalking order and the social media modification, and enjoin the defendants from enforcing that order and modification against him. But "the only federal court with statutory jurisdiction to review a state court's decision is the [United States] Supreme Court, and 'an aggrieved litigant cannot be permitted to do indirectly what he can no longer do directly.'" *Id.* at 50 (quoting *Rooker*, 263 U.S. at 416). Maravelias's constitutional challenges to RSA 644-a, III-c therefore likewise fall within *Rooker-Feldman*'s jurisdictional bar, since they seek only to bar enforcement of an order and modification duly issued in state court.

## CONCLUSION

14. To grant Maravelias the relief he seeks in this case would require this court to review and reject the judgments of the New Hampshire Circuit Court and the New Hampshire Supreme Court. *Rooker-Feldman* prohibits such review. Accordingly, this court should dismiss Maravelias's claims, as brought against the Attorney General, for lack of subject-matter jurisdiction.

15. No separate memorandum of law is required in support of this motion as all of the relevant legal authority relied upon is cited herein. LR 7.1(a)(2).

WHEREFORE, Gordon J. MacDonald respectfully requests that this Honorable Court:

A. Grant this motion to dismiss;

B. Dismiss all claims against him; and

C. Grant such further relief as this court deems just and proper.

Respectfully submitted,

GORDON J. MACDONALD,

By his attorneys

Date: April 17, 2019
/s/ Samuel R. V. Garland
Samuel R.V. Garland, Bar #266273
Attorney
Anthony J. Galdieri, Bar # 18594
Senior Assistant Attorney General
New Hampshire Dept. of Justice
33 Capitol Street
Concord, NH 03301
(603) 271-3650
anthony.galdieri@doj.nh.gov
samuel.garland@doj.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was mailed this day, postage prepaid, to Paul Maravelias, 34 Mockingbird Hill Rd., Windham, NH 03087.

Date: April 17, 2019

/s/ Samuel R. V. Garland
Samuel R.V. Garland