UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Paul Maravelias, | \* |
| | \* |
| Plaintiff, | \* |
| v. | \*   Civil No. 1:19-cv-00143-SM |
| | \* |
| John J. Coughlin, et al., | \* |
| | \* |
| Defendants. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT JOHN J. COUGHLIN'S
## MOTION TO DISMISS

Hon. John J. Coughlin respectfully moves to dismiss the claims against him pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support thereof, Judge Coughlin states as follows:

1.  Co-defendant Gordon J. MacDonald, in his official capacity as New Hampshire Attorney General, has filed a Rule 12(b)(1) motion to dismiss plaintiff Paul Maravelias's claims for lack of subject-matter jurisdiction on the basis that the *Rooker-Feldman* doctrine bars those claims. Because Maravelias brings the same claims against Judge Coughlin, and because the *Rooker-Feldman* likewise applies for the reasons stated in the Attorney General's motion, Judge Coughlin joins that motion and incorporates it herein by reference. Judge Coughlin therefore respectfully requests that the court dismiss Maravelias's claims for lack of subject-matter jurisdiction for the reasons stated in the Attorney General's motion.

2.  As discussed below, however, Maravelias's claims against Judge Coughlin are also barred by the doctrine of judicial immunity. This serves as an independent basis to dismiss those claims.

1

## I.     Standard of Review

3.     When ruling on a motion to dismiss under Rule 12(b)(6), the court must "take the complaint's well-pleaded facts as true" and "draw all reasonable inferences in the plaintiff['s] favor." *Barchock v. CVS Health Corp.*, 886 F.3d 43, 48 (1st Cir. 2018) (citation and internal quotation marks omitted). "Well pleaded facts must be non-conclusory and non-speculative." *Id.* (same omissions). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (same omissions). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Id.* (same omissions).

## II.    Background

4.     The Attorney General lays out the relevant factual background in his motion to dismiss. Judge Coughlin adopts that background and incorporates it herein by reference.

5.     In short, Maravelias seeks to overturn two rulings that Judge Coughlin made in his capacity as a New Hampshire Circuit Court judge: a June 15, 2018 order extending by a year a civil stalking order prohibiting Maravelias from contacting a woman named Christina DePamphilis, to which Maravelias was already subject, ECF Doc. #1 at 6, ¶ 21; and an August 7, 2018 order granting DePamphilis's motion to modify the stalking order to prohibit Maravelias from "gain[ing] access to or possess[ing] any of [DePamphilis's] social media communications either directly or through a third party," *id.* at 6, 7, ¶¶ 22, 23, 29.

6.     Maravelias asks the court: to declare the August 7, 2018 modification unconstitutional; to declare N.H. Rev. Stat. Ann. § 633:3-a, III-c, the statute governing the

2

procedure for extending stalking orders, unconstitutional; and to preliminarily and permanently enjoin the defendants from enforcing either the modification or the statute against him.

### III. Judicial Immunity Bars Maravelias's Claims Against Judge Coughlin.

1. "The doctrine of judicial immunity protects judges from 'civil liability for any normal and routine judicial act.'" *Di Giambattisa v. McGovern*, 974 F.2d 1329 (Table), 1992 WL 214444, at *1 (1st Cir. Sept. 4, 1992) (quoting *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citations and internal quotation marks omitted).

2. The United States Supreme Court has illustrated the distinction between a judge acting in excess of jurisdiction and a judge acting in clear absence of jurisdiction as follows:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Id.* at 357 n.7 (citation omitted).

3. Maravelias's claims against Judge Coughlin arise from rulings Judge Coughlin made as a New Hampshire Circuit Court judge related to a civil stalking petition. RSA 633:3-a vests the New Hampshire Circuit Court with jurisdiction to hear civil stalking petitions, grant civil stalking orders, extend such orders, and "grant such relief as may be necessary to provide for the safety and well-being of the plaintiff." *See* RSA 633:3-a, III-a, III-c. While Maravelias alleges that Judge Coughlin exceeded his authority by granting the extension and modification at issue in this case, these allegations, to the extent they are not conclusory, at most support an inference that

Judge Coughlin acted in excess of his jurisdiction, not that he acted in clear absence of jurisdiction. Judge Coughlin is therefore entitled to absolute judicial immunity on Maravelias's claims.

4. Additionally, 42 U.S.C. § 1983 states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Maravelias does not allege in his complaint that Judge Coughlin violated a declaratory decree or that declaratory relief was otherwise unavailable. Thus, to the extent Maravelias seeks injunctive relief against Judge Coughlin under § 1983, his claims must likewise be dismissed.

## IV. Conclusion

5. This court lacks jurisdiction over Maravelias's claims for the reasons stated in the Attorney General's motion to dismiss, which Judge Coughlin joins and incorporates herein by reference. Additionally, Judge Coughlin is entitled to absolute judicial immunity on Maravelias's claims for the reasons stated above. This court should accordingly dismiss Maravelias's claims against Judge Coughlin.

6. No separate memorandum of law is required in support of this motion as all of the relevant legal authority relied upon is cited herein. LR 7.1(a)(2).

WHEREFORE, Hon. John J. Coughlin respectfully requests that this Honorable Court issue an order:

A. Dismissing all of the claims against him; and

B. Granting any such further relief as the court may deem just and equitable.

Respectfully submitted,
**HON. JOHN J. COUGHLIN**

By his attorney,

GORDON J. MACDONALD<br>ATTORNEY GENERAL

Date: April 17, 2019                    /s/ Nancy J. Smith
                                        Nancy J. Smith, NH Bar ID # 9085
                                        Senior Assistant Attorney General
                                        New Hampshire Attorney General's Office
                                        33 Capitol Street
                                        Concord, NH 03301
                                        Phone: (603) 271-3650
                                        nancy.smith@doj.nh.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was mailed this day, postage prepaid, to Paul Maravelias, 34 Mockingbird Hill Rd., Windham, NH 03087.

Date: April 17, 2019                    /s/ Nancy Smith
                                        Nancy Smith