**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

_____
                                            )
Paul Maravelias,                            )
                                            )
          Plaintiff,                )
                                            )
        v.                       )          Civil No. 1:19-cv-00143-SM
                                            )
John J. Coughlin                )
Gordon J. MacDonald,         )
Patricia G. Conway,            )
Town of Windham, ex. rel      )
Windham Police Department, &  )
Gerald S. Lewis                 )
                                            )
          Defendants.            )
_____)

## TOWN OF WINDHAM, WINDHAM POLICE DEPARTMENT, AND GERALD S. LEWIS' MOTION TO DISMISS

      NOW COME the Town of Windham, New Hampshire, the Windham Police Department, and Gerald S. Lewis ("the Windham Defendants"), by and through their attorneys, Donahue, Tucker & Ciandella, PLLC, and hereby move this Honorable Court to dismiss the claims against them by Paul Maravelias ("the Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(1). In support of this motion, the Windham Defendants state as follows:

### INTRODUCTION

      1.      Co-defendant Gordon J. MacDonald filed a Rule 12(b)(1) motion to dismiss Plaintiff's claims for lack of subject matter jurisdiction under the Rooker-Feldman Doctrine. The Windham Defendants join in the Mr. MacDonald's motion and incorporate the arguments set forth in Mr. MacDonald's motion herein by reference.  Plaintiff brings the same claims against the

Windham Defendants, and, therefore, the arguments made asserting the Rooker-Feldman Doctrine equally apply to the claims against the Windham Defendants for the same reasons stated in the Attorney General's motion. The Windham Defendants therefore respectfully request that the Court dismiss Plaintiff's claims for lack of subject matter jurisdiction under the Rooker-Feldman Doctrine.

2. The Windham Defendants further move this Court to dismiss the Plaintiff's complaint as it relates to the Windham Defendants because the Plaintiff lacks standing to assert his alleged claims against the Windham Defendants, as further discussed below. The Plaintiff's lack of standing serves as an independent basis to dismiss Plaintiff's claims against the Windham Defendants.

## STANDARD OF REVIEW

3. "The standard for granting a motion to dismiss for failure to state a claim is well established." Rubin v. Smith, 817 F. Supp. 987, 993 (1st Cir. 1993). "The court must accept well-pled factual averments as true, and draw all reasonable inferences in favor of the nonmoving party." Id. (quotation omitted). "However, the court need not rely on bald assertions, unsupportable conclusions, and opprobrious epithets." Id. "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitled him to relief." Id. (quotation omitted).

4. "To survive a motion to dismiss for failure to state a claim, a complaint need not present detailed factual allegations, but it must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 638 (1st Cir. 2013) (quotations and citations omitted). "An unadorned, the-defendant-unlawfully-harmed-me accusation will not do." Id. (emphasis added).

## FACTUAL BACKGROUND

5. The Attorney General's motion to dismiss provides the relevant factual background. The Windham Defendants hereby adopt and incorporate by reference the brief recitation of the facts as it appears in the Attorney General's motion.

6. In brief, Plaintiff is subject to a civil stalking order ("Protective Order") that prohibits him from contacting a woman named Christina DePamphilis. As part of an extension of that Protective Order, the New Hampshire Circuit Court – Derry District Division adopted what the Plaintiff calls "the extended terms," which includes a prohibition against the Plaintiff "gain[ing] access to or possess[ing] any of [DePamphilis's] social media communications either directly or through a third party." ECF Doc. #1 at 6, ¶ 21.

7. Plaintiff alleges that Sergeant Bryan Smith of the Windham Police Department interviewed Plaintiff on February 8, 2019, in relation to a potential violation of the Protective Order after Plaintiff used screen shots of Christina DePamphilis' social media accounts as exhibits in an appeal to the New Hampshire Supreme Court. See ECF Doc. #10 at ¶ 7; ECF Doc #1 at 9, ¶¶ 36-39.

8. Plaintiff alleges that Sergeant Smith stated he would arrest Plaintiff if his investigation showed a violation of the Protective Order against him. ECF Doc #1 at 9, ¶ 38- 39.

9. The Plaintiff's Complaint makes no allegation that the Windham Defendants have arrested the Plaintiff, charged the Plaintiff, or have taken any action against the Plaintiff regarding the so-called "extended terms" other than investigated the Plaintiff's possible violation of those extended terms.

10. Other than the potential enforcement of the Protective Order, the Plaintiff makes no allegation that the Windham Defendants were involved in or took part in the establishment of the Protective Order or the terms set forth therein.

11. Notwithstanding, Plaintiff alleges that the February 8, 2019 conversation with Sergeant Smith: (a) caused him to fear criminal prosecution, (b) caused him to destroy personal property, and (c) chilled his public speech. EFC Doc #1 at 9-10, ¶¶ 40- 44.

## DISCUSSION

12. The Court should dismiss Plaintiff's claims because the Court does not have subject matter jurisdiction to adjudicate the claims against the Windham Defendants due to the Plaintiff's lack of standing with regard to the Windham Defendants.

13. Plaintiff does not have standing to bring the claims because his purported injury, concerning future criminal prosecutions and future interference with the Plaintiff's rights, is "not sufficiently real and immediate to show an existing controversy." O'Shea v. Littleton, 414 U.S. 488, 496-97 (1974).

14. To bring suit in federal court, a plaintiff must "demonstrate a personal stake in the outcome in order to assure that concrete adversenesss which sharpens the presentation of the issues necessary for the proper resolution of constitutional questions." Lyons v. L.A., 461 U.S. 95, 101 (1982). "The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. at 101-02.

15. Where a plaintiff's injury involves future harm, "[i]t is not enough for a plaintiff to assert that []he 'could be' subjected in the future to the effects of an unlawful policy or illegal

conduct by a defendant - the prospect of harm must have an 'immediacy and reality." Steir v. Girl Scouts of the USA, 383 F.3d 7, 16 (1st Cir. 2004).

16. Plaintiff alleges that he fears criminal prosecution, that such fear has caused him to destroy his property (presumably the screenshots of social media posts under investigation), that the terms of the Protective Order prevent him from defending his reputation, and that the terms of the Protective Order have caused emotional distress. EFC Doc #1 at 9-10, ¶¶ 40- 44.

17. The Windham Defendants have had no involvement in the litigation surrounding the creation or validity of the Protective Order, including its extension or terms, up to this point, nor has the Plaintiff alleged that the Windham Defendants had such an involvement. See generally, EFC Doc. #1. The Windham Defendants have merely conducted an investigation of a potential violation of a Protective Order as permitted under New Hampshire RSA 633:3-a and have merely stated that, if there is a violation, the Windham Defendants may enforce that violation. EFC Doc. #1 at 9, ¶¶ 36-39.

18. Plaintiff alleges that his purported fear of prosecution stems from his February 8, 2019, interview with Sergeant Smith in which Sergeant Smith told Plaintiff he would likely arrest Plaintiff if he violated the terms of the Protective Order. ECF Doc #1 at 8-9, ¶¶ 34-36, 38-39. Notwithstanding that the Windham Defendants have challenged this allegation, even if taken as true, said allegation is insufficient to establish standing to assert a claim as it relates to the Windham Defendants.

19. Plaintiff's speculative concerns associated with being arrested in the future are not "real and immediate" and do not sufficiently allege that Plaintiff is "immediately in danger of

sustaining some direct injury."[1] Lyons, 461 U.S. at 101-02. Plaintiff repeatedly alleges that Sergeant Smith stated that any future arrest is contingent upon the results of the investigation and a determination as to whether Plaintiff violated the Protective Order, thereby confirming the speculative and conjectural nature of Plaintiff's alleged injury. ECF Doc #1 at 8-9, ¶¶ 34-36, 38-39.

20. Plaintiff's injury is not "sufficiently real and immediate to show an existing controversy simply because [he] anticipate[s] violating lawful criminal statutes and being tried for [his] offenses. It [is] to be assumed that plaintiffs will conduct their activities within the law and so avoid prosecution and conviction." Lyons, 461 U.S. at 103 (internal citations and quotations omitted).

21. Additionally, any injury to Plaintiff's personal property resulted from Plaintiff's "attempt to comply" with the Protective Order, rather than any action taken or threatened to be taken by the Windham Defendants. ECF Doc #1 at 10, ¶ 43.

22. Even if taken as true, Plaintiff's allegations do not demonstrate any real or immediate threat sufficient to provide Plaintiff with standing to bring this action against the Windham Defendants.

## CONCLUSION

23. This Court lacks jurisdiction over Plaintiff's claims for the reasons stated in the Mr. MacDonald's motion to dismiss, which the Windham Defendants join and incorporate herein by reference. Additionally, this Court lacks jurisdiction over Plaintiff's claims because Plaintiff lacks

---

[1] For a similar reason, the Plaintiff cannot establish the criteria for preliminary or permanent injunctive relief, as the Plaintiff cannot demonstrate a likelihood of substantial and immediate irreparable harm, and, as such, those claims against the Windham Defendants should be dismissed for failure to state a claim upon which relief can be granted. O'Shea, 414 U.S. at 502.

standing for the reasons stated above. This Court should accordingly dismiss Plaintiff's claims against the Windham Defendants.

24.    No separate memorandum of law is required in support of this motion as all of the relevant legal authority relied upon is cited herein. LR 7.1(a)(2).

WHEREFORE, the Windham Defendants respectfully request that this Honorable Court:

A.  Grant this Motion to Dismiss;

B.  Dismiss all claims against the Windham Defendants; and

C.  Grant such further relief as is just and equitable.

Dated:   April 26, 2019

        Respectfully Submitted,
        TOWN OF WINDHAM, ex. rel.
        WINDHAM POLICE DEPARTMENT, and
        GERALD S. LEWIS

        By and Through Their Attorneys

        DONAHUE, TUCKER, & CIANDELLA, PLLC

        /S/ Eric A. Maher

        Eric A. Maher, Esq.
        NHBA# 21185
        16 Acadia Lane
        Exeter, NH 03833
        (603)778-0686
        emaher@dtclawyers.com

## CERTIFICIATION

I herein certify that a copy of the foregoing has this date been transmitted electronically through the ECF filing system to Plaintiff Paul Maravelias and all counsel of record for the Defendants.

        /S/ Eric A. Maher
        Eric A. Maher, Esq.