Paul J. Maravelias, *pro se*
34 Mockingbird Hill Rd
Windham, NH 03087
(603) 475-3305
paul@paulmarv.com



2019 MAY -6   A 10: 29

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PAUL MARAVELIAS,<br>*Plaintiff,*<br><br>v.<br><br>JOHN J. COUGHLIN, in his individual and<br>official capacities, GORDON J. MACDONALD,<br>in his official capacity as Attorney General of<br>New Hampshire, PATRICIA G. CONWAY, in<br>her official capacity as Rockingham County<br>Attorney, TOWN OF WINDHAM, *ex rel.*<br>WINDHAM POLICE DEPARTMENT, and<br>GERALD S. LEWIS, in his official capacity as<br>Chief of Police.<br>*Defendants.* | Civil No. 1:19-CV-143(SM)<br><br>JURY TRIAL DEMANDED<br><br><br><br><br><br><br>**PLAINTIFF'S OPPOSITION TO<br>DEFENDANTS' JOINT F.R.C.P<br>12(b)(1) MOTION TO DISMISS** |

NOW COMES Paul Maravelias ("Plaintiff") and respectfully submits the within

Objection to Defendants' Motion to Dismiss.[1] In support thereof, Plaintiff states as follows:

1.    All Defendants have joined in Defendant Gordon J. MacDonald's 4/17/19

Motion to Dismiss this case for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1)

---

[1] The instant pleading is timely filed on or before 5/6/19 as service of all opposing motions upon
Plaintiff was made by "mail" pursuant to FRCP 5(b)(2)(C) triggering three (3) additional days
pursuant to FRCP 6(d) and, thenceforth, another continuation from Saturday 5/4/19 to 5/6/19
pursuant to FRCP 6(a)(1)(C) and LR 6.1.

under the *Rooker-Feldman* doctrine. Additionally, Defendant John J. Coughlin and the Windham Defendants have submitted individual motions to dismiss to which Plaintiff is responding separately.

2.      The Motion to Dismiss is mooted by Plaintiff's 5/6/19 Amended Complaint, filed today as a matter of course pursuant to FRCP 15(a)(1)(B).

3.      Accordingly, the Court should deny the pending motions to dismiss as **MOOT** and invite Defendants to renew said motions, if desired, in the responsive context of the Amended Complaint. "[A]s a general proposition, if a defendant files a Motion to Dismiss, and the plaintiff later files an Amended Complaint, the amended pleading renders the defendant's Motion to Dismiss moot." *Onyiah v. St. Cloud State University*, 655 F. Supp. 2d 948 (D. Minn. 2009) *See also Ideal Instruments, Inc. v. Rivard Instruments, Inc.,* 434 F. Supp. 2d 640, 646 (N.D.Iowa 2006); *Standard Chlorine of Del., Inc. v. Sinibaldi*, 821 F. Supp. 232, 239 (D. Del. 1992) (holding that an amended complaint renders a motion to dismiss the original complaint moot). "[A]n amended complaint supersedes the original one rendering the original complaint null and void." *Vadas v. U.S.*, 527 F.3d 16, 19 (2nd Cir. 2007). *See also Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007). "Since the amended complaint replaces the original complaint, the motions to dismiss the original complaint are moot." *Weiss v. Astella Pharma US, Inc.*, No. 5:05cv527, 2006 WL 1285406, at *1 n. 1 (E.D. Ky. May 10, 2006) (motions to dismiss the original complaint were moot following amendment of complaint), *inter plurima alia*.

4.      The Amended Complaint contains new factual allegations to illuminate the inapplicability of *Rooker-Feldman* to this case. If Defendants nevertheless wish to renew their FRCP 12(b)(1) motion to dismiss under said doctrine, they ought to do so in a manner

responsive to the Amended Complaint. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007) ("when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction").

5.     Denying-as-moot the pending motions to dismiss also furthers judicial economy, since the Amended Complaint likely narrows the arguments Defendants could renew for dismissal. This avoids unnecessary adjudication of issues. *See e.g. In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517, 528 (D.N.J. 2004) (granting Rule 15 leave to amend before adjudicating Rule 12 motion, for judicial efficiency).

6.     While the Court may apply an earlier motion to dismiss to an amended complaint if said complaint contains the same legal flaw as the original,[2] the new portions of the Amended Complaint here are pointedly responsive to Defendants' arguments under the *Rooker-Feldman* doctrine.

7.     Plaintiff anticipates that Defendants might renew the joint motion to dismiss even notwithstanding the Amended Complaint. Plaintiff is compiling his forthcoming memorandum of law in opposition to said anticipated renewed motion to dismiss, devoting intensive analysis to the inapplicability of *Rooker-Feldman* to this case. It would impose undue burden upon Plaintiff if compelled pointlessly to furnish a full legal memorandum on this issue before any non-moot motion to dismiss has been filed, especially as Plaintiff appears *pro se* and works a full-time occupation. Should Defendants renew their motion(s) to dismiss, Plaintiff will have 14 days pursuant to the Court's rules to file a follow-up Objection.

---

[2] *See e.g. Cureton v. U.S. Marshal Serv.*, 322 F. Supp. 2d 23, 25 n.6 (D.D.C. 2004)

8.      No separate memorandum of law is required in support of this objection as all relevant legal authority relied upon is cited herein. *See* LR 7.1(a)(2).

WHEREFORE, Plaintiff Paul Maravelias respectfully requests this Honorable Court:

I.      Deny all Defendants' pending motions to dismiss as **MOOT** in light of Plaintiff's 5/6/19 Amended Complaint, without prejudice to Defendants' ability to renew said motion(s); and

II.     Grant any further relief as may be deemed just and proper.

Dated: May 6th, 2019

Respectfully submitted,

PAUL J. MARAVELIAS,

*in propria persona*

/s/ Paul J. Maravelias, *pro se*

**Paul J. Maravelias**
34 Mockingbird Hill Rd
Windham, NH 03087
paul@paulmarv.com
603-475-3305

## CERTIFICATE OF SERVICE

I, Paul Maravelias, certify that a timely provided copy of this document is being sent on this date to all counsel of record for the Defendants pursuant to the rules of this Court.

/s/ Paul J. Maravelias                          Dated: May 6th, 2019

**Paul J. Maravelias**