Paul J. Maravelias, *pro se*
34 Mockingbird Hill Rd
Windham, NH 03087
(603) 475-3305
paul@paulmarv.com



2019 MAY -6 A 10: 29

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| PAUL MARAVELIAS,<br>  *Plaintiff*,<br>v.<br><br>JOHN J. COUGHLIN, in his individual and official capacities, GORDON J. MACDONALD, in his official capacity as Attorney General of New Hampshire, PATRICIA G. CONWAY, in her official capacity as Rockingham County Attorney, TOWN OF WINDHAM, *ex rel.* WINDHAM POLICE DEPARTMENT, and GERALD S. LEWIS, in his official capacity as Chief of Police.<br>  *Defendants*. | Civil No. 1:19-CV-143(SM)<br><br>JURY TRIAL DEMANDED<br><br><br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN J. COUGHLIN'S MOTION TO DISMISS** |

  NOW COMES Paul Maravelias ("Plaintiff") and respectfully Objects to Defendant John J. Coughlin's 4/17/19 Motion to Dismiss and, in further support, states as follows:

**I. THE MOTION TO DISMISS IS MOOT**

  1. Defendant John J. Coughlin has filed a Motion to Dismiss. He joins in Defendant Gordon J. MacDonald's FRCP 12(b)(1) Motion to Dismiss and separately moves for dismissal under FRCP 12(b)(6) claiming entitlement to absolute judicial immunity.

2. Defendant Coughlin's Motion to Dismiss is mooted by Plaintiff's 5/6/19 Amended Complaint, filed today as a matter of course pursuant to FRCP 15(a)(1)(B).

3. The facts alleged in Plaintiff's 5/6/19 Amended Complaint are responsive to said flawed claim to absolute judicial immunity. If Defendant Coughlin maintains this argument, he may renew the Motion to Dismiss in response to the Amended Complaint.

4. In further support, Plaintiff incorporates by reference and fully repeats his "Opposition to Defendants' Joint FRCP 12(b)(1) Motion to Dismiss" filed herewith.

## II. DEFENDANT COUGHLIN CANNOT CLAIM JUDICIAL IMMUNITY AS PLAINTIFF ONLY SEEKS DECLARATORY AND INJUNCTIVE RELIEF

5. Besides mootness, Defendant's Motion to Dismiss runs afoul of bedrock federal law. It is well-established that judicial immunity does not extend to claims for declaratory and injunctive relief under §1983. *See Pulliam v. Allen*, 466 U.S. 522 (1984). The doctrine of judicial immunity shields against claims for punitive money damages only, which Plaintiff does not seek in the instant action. "[W]e have never held that judicial immunity absolutely insulates judges from declaratory or injunctive relief with respect to their judicial acts." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719 (1980).

6. Judicial immunity would not apply even if money damages were, in fact, sought. A construction of the Original Complaint's allegations in the light most favorable to Plaintiff reasonably infers that Judge Coughlin acted in complete absence of jurisdiction through an act not "judicial" in nature. Plaintiff need not further develop this argument unless and until Defendant Coughlin renews the Motion to Dismiss in response to the Amended Complaint.

7. No separate memorandum of law is required in support of this objection as all relevant legal authority relied upon is cited herein. *See* LR 7.1(a)(2).

WHEREFORE, Plaintiff Paul Maravelias respectfully requests this Honorable Court:

I. Deny Defendant John J. Coughlin's Motion to Dismiss as **MOOT** in light of Plaintiff's 5/6/19 Amended Complaint, without prejudice to Defendant's ability to renew said Motion; and

II. Grant any further relief as may be deemed just and proper.

Dated: May 6th, 2019                                Respectfully submitted,

                                                    PAUL J. MARAVELIAS

                                                    **/s/ Paul J. Maravelias,** *pro se*
                                                    34 Mockingbird Hill Rd
                                                    Windham, NH 03087
                                                    paul@paulmarv.com
                                                    603-475-3305

### CERTIFICATE OF SERVICE

I, Paul Maravelias, certify that a timely provided copy of this document is being sent on this date to all counsel of record for the Defendants pursuant to the rules of this Court.

/s/ Paul J. Maravelias                              Dated: May 6th, 2019
**Paul J. Maravelias**