Paul J. Maravelias, *pro se*
34 Mockingbird Hill Rd
Windham, NH 03087
(603) 475-3305
paul@paulmarv.com



2019 MAY -6 A 10: 29

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| PAUL MARAVELIAS, *Plaintiff*, v. JOHN J. COUGHLIN, in his individual and official capacities, GORDON J. MACDONALD, in his official capacity as Attorney General of New Hampshire, PATRICIA G. CONWAY, in her official capacity as Rockingham County Attorney, TOWN OF WINDHAM, *ex rel.* WINDHAM POLICE DEPARTMENT, and GERALD S. LEWIS, in his official capacity as Chief of Police. *Defendants*. | Civil No. 1:19-CV-143(SM) JURY TRIAL DEMANDED **PLAINTIFF'S OPPOSITION TO THE WINDHAM DEFENDANTS' MOTION TO DISMISS** |

NOW COMES Paul Maravelias ("Plaintiff") and respectfully Objects to the Motion to Dismiss filed by the Town of Windham, *ex rel.* Windham Police Department, and Gerald S. Lewis (hereinafter, "Windham Defendants"). In support thereof, Plaintiff states as follows:

## I. THE WINDHAM DEFENDANTS' MOTION TO DISMISS IS UNTIMELY IN VIOLATION OF FRCP 12(b)

1. On 4/26/19, the Windham Defendants filed a Motion to Dismiss joining in Defendant Gordon J. MacDonald's FRCP 12(b)(1) Motion to Dismiss and separately on the grounds of Plaintiff's alleged lack of standing. *See* ECF Doc. #18.

2. Previously, on 4/16/19, the Windham Defendants had submitted an Answer and Brief Statement of Defenses in response to the Original Complaint. *See* ECF Doc. #8.

3. A Rule 12(b) Motion filed after the Answer is untimely. *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). The Windham Defendants' motion asserts the Rule 12(b)(1) defense of lack of subject matter jurisdiction. However, "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." *Fed. R. of Civ. Proc.*, 12(b). For this reason alone, the untimely Motion should be denied.[1]

## II. THE MOTION TO DISMISS IS MOOT

4. Regardless, Windham Defendants' Motion to Dismiss is mooted by Plaintiff's 5/6/19 Amended Complaint, filed today as a matter of course pursuant to FRCP 15(a)(1)(B).

5. The facts alleged in Plaintiff's 5/6/19 Amended Complaint are responsive to said flawed assertion that Plaintiff lacks Article III standing. If Windham Defendants maintain this argument, they may renew the Motion to Dismiss in response to the Amended Complaint.

6. In further support, Plaintiff incorporates by reference and fully repeats his 5/6/19 "Opposition to Defendants' Joint FRCP 12(b)(1) Motion to Dismiss" filed herewith.

## III. PLAINTIFF DOES NOT LACK STANDING WITH RESPECT TO THE WINDHAM DEFENDANTS

7. The Windham Defendants' absence-of-standing argument lacks any merit even in conjunction with the Original Complaint, now a nullity. Standing is a core component of Article III's case-and-controversy limitation. *Lujan v. Defenders of Wildlife*, 504 U.S. 555,

[1] Plaintiff hereby notices and preserves his right to move for sanctions, if necessary, against the Windham Defendants under FRCP 11(b) in connection with the purposes underlying their act of filing an untimely Rule 12(b) Motion.

560 (1992) (citation omitted). "Article III standing imposes three fairly strict requirements." *People to End Homelessness, Inc. v. Develco Singles Apartments Assocs.*, 339 F.3d 1, 8 (1st Cir. 2003). "The Supreme Court has explained that the 'irreducible constitutional minimum' of standing under Article III consists of three elements: an actual or imminent injury, causation, and redressability." *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1265 (11th Cir. 2011) (citing *Lujan*, 504 U.S. at 560–61).

8. Here, the Windham Defendants challenge only the first element: the existence of an actual or imminent injury. Plaintiff's Original Complaint doubtlessly alleges the "real and immediate" threat of unlawful prosecution because it alleges Sgt. Smith will arrest Maravelias for the lawful, constitutionally protected conduct of violating the "social media possession" "extended terms" if Sgt. Smith fails to establish the Supreme Court exhibit in question was not part of an earlier court case. *See* ECF Doc. #2, Attachment (1), "Declaration in Support", ¶15-31.

9. The Windham Defendants' very Answer reconfirms this imminent, real, and unabated enforcement threat. *See* Answer, ECF Doc. #8, ¶83, 92, 97, 109, 118.

10. While it would not be "sufficiently real and immediate to show an existing controversy simply because [one] anticipate[s] violating lawful criminal statutes and being tried for [their] offenses" (emphasis added), *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), the threatened enforcement here – as alleged – is not "lawful".[2] *See generally*, Original Complaint.

[2] Not only do Windham Defendants persist in credible threats to violate Maravelias's constitutional rights through such enforcements, they persist in defiance even of *state statutory law* – let alone federal constitutional law – to do so. *See* RSA 633:3-a, I.(c), allowing criminal enforcement of such civil state court orders only where a person "engages in a single act of



PAUL MARAVELIAS — 34 MOCKINGBIRD HILL RD, WINDHAM, NH 03087

11. Accordingly, the Windham Defendants' entire argument is predicated upon a favorable adjudication of the legal merits of this action (to wit, that the threatened enforcement is "lawful") and is thus misplaced for purposes of a Rule 12(b) Motion to Dismiss. "If ... law enforcement personnel cannot be proceeded against for declaratory relief, putative plaintiffs would have to await the institution of state [criminal] proceedings against them in order to assert their federal constitutional claims. This is not the way the law has developed". *Supreme Court of Virginia v. Consumers.Union*, 446 U.S. 719 (1980).

12. Here, Maravelias alleges that an unconstitutional application of a state statute (against which he also brings a facial challenge) is currently chilling his First-Amendment-protected expression. *See* Original Complaint, ¶40-43, 46-58. *Cf. O'Shea v. Littleton*, 414 U.S. 488 (1974), a distinguishable suit which held that no justiciable case or controversy existed "in the absence of allegations that unconstitutional [statutes] [were] being employed to deter constitutionally protected conduct" (emphasis added) unlike this case, and where "respondents [had] not pointed to any imminent prosecutions contemplated against them" (emphasis added), also unlike the instant case.

13. Accordingly, since the Court's present inquiry is not factual and must "accept well-pled factual averments as true, and draw all reasonable inferences in favor of the [plaintiff]", *Rubin v. Smith*, 817 F. Supp. 987 (D.N.H. 1993), the Windham Defendants' Rule 12(b)(1) Motion to Dismiss for lack of standing fails as a matter of law.

---

conduct that both violates the provisions of the order and is listed in paragraph II(a)". (Emphasis added). "Possession" appears nowhere in the enumerations of RSA 633:3-a, II(a), an exclusive listing for purposes of the criminal enforcement statute. Plaintiff's Amended Complaint more fully develops this facet of Defendant's real and immediate threats in excess of legal authority.

14. No separate memorandum of law is required in support of this objection as all relevant legal authority relied upon is cited herein. *See* LR 7.1(a)(2).

WHEREFORE, Plaintiff Paul Maravelias respectfully requests this Honorable Court:

I. Deny the Windham Defendants' Motion to Dismiss; and

II. Grant any further relief as may be deemed just and proper.

Dated: May 6th, 2019

Respectfully submitted,

PAUL J. MARAVELIAS,

*in propria persona*

/s/ Paul J. Maravelias, *pro se*

**Paul J. Maravelias**
34 Mockingbird Hill Rd
Windham, NH 03087
paul@paulmarv.com
603-475-3305

**CERTIFICATE OF SERVICE**

I, Paul Maravelias, certify that a timely provided copy of this document is being sent on this date to all counsel of record for the Defendants pursuant to the rules of this Court.

/s/ Paul J. Maravelias Dated: May 6th, 2019

**Paul J. Maravelias**