# EXHIBIT C

STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS    10TH CIRCUIT – DISTRICT DIVISION – DERRY

Docket No. 473-2016-CV-124

Christina DePamphilis

v.

Paul Maravelias

### PETITIONER'S REPLY TO RESPONDENT'S OBJECTION TO MOTION FOR MODIFICATION OF STALKING FINAL ORDER OF PROTECTION TO INCLUDE FURTHER CONDITIONS

NOW COMES the Petitioner Christina DePamphilis, by and through her attorneys, Preti Flaherty PLLP, and respectfully submits the within Reply to Respondent's Objection to Motion for Modification of Stalking Final Order of Protection to Include Further Conditions and, in support thereof, states as follows:

1. Respondent conflates the concept of "constitutionally protected activity." While such activity cannot be utilized to prove a "course of conduct" in connection with a stalking petition proceeding, *see* RSA 633:3-a, II (a), one's right to travel and contact/associate with other persons certainly may be restricted by the Court in a Final Stalking Order of Protection. For instance, the Final Stalking Order of Protection now in effect against Respondent prohibits him from "stalking or abusing" Petitioner; from appearing in proximity to her residence, place of employment, or school; and from "stalking or abusing" her household members or relatives. *See* Final Order of Protection. The Order also prohibits Respondent from purchasing or obtaining firearms.

# EXHIBIT C

2. Respondent cannot legitimately claim that these standard restrictions violate his free speech rights or ability to associate with others, as they were implemented after a judicial finding that he stalked the victim and are designed to protect the stalking victim.

3. RSA 633:3-a, III-c states that the Court "shall review the order, and each renewal thereof and shall grant such relief as may be necessary to provide for the safety and well-being of the plaintiff."

4. Given Respondent's prior threat to harm Petitioner's academic and professional career, his actual attempt to harm her academically at Windham High School, and his apparent threat to post further allegedly embarrassing artifacts about her on the Internet if he does not have his way,[1] a restriction prohibiting Respondent from contacting Petitioner's employers and academic providers is reasonable and necessary to ensure her safety and well-being. RSA 633:3-a, III-c.

5. Petitioner would assent to further refining its requests to prohibit Respondent from *knowingly* contacting Petitioner's employers and academic providers *concerning her.*

6. Petitioner maintains her request that Respondent be prohibited from accessing her social media communications either directly or through a third party, and would assent to a requirement that he not *knowingly* do so.

7. The latter restriction is reasonable and not an infringement of Respondent's ability to use computers, conduct work, and pursue legitimate Internet activity. For a person who repeatedly has claimed to no longer have any use for Petitioner (and has a Stalking Final Order

---

[1] In Respondent's Objection to Motion for Modification at ¶50, he wrote, "If this Court will illegally injunct further against Maravelias's free speech rights through shameful diktats, he will make broader exercise of the free speech rights he still has" (emphasis by Respondent), meaning, it appears to Petitioner, the publication of a list of unflattering posts and videos of Petitioner he lists at ¶ 49 of his Motion.

# EXHIBIT C

of Protection against him protecting her), compliance with this reasonable restriction should not be difficult and will promote the victim's well-being and safety.

WHEREFORE, for the reasons set forth above and in the Motion for Modification of Stalking Final Order of Protection to Include Further Conditions, Petitioner respectfully requests this Honorable Court to:

A. Grant Petitioner's original Motion by adding the three conditions requested;

B. Modify the Stalking Final Order of Protection to include the following three conditions:

1. Respondent shall not <u>knowingly</u> gain access to or possess any of Petitioner's social media communications either directly or through a third party;

2. Respondent shall not <u>knowingly</u> communicate with Petitioner's current or future academic providers <u>about her</u>; and

3. Respondent shall not <u>knowingly</u> communicate with Petitioner's current or future employers <u>about her</u>; and

C. Grant such other relief as may be just and proper.

Respectfully submitted,

CHRISTINA DePAMPHILIS

By her attorneys,

PRETI, FLAHERTY, BELIVEAU & PACHIOS, PLLP

Dated: July 12, 2018

By: /s/ Simon R. Brown
Simon R. Brown, NH Bar #9279
P.O. Box 1318
Concord, NH 03302-1318
(603) 410-1500

13208168.1