# EXHIBIT G

Robin E. Pinelle, Circuit Clerk
NH Circuit Court
10th Circuit – District Division – Derry
10 Courthouse Lane
Derry, NH 03038

July 16th, 2018

Paul Maravelias
34 Mockingbird Hill Rd
Windham, NH 03087

RE: **Christina DePamphilis vs. Paul Maravelias**
    **Docket No. 473-2016-CV-00124**

---

Dear Clerk Pinelle,

Enclosed please find Respondent's *Reply to Petitioner's Reply to Respondent's Objection to Petitioner's Motion for Modification of Stalking Final Order of Protection to Include Further Conditions* to be filed in the above-referenced case.

Thank you for your attention to this matter.

Sincerely,

Paul J. Maravelias

CC: Simon R. Brown, Esq.

I, Paul Maravelias, certify that a copy of the present *Reply to Petitioner's Reply to Respondent's Objection to Petitioner's Motion for Modification of Stalking Final Order of Protection to Include Further Conditions* was forwarded on this day through USPS Certified Mail to Simon R. Brown, Esq., counsel for the Petitioner, P.O. Box 1318, Concord, NH, 03302-1318.

# EXHIBIT G

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS                    10TH CIRCUIT – DISTRICT DIVISION – DERRY

Docket No. 473-2016-CV-00124

Christina DePamphilis

v.

Paul Maravelias

**REPLY TO PETITIONER'S REPLY TO RESPONDENT'S OBJECTION TO PETITIONER'S MOTION FOR MODIFICATION OF STALKING FINAL ORDER OF PROTECTION**

NOW COMES the Respondent, Paul Maravelias, and replies to Petitioner's *Reply to Respondent's Objection to Motion for Modification of Stalking Final Order of Protection to Include Further Conditions* dated 7/12/18. In support thereof, he represents as follows:

A. **CHRISTINA DEPAMPHILIS COMMITTED A CLASS B FELONY UNDER RSA 641:5 I. (B) WHEN SHE FILED THE AFORECITED MOTION; THE COURT WOULD BE COMPLICIT IN THE CRIME OF WITNESS AND INFORMANT TAMPERING TO GRANT SAID MOTION**

1. As documented in a criminal complaint filed on this date with the Derry Police Department (*see* Exhibit A), Christina DePamphilis committed a class B felony of "Tampering With Witnesses and Informants" when she filed the instant motion in this Court on 7/2/18 to prevent Maravelias from "possessing" her "social media communications", parts of which she knows constitute highly relevant legal exhibits that Maravelias is using in his defense both inside this case and inside the recently-appealed decision of this Court to grant attorney's fees against him in *Paul Maravelias v. David DePamphilis* (473-2017-CV-150).

1

# **EXHIBIT G**

2. Therefore, by filing said motion, she "attempt[ed] to induce or otherwise cause [Maravelias] to …withhold any testimony, information, document or thing" [certain social media posts already entered as evidence exhibits] while "believing" and "knowing" that an "official proceeding" was underway. *See* RSA 641:5 I.

3. Thus, if the Court were to grant her outrageous motion for modification of stalking order terms, the individual judicial actor carrying out such wrongful granting would likewise commit a count of class B felony 641:5 misconduct, as the Petitioner's "social media communications" are supremely relevant in indicating she had no fear of the Respondent (*e.g.*, while cruelly deriding him with her and her boyfriend's middle fingers in an attempt to provoke an inflamed jealousy response and/or stalking order violation), and are therefore material to this Court's pending ruling on Maravelias's Motion for Reconsideration as well as to any appeal which may follow.

B. **PETITIONER'S REPLY GRANTS MEANINGLESS CONCESSIONS IN A DECEPTIVE PLOY TO MAKE HER REQUESTED FURTHER STALKING ORDER TERMS SEEM REMOTELY REASONABLE**

4. In unsatisfactory response to Respondent's constitutional case law exposition of her requested terms' rampant violation of overbreadth and vagueness doctrines, she reassures that her terms may be amended with additional "knowingly" and "about her" qualifications. With this adjustment, she alleges her final proposed terms are reasonable requests having little to no impact on Maravelias's legitimate activities and having solely a valid protective function for her.

5. In reality, these seeming concessions are vapid and meaningless, as "knowing" willfulness is <u>already</u> a necessary element to any violation of protective order terms. *See* RSA 633:3-a I. (c), which states, "knowingly ... engages in a single act of conduct that both violates the provisions of the order and is listed in paragraph II(a)".

# EXHIBIT G

6. Further, the Petitioner seeks injunctive prohibition of legitimate acts which are listed nowhere in the enumerations of "paragraph II(a)" in 633:3-a constituting a "course of conduct".

7. Thus, even if the Court did illegally grant the requested terms in part or in whole, Maravelias could never be prosecuted for violating them, due to the "and is listed in paragraph II(a)" stipulation of 633:3-a I. (c), <u>supra</u>.

8. Maravelias's public speech "about" the Petitioner's demonstrable acts of falsification and restraining order abuse against him could be construed to be loosely "about her" yet are nonetheless legitimate acts of First Amendment-protected speech made for purposes independent of contacting the Petitioner or her academic providers or employers. However, as Respondent already showed in his 7/5/18 objection filing, the Petitioner seeks these terms as a broad "catch-all" injunction against Maravelias's legitimate public speech, since said acts of speech could be visible to anyone, including to "academic providers" or to "employers".

9. Unsurprisingly, Petitioner entirely neglects to address this critical issue in her 7/12/18 filing, likely hoping the Court will overlook it.

10. Maravelias reiterates and incorporates by reference all arguments – most of which are still uncontested by Petitioner – from his 7/5/18 objection filing which speak to the illegality and unconstitutionality of the requested further stalking order provisions.

# EXHIBIT G

WHEREFORE, the foregoing compels the Respondent, Paul Maravelias, to pray this Court:

I. Grant this Motion;

II. Grant Respondent's 6/25/18 *Motion for Reconsideration*, terminating the Stalking Final Order of Protection,

III. Deny Petitioner's *Motion for Modification of Stalking Final Order of Protection to Include Further Conditions*; and

IV. Hold a Hearing, if necessary, on this matter.

Respectfully submitted,

PAUL J. MARAVELIAS,

*in propria persona*

July 16th, 2018