Paul J. Maravelias, *pro se*
34 Mockingbird Hill Rd
Windham, NH 03087
(603) 475-3305
paul@paulmarv.com



2019 MAY 13 P 1: 18

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| PAUL MARAVELIAS, <br> *Plaintiff*, <br> v. <br><br> JOHN J. COUGHLIN, in his individual and official capacities, GORDON J. MACDONALD, in his official capacity as Attorney General of New Hampshire, PATRICIA G. CONWAY, in her official capacity as Rockingham County Attorney, TOWN OF WINDHAM, *ex rel.* WINDHAM POLICE DEPARTMENT, and GERALD S. LEWIS, in his official capacity as Chief of Police. <br><br> *Defendants*. | Civil No. 1:19-CV-143(SM) <br><br> JURY TRIAL DEMANDED <br><br><br> **DECLARATION IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |

I, Paul Maravelias, declare that:

1. On 2/8/19 at 11:00am EST, I voluntarily met with Sgt. Bryan Smith at the Windham Police Department. Sgt. Smith leads the investigation/detective division.

2. Sgt. Smith asked me if I objected to our conversation being recorded. I told him that was fine. At that point, there was no "reasonable expectation of privacy" that could have made it unlawful under NH RSA 570-A for me to have a concurrent separate audio recording

on my cell-phone. Further, Sgt. Smith is a police officer who was performing his official duties in a public space. *See Glik v. Cunniffe*, 655 F.3d 78 (1st Cir. 2011).

3. I declare that the following pieces of dialogue occurred in said conversation. Hereunder, I add emphasis in parts to highlight dialogue of special legal significance. In a few parts, I add text in brackets to aid contextual understanding but not actually spoken.

**<u>Maravelias's Statements to Sgt. Smith in the 2/8/19 Interview</u>**

4. "I have court exhibits – public documents … for instance, the pictures of her middle-fingering me and harassing me at a time when she claims to fear me. This whole thing is a malicious, defamatory harassment campaign against me. So, uh, I own those court exhibits, okay? <u>And… and if your department is going to arrest me for owning court exhibits… every single individual officer in this building knows I have a constitutional right to own and possess court documents</u>"

5. "I've been very compliant."

6. "The whole thing is invalid, the whole thing is unconstitutional; I have a right to own any public images on the internet. But in the gray area I suppose you could call it … the gray area that I haven't even tested yet with you is, you know, posting things that aren't legal documents, but it's fully within my first-amended right to post and put on the internet, and, sort-of, dialectically prove my innocence and that they lied. <u>I haven't even done that, okay? All I've done … is compose legal documents which are favorable to my position and that is completely protected by my rights under the constitution of the United States of America and the State of New Hampshire.</u>"

7.      "I understand what the order was that Judge Coughlin granted when he scribbled 'Denied' on my 20 pages of constitutional analysis and fact– and merit-based objection"

8.      "Are you investigating me for having violated the stalking order?"

9.      "<u>Can you name one act that I've done that you believe would, uh, approach getting near those outrageous social media 'possession' terms that is not an act of me engaging in the legal process in the court system?</u> Have I gone on my website and posted pictures that I believe are, you know, helpful to my position but aren't court filings, have I done that?"

10.     "<u>On the date that that order was made, legal exhibits in my folder cannot be expected to be thrown in the trash</u>. I mean, I understand you're doing your job right now, but do you understand how insane this is? … I mean these people lied to get a restraining order against me and <u>I'm sitting in my town's police department and there's a serious conversation whether or not I'm a criminal for owning pieces of paper that are court documents that I used</u> to – do you understand how Orwellian, like is this Communist Russia? The publicity that would come against this department – I mean, just imagine the headlines, 'Man arrested: 23-year-old guy arrested for possessing court exhibits to prove a girl lied about him'. You understand the climate we're in right now, these false accusers? I mean I didn't do any 'stalking' to begin with … I have a right … that I possess my court exhibits. <u>It's not going on her social media and pulling stuff *now*, since [the time that] that term was granted, okay? That's not what's happened: I have court exhibits</u>"

11.     "If you want to get down to the specifics of this and say that by filing a legal document, your investigating me for violating the stalking order, I would like to have my lawyer."

12.      "<u>Do I have to be terrorized by the thought that your department is going to come and arrest me right before my hearing?</u> [on 2/12/19 on the protective order extension]"

13.      "<u>Do I have to be terrorized now that I know I'm being investigated for violating a stalking order</u>"?

14.      "Please don't give these people validation by arresting me, and, you know, my name is in the paper – that's all they want, they're out to get me. Please sir."

**Sgt. Smith's Statements to Maravelias in the 2/8/19 Interview**

15.      "You understand that part of that order … <u>there was a motion granted that said that you're not allowed to possess her social media.</u>"

16.      "You understand that the court stated you can't possess her social media, whether you believe it's unconstitutional or not … <u>you understand and know that the court said that you can't possess her social media?</u>"

17.      "OK, I'm asking you: do you understand that that was a piece, or that that was granted, that you can't possess her social media?"

18.      "Yeah, there's an investigation, I told you I wanted to talk about it".

19.      "As to whether charges come or not … all dependent on what the findings are of my investigation."

20.      "I'm investigating whether your possession of some of her social media pieces … [violates the 'extended terms' of the protective order]"

21.      "<u>In your Plaintiff's Reply Brief to the Supreme Court, you put this piece of social media in it. … You know the pieces that you submitted, so … Prior to submitting this</u>

- 5 -

brief to the Supreme Court, had you ever used this piece of social media in any of your hearings or any of your court cases?"

22.     "But you presented it. <u>So you possessed it if you presented it.</u>"

23.     "That's a piece of social media post, would you agree to that? Is that a social media post?"

24.     "Whether it's valid or not, the court has said it's valid."

25.     "<u>I'm investigating a report that you possessed her social media after you were told you can't.</u> That's what I'm investigating."

26.     "I'm attempting to get that, as to whether they were in public files or not"

27.     "I'm in the middle of my investigation. In the middle of an investigation, I haven't decided whether I have probable cause to arrest you yet."

28.     "If I believe that you fit the four corners of the law and you violated the stalking order, then I will arrest you."

29.     "If there's probable cause … I'll get a warrant, and then I'll call you and tell you to turn yourself in."

30.     "<u>There's a complaint that you possess her social media.</u>"

31.     "<u>I'm still collecting stuff, when it comes to, what the public documents are – whether exhibits were, when you ever … to use that piece of social media as an exhibit,</u> when I get that, and I review all the facts and circumstances, I'll make a decision, um, and like I said, if I do an arrest warrant for you I'll call you."

The above facts are within my personal knowledge and I am competent to testify to their truth if called as a witness. I declare under penalty of perjury under the laws of the State of New Hampshire and the United States of America that the foregoing is true and correct to the best of my knowledge as of 5/13/2019.

/s/ Paul J. Maravelias, *pro se*　　　　　Dated: May 13th, 2019

**Paul J. Maravelias**
34 Mockingbird Hill Rd
Windham, NH 03087
paul@paulmarv.com
603-475-3305