UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PAUL MARAVELIAS,<br><br>    *Plaintiff*,<br><br>v.<br><br>JOHN J. COUGHLIN, in his individual and official capacities, GORDON J. MACDONALD, in his official capacity as Attorney General of New Hampshire, PATRICIA G. CONWAY, in her official capacity as Rockingham County Attorney, TOWN OF WINDHAM, *ex rel.* WINDHAM POLICE DEPARTMENT, and GERALD S. LEWIS, in his official capacity as Chief of Police.<br><br>    *Defendants*. | Civil No. 1:19-CV-143(SM)<br><br>JURY TRIAL DEMANDED<br><br><br><br>[PROPOSED] ORDER GRANTING ~~MOTION FOR~~ MOTION FOR PRELIMINARY INJUNCTION<br><br>Date: _____<br><br>Time: _____ |

## [PROPOSED] ORDER

Upon consideration of Plaintiff's Motion for Preliminary Injunction, the Memorandum and Exhibits in support thereof, as well as the parties' brief and oral argument, if any, this Court finds that Plaintiff has demonstrated a need for preliminary injunctive relief in this case, and that immediate, irreparable injury to Plaintiff is likely to result in the absence of a preliminary injunction. *See* Fed. R. Civ. P. 65(b). To grant a preliminary injunction, the First Circuit requires plaintiffs to establish (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the

plaintiff's favor, and (4) service of the public interest. *Arborjet, Inc. v. Rainbow Treecare Sci. Advancements*, 794 F.3d 168, 171 (1st Cir. 2015).

Plaintiff has shown the Defendants are engaging in a course of conduct affecting his constitutional interests and that there is imminent threat Defendants will criminally enforce the material "extended terms" against Plaintiff. Plaintiff's well-pleaded allegations identify an imminent threat of irreparable injury by deprivation of federal constitutional rights and establish he is likely to succeed on the merits, warranting prospective injunctive relief. Plaintiff credibly alleges that Defendants' threatened enforcements are made without "without a reasonable expectation of obtaining a valid conviction". *United Books, Inc. v. John J. Conte*, 739 F.2d 30, 1st Cir. (1984). The Court finds the protection of constitutional rights to be in the public interest and that the balance of equities tips in Plaintiff's favor.

Accordingly, the Court hereby GRANTS Plaintiff's Motion and ORDERS A PRELIMINARY INJUNCTION against Defendants Gordon J. MacDonald, Patricia G. Conway, the Town of Windham, Gerald S. Lewis, and their officers, agents, servants, employees, and attorneys (collectively, "Defendants Bound"). Effective immediately, the said Defendants Bound are:

1. HEREBY ENJOINED AND RESTRAINED from enforcing anywhere the extended terms granted on 8/7/2018 to the New Hampshire Circuit Court civil protective order in <u>Christina DePamphilis v. Paul Maravelias</u> (473-2016-CV-00124), to wit, the extended terms identified in Paragraph 25 of the Amended Complaint that "Respondent [Plaintiff Maravelias] shall not gain access to or

possess any of Petitioner's [Christina DePamphilis's] social media communications either directly or through a third party"; and

2. HEREBY ENJOINED AND RESTRAINED from obtaining, executing, or enforcing any arrest or search warrants in connection to any investigation or criminal charge relating to Plaintiff's alleged violation of the said extended terms.

This Preliminary Injunction shall take effect immediately and shall remain in effect pending trial in this action or further order of this Court.

DATED this _____ day of _____ 2019 at _____.

_____
Hon. Steven. J. McAuliffe
United States District Judge