UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____
                                                 )
Paul Maravelias,                       )
                                                 )
         Plaintiff,                )
                                                 )
          v.                         )          Civil No. 1:19-cv-00143-SM

John J. Coughlin
Gordon J. MacDonald,
Patricia G. Conway,
Town of Windham, ex. rel
Windham Police Department, &
Gerald S. Lewis

         Defendants.
_____)

**MEMORANDUM OF LAW IN SUPPORT OF THE WINDHAM DEFENDANT'S
MOTION TO DISMISS AMENDED COMPLAINT**

     NOW COME the Town of Windham, New Hampshire, the Windham Police Department, and Gerald S. Lewis ("the Windham Defendants"), by and through their attorneys, Donahue, Tucker & Ciandella, PLLC, and submit the following Memorandum of Law in Support of the Windham Defendants' Motion to Dismiss the Amended Complaint filed by Paul Maravelias ("the Plaintiff"). In support thereof, the Windham Defendants state as follows:

### I.    PROCEDURAL BACKGROUND

     The pertinent procedural history is set forth in the Windham Defendants' Motion to Dismiss Amended Complaint and is hereby incorporated by reference.

### II.    FACTUAL BACKGROUND

     The facts of this case, as asserted in the Plaintiff's Complaint, have been summarized by the Attorney General in the Attorney General's Motion to Dismiss, see ECF Doc. #10, ¶5-9. The

Windham Defendants hereby adopt and incorporate by reference the factual recitation set forth in the Attorney General's Motion to Dismiss.

### III. ARGUMENT

This Court should dismiss the Plaintiff's Amended Complaint because (1) the Rooker-Feldman Doctrine precludes this Court from asserting jurisdiction over the claims brought by the Plaintiff and (2) the Plaintiff lacks standing to seek the relief sought against the Windham Defendants.

#### a. *Standard of Review*

"The standard for granting a motion to dismiss for failure to state a claim is well established." Rubin v. Smith, 817 F. Supp. 987, 993 (1st Cir. 1993). "The court must accept well-pled factual averments as true, and draw all reasonable inferences in favor of the nonmoving party." Id. (quotation omitted). "However, the court need not rely on bald assertions, unsupportable conclusions, and opprobrious epithets." Id. "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitled him to relief." Id. (quotation omitted).

"To survive a motion to dismiss for failure to state a claim, a complaint need not present detailed factual allegations, but it must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 638 (1st Cir. 2013) (quotations and citations omitted). "An unadorned, the-defendant-unlawfully-harmed-me accusation will not do." Id. (emphasis added).

### a. *The Rooker-Feldman Doctrine precludes this Court from exercising jurisdiction over the Plaintiff's Amended Complaint*

This Court should grant this Motion to Dismiss because the Rooker-Feldman Doctrine continues to preclude this Court from exercising jurisdiction over this matter. This argument is set-forth in detail in the Attorney General's original Motion to Dismiss, and the Attorney General's Motion are incorporated herein by reference. Notwithstanding said incorporation, the Windham Defendants' briefly summarize the Rooker-Feldman Doctrine, and the basis for the Windham Defendants' conclusions.

"The Rooker-Feldman doctrine preserves the Supreme Court's exclusive jurisdiction over 'appeals from final state-court judgments,' . . . by divesting lower federal courts of jurisdiction to hear certain cases brought by parties who have lost in state court." Klimowicz v. Deutsche Bank Nat'l Trust, 907 F.3d 61, 64 (1st Cir. 2018) (internal citations omitted). "Specifically, the doctrine applies to cases brought by state-court losers complaining of injuries caused by state-court judgments that were rendered before the district court proceedings commenced and invite district court review and rejection of those judgments." Id. (internal brackets and quotations omitted).

"[L]ower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" Tyler, 914 F.3d at 50 (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006)). Rooker-Feldman applies "where the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Id. (citations and internal quotation marks omitted). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." Id. (citations and internal quotation marks omitted).

While "it is true that the Rooker-Feldman doctrine does not bar a general attack on the constitutionality of a state law that does not require review of a judicial decision in a particular case,"

"that exception does not apply if the relief sought in federal court is directed toward undoing the prior state judgment." Id. at 51 (same omissions). "Moreover, the Rooker-Feldman jurisdictional bar is not contingent upon an identity between the issues actually litigated in the prior state-court proceeding and the issues proffered in the subsequent federal suit." Id. (same omissions). "Instead, the critical datum is whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment." Id. (same omissions). The Rooker-Feldman Doctrine applies to "claims that could have been brought in state court proceedings" and, therefore, "a disgruntled plaintiff may not attempt to reverse a state court decision through artful pleading in a federal court." Villela v. City of Philadelphia, 1999 U.S. Dist. LEXIS 19843 at *8 (E.D. Penn. 1999).

Here, a review of the Amended Complaint makes clear that the Plaintiff wishes this Court to reverse the factual determinations that were found by Judge Coughlin and subsequently upheld (twice) by the New Hampshire Supreme Court. See Order, Christina DePamphilis v. Paul Maravelias, Case No. 2018-0483, at 10 (decided January 16, 2019), a copy of which is attached hereto as **Exhibit A;** Order, Christina DePamphilis v. Paul Maravelias, Case No. 2017-0139 (decided July 28, 2017), a copy of which is attached hereto as **Exhibit B**.   Each of the Plaintiff's arguments were arguments that were either actually addressed by the New Hampshire Supreme Court, or could have been addressed by the New Hampshire Supreme Court.  As such, the Rooker-Feldman doctrine vests exclusive jurisdiction over the Plaintiff's complaints with regard to the Circuit Court with the U.S. Supreme Court.  See Kilmowicz, 907 F.3d at 64.

The Court should reject the Plaintiff's anticipated argument that Rooker-Feldman doctrine does not apply because the New Hampshire Supreme Court declined to address certain arguments raised by the Plaintiff.  See ECF Doc. 22 ¶76-84.  This argument is unavailing, however, because the Rooker-Feldman doctrine applies to claims that have been adjudicated by a state court or could have been adjudicated by a state court.  The Plaintiff had a full and fair opportunity to raise each

4

of the arguments that he now seeks to raise in the Amended Complaint. See Klimowicz, 907 F.3d at 66 ("a plaintiff cannot escape the Rooker-Feldman bar through the simple expedient of introducing a new legal theory in the federal forum that was not broached in state courts"). Simply put, "[b]ecause the [P]laintiff's federal suit "seeks to invalidate the antecedent state courts' judgments, [this Court] lack[s] jurisdiction to consider his newly minted legal theories." Id. at 66-67.[1]

In summation, this Court should dismiss the Plaintiff's Amended Complaint because the Rooker-Feldman doctrine precludes this Court from exercising jurisdiction.

    b. *The Plaintiff's Amended Complaint does not allege a sufficient injury to confer standing.*

This Court should also grant the Windham Defendants' Motion to Dismiss because the Plaintiff continues to lack standing to assert the present action against the Windham Defendants.

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Art. III of the Constitution by alleging an actual case or controversy." Lyons v. L.A., 461 U.S. 95, 101 (1982) (quotation omitted). "Plaintiffs must demonstrate a personal stake in the outcome in order to assure that concrete adversenesss which sharpens the presentation of the issues necessary for the proper resolution of constitutional questions." Id. (quotation omitted and emphasis added). "Abstract injury is not enough." Id. "The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must

---

[1] To the extent that the Plaintiff claims that Rooker-Feldman does not apply because the stalking order was recently amended, this argument is also insufficient to defeat this Motion to Dismiss. For one, the matter associated with the "extended terms" is a final judgment, having been adjudicated by the New Hampshire Supreme Court.

Additionally, even if it were not a final judgment, the continuation of the state court proceedings affords the Plaintiff a further opportunity to raise these arguments with either the Circuit Court or the New Hampshire Supreme Court, which would preclude this Court from exercising jurisdiction under the Younger abstention doctrine. Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423 (1982); United Books, Inc. v. Conte, 739 F.2d 30, 33 (1st Cir. 1984).

be both real and immediate, not conjectural or hypothetical." Id. at 101-02 (quotations omitted, emphasis added).

In O'Shea v. Littleton, 414 U.S. 488 (1974), the Supreme Court heard requests for injunctive relief similar to those raised by the Plaintiff. There, the plaintiffs were nineteen civil rights activists involved in economic boycotts that sued a magistrate and a circuit court judge alleging that the defendants engaged in a "continuing pattern and practice of conduct consisting of illegal bond-setting, sentencing, and jury-free practices in criminal cases" in an attempt "to deprive [the plaintiffs] in their lawful attempt to achieve lawful equality." O'Shea, 414 U.S. at 491-95. Although alleged to have been criminal-defendants before the magistrate and circuit judge, the Supreme Court held that the plaintiffs did not have standing, noting that the alleged injury was too remote and speculative. Id. at 495. The Court noted that the plaintiffs' injury was contingent upon the violation of law and stated that "the threat of injury from alleged course of conduct they attack is simply too remote to satisfy the case-or-controversy requirement and permitted adjudication by a federal court." Id. at 498.

Like in O'Shea, the Plaintiff's Amended Complaint does not provide any factual allegations supporting that the Plaintiff has suffered a sufficient legal injury to confer standing to bring this action against the Windham Defendants. Id. Absent from the Plaintiff's Amended Complaint is any allegation that the Town of Windham has taken any action with regard to the Plaintiff other than investigate a complaint that Plaintiff allegedly violated the extended terms – a violation which Plaintiff appears to deny. It is undisputed that the Plaintiff has not been arrested or indicted by the Windham Defendants for violating the subject stalking order. The Plaintiff's Amended Complaint, therefore, merely contains speculation as to what the Windham Defendants'

may do at an unspecified time in the future.² See, e.g., ECF Doc. # 22 ¶51, 59-60, 67. Still missing from the Plaintiff's Amended Complaint is any assertion that the Plaintiff has "sustained or is immediately in danger of sustaining some direct injury . . . [that is] both real and immediate, not conjectural or hypothetical." Lyons, 461 U.S. at 101-02 (1982) (emphasis added). As such, the Plaintiff has not pled and has not asserted a sufficient injury to confer standing.

That the Plaintiff may, as he alleges in the Amended Complaint, intend at some unspecified point in time to violate the extended terms "by obtaining 'social media' artifacts and [use] them in public speech acts" is not sufficient to confer standing for the present suit to maintain the present action against the Windham Defendants. See ECF Doc. #22 at ¶62. In short, the Plaintiff has asserted no facts in the Amended Complaint that demonstrate a current or imminent injury, the Amended Complaint still fails to confer standing on the Plaintiff, and the Amended Complaint has not rendered the Windham Defendants' prior Motion to Dismiss moot. See generally, ECF Doc. # 22.

The Windham Defendants anticipate that the Plaintiff will, as he has alleged in his Opposition to the Windham Defendants Motion to Dismiss, continue to incorrectly assert that Lyons, and O'Shea v. Littleton, 414 U.S. 488 (1974) are distinguishable because the Circuit Court's application of RSA 633:3-a is chilling his First-Amendment-protected expression and deterring "constitutionally protected conduct."³ However, the very issue of the stalking order's impact on Plaintiff's right to free speech was adjudicated by the New Hampshire Supreme Court

---

² Plaintiff's assertions that the Windham Defendants are "likely" to arrest him is mere speculation, which may be rejected by this Court in ruling on this Motion to Dismiss the Amended Complaint. In O'Shea v. Littleton, 414 U.S. 488, 494-95 (1974).

³ The Plaintiff also cites to Supreme Court v. Consumers Union of United States, 446 U.S. 719 (1980) in support of his argument that he has standing sufficient to bring suit against the Windham Defendants. See ECF Doc. #21 at ¶11. The Consumers Union case did not involve the issue of standing, and the Plaintiff's quotation pertains to the issue of immunity in §1983 suits, not the sufficiency of an injury to confer standing. Consumers Union, 446 U.S. at 737. Moreover, §1983 was later amended to supersede the Supreme Court's decision in Consumers Union. See Perkins v. Sauvaine, 2012 U.S. Dist. LEXIS 97594 at *13 (D.C.S.C. 2012).

when the Plaintiff appealed the extended terms. In the New Hampshire Supreme Court's January 16, 2019 Order, the Court stated that "a defendant 'has no First Amendment right to inflict unwanted and harassing contact on another person," particularly "when the defendant has already been found to have stalked the other person, and ordered not to stalk that person further." See Order, Christina DePamphilis v. Paul Maravelias, Case No. 2018-0483, at 10 (decided January 16, 2019), a copy of which is attached hereto as **Exhibit A**. The New Hampshire Supreme Court went on to rule that the Plaintiff's prior conduct, which was outlined in detailed in the Order, "did not amount to protected free speech." **Exhibit A** at 11.

As argued in the Attorney General's Motion to Dismiss, and as discussed in greater detail above, the Rooker-Feldman doctrine precludes this Court from exercising appellate jurisdiction over the final decision of the New Hampshire Supreme Court, and, as such, the New Hampshire Supreme Court's ruling that the stalking order does not deter constitutionally protected conduct is final and unassailable. Tyler v. Supreme Judicial Court of Mass., 914 F.3d 47, 50 (1st Cir. 2019). Therefore, this Court should reject the Plaintiff's efforts to distinguish Lyons and O'Shea because the Plaintiff, as a matter of law, is not attempting to engage in protected free speech by violating the so-called extended terms.

   c. *The Plaintiff's assertion that the Windham Defendants did not timely challenge subject matter jurisdiction is incorrect.*

The Windham Defendants' Motion to Dismiss was timely because subject matter jurisdiction can be raised at any time during a case, including sua sponte by the Court. See Fed. R. Civ. Pro. 12(h)(3); United States v. Gonzalez, 311 F.3d 440, 442 (1st Cir. 2002) ("a court is expected to raise the subject-matter jurisdiction objection on its own motion at any stage and even if no party objects."). Subject matter jurisdiction, "because it involves a court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002).

"[B]ecause standing is a prerequisite to a federal court's subject matter jurisdiction, the absence of standing may be raised at any stage of a case." Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016).

Even if subject matter jurisdiction could be waived by failing to assert it in the first responsive pleading, the Windham Defendants preserved the issue of lack of subject matter jurisdiction due to lack of standing by asserting lack of standing as a defense in the Windham Defendants' Answer and Brief Statement of Defenses. ECF Doc # 8 at 16 ¶ C. Regardless, the Windham Defendants still have the opportunity to raise the above-referenced defenses because the Plaintiff filed an Amended Complaint.

## IV.     CONCLUSION

For the reasons set forth herein, the Windham Defendants request that this Court dismiss the Plaintiff's Amended Complaint. The Plaintiff continues to lack standing and the Plaintiff's claims remain subject to the Rooker-Feldman doctrine.

WHEREFORE, the Windham Defendants respectfully request that this Honorable Court:

A. Grant the Windham Defendants' Motion to Dismiss the Amended Complaint;

B. Dismiss all claims against the Windham Defendants; and

C. Grant such further relief as is just and equitable.

Dated:   May 16, 2019

        Respectfully Submitted,
        TOWN OF WINDHAM, ex. rel.
        WINDHAM POLICE DEPARTMENT, and
        GERALD S. LEWIS

        By and Through Their Attorneys

        DONAHUE, TUCKER, & CIANDELLA, PLLC

        /S/ Eric A. Maher

>Eric A. Maher, Esq.
>NHBA# 21185
>16 Acadia Lane
>Exeter, NH 03833
>(603)778-0686
>emaher@dtclawyers.com

## CERTIFICATION

    I herein certify that a copy of the foregoing has this date been transmitted via first class mail to Plaintiff Paul Maravelias and electronically through the ECF filing system to all counsel of record for the Defendants.

>/S/ Eric A. Maher
>Eric A. Maher, Esq.