UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
*************************************
Paul Maravelias,                     *
                                     *
            Plaintiff,               *
   v.                                *   Civil No. 1:19-cv-00143-SM
                                     *
John J. Coughlin, et al.,            *
                                     *
            Defendants.              *
                                     *
*************************************
```

## DEFENDANT GORDON J. MACDONALD'S
## MOTION TO DISMISS AMENDED COMPLAINT

Gordon J. MacDonald, in his official capacity as New Hampshire Attorney General ("Attorney General"), by and through his counsel, the New Hampshire Office of the Attorney General, respectfully moves to dismiss the claims against him under Federal Rule of Civil Procedure 12(b)(1). In support of this motion, the Attorney General states as follows:

### INTRODUCTION

1.  Dissatisfied with the outcome of proceedings in state court, Paul Maravelias filed this federal action seeking a different result. Through his amended complaint, Maravelias asks this court to declare a modification to a final stalking order entered against him by a New Hampshire Circuit Court judge unconstitutional, and to enjoin the Attorney General, among others, from enforcing the terms of that modification and the underlying stalking order. Maravelias also asks this court to declare N.H. Rev. Stat. Ann. § ("RSA") 633:3-a, III-c, the statute governing, *inter alia*, the procedure for extending stalking orders, facially overbroad in violation of the First Amendment to the United States Constitution and void for vagueness under Fourteenth Amendment to the United States Constitution.

2. Because the relief Maravelias seeks in this action "can only be predicated upon a conviction that the state court was wrong," *Tyler v. Supreme Judicial Court of Mass.*, 914 F.3d 47, 50 (1st Cir. 2019) (citation omitted), his claims are barred by the *Rooker-Feldman* doctrine.[1] This court accordingly lacks subject-matter jurisdiction to hear those claims.

## STANDARD OF REVIEW

3. When ruling on a motion to dismiss for lack of jurisdiction, "[t]he pleading standard . . . is the same as applies under Rule 12(b)(6)—that is, the plaintiff must state a claim for relief that is plausible on its face." *Gordo-Gonzalez v. United States*, 873 F.3d 32, 35 (1st Cir. 2017) (citations, brackets, and internal quotation marks omitted). The court must "accept the well-pleaded factual averments contained therein and indulge all reasonable inferences in the plaintiff's favor." *Id.* (same omissions). "Well-pleaded facts must be non-conclusory and non-speculative." *Barchock v. CVS Health Corp.*, 886 F.3d 43, 48 (1st Cir. 2018) (citation and internal quotation marks omitted). Thus, the assumption of truth does not extend to "bald conclusions, unrelieved rhetoric, and pejorative epithets." *Vigueira v. First Bank*, 140 F.3d 12, 15 (1st Cir. 1998). Dismissal is appropriate when "the facts [alleged] in the plaintiff's complaint, taken at face value, fail to bring the case within the court's subject-matter jurisdiction." *Gordo-Gonzalez*, 873 F.3d at 48 (citation omitted). A court may consider "whatever evidence has been submitted" when ruling on a motion to dismiss under Rule 12(b)(1). *Carroll v. United States*, 661 F.3d 87, 94 (1st Cir. 2011) (citation and internal quotation marks omitted).

4. For the reasons set forth below, Maravelias's claims against the Attorney General must be dismissed in their entirety.

---

[1] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

## FACTUAL BACKGROUND

**A.    Circuit Court Proceedings**

5.    As of January 2018, Maravelias was subject to a civil stalking order issued in the New Hampshire Circuit Court prohibiting him from contacting a woman named Christina DePamphilis.  ECF Doc. #22 at 5, ¶ 15.  On January 5, 2018, DePamphilis moved under RSA 633:3-a, III-c to extend that order for another year.  *Id.*  Circuit Court Judge John J. Coughlin held a three-day hearing on DePamphilis's motion in May and June 2018.  *Id.* at 6, ¶ 21.  At the hearing, Maravelias submitted into evidence screenshots of social media posts from accounts he alleged belonged to DePamphilis.  *Id.* at 5–6, ¶¶ 19, 20, 22.  On June 15, 2018, Judge Coughlin granted DePamphilis's motion and extended the stalking order until February 5, 2019.  *Id.* at 6, ¶ 23.

6.    On July 2, 2018, DePamphilis moved to modify the stalking order to include the following condition: "Respondent shall not gain access to or possess any of Petitioner's social media communications either directly or through a third party."  ECF Doc. #22-1 at 2, ¶ 6.a.; *see also* ECF Doc. #22 at 6–7, ¶¶ 24, 25.  Maravelias objected three days later, arguing, among other things, that the requested modification violated his free speech rights under the State and Federal Constitutions; that the modification was unconstitutionally vague and overbroad; and that it denied him due process.  ECF Doc. #22 at 7–8 ¶¶ 27–28; *see generally* ECF Doc. #22-2 at 5–12.  In reply, DePamphilis noted that that she would assent to limiting the requested modification to knowing access or possession of her social media communications.  ECF Doc. #22-3 at 2, ¶ 6.  Maravelias filed a surreply, arguing that the requested modification was "outrageously illegal, unconstitutional, unwarranted, and draconian."  ECF Doc. #22 at 8, ¶ 30; *see generally* ECF

Doc. #22-7.  On August 7, 2018, Judge Coughlin granted the requested modification in its original form.  ECF Doc. # 22 at 7, ¶ 31.

B.   **New Hampshire Supreme Court Appeal**

7. On August 16, 2018, Maravelias appealed the extended stalking order and the social media modification to the New Hampshire Supreme Court.  *See generally* Exs. A–D.[2]  In his Notice of Appeal, he raised nine questions of law, including the following four:

- a. "Is 633:3-a, III-c unconstitutionally overbroad or otherwise void for vagueness facially or as applied to this case?"  *See* Ex. B at 3.

- b. "Did the trial court violate Defendant Maravelias's procedural due process rights?"  *Id.*

- c. "Did the trial court violate *de novo* Defendant's rights afforded by substantive due process or by the specific advance notice requirement of 173-B:3, I, and/or wrongly re-commit similar violations previously committed by the initial protective order by virtue of extending it?"  *Id.*

- d. "Did the trial court err in granting Plaintiff's 7/2/18 post-trial motion for additional expanded protective orders?"  *Id.*

8. In his merits brief, Maravelias argued, among other things, that RSA 633:3-a, III-c is overbroad and impermissibly vague, *see* Ex. C. at 1, 2, 31–45, and that Judge Coughlin violated his constitutional rights by granting the social media modification, *see id.* at 4–5, 54–57.  In making the latter argument, Maravelias incorporated by reference the objection he filed in Circuit Court to DePamphilis's motion seeking the modification.  *See id.* at 56–57.

---

[2] Exhibit A is the New Hampshire Supreme Court's order disposing of Maravelias's appeal, which was attached to the Attorney General's motion to dismiss Maravelias's original complaint. *See* ECF Doc. #10-1.  Exhibit B is the Rule 7 Notice of Mandatory Appeal that Maravelias filed with the New Hampshire Supreme Court.  It is attached in its entirety.  Exhibit C is the merits brief Maravelias filed with the New Hampshire Supreme Court, which Maravelias has incorporated by reference into his amended complaint.  *See* ECF Doc. #22 at 15, ¶ 79.  That brief is 65 pages long, and was submitted to the New Hampshire Supreme Court with several documents and a 231-page appendix attached.  Only the brief is attached to this motion, but the other materials are available should the court require them.  Exhibit D is the reply brief Maravelias filed with the New Hampshire Supreme Court, which is attached in its entirety.

- 4 -

9.      Maravelias also filed a reply brief.  *See* Ex. D.  In that brief, Maravelias again argued that RSA 633:3-A, III-c is unconstitutional.  *See id.* at 2, 12–17.  He further argued in his reply brief that the Circuit Court violated his due process rights.  *See id.* at 2, 19–21.

10.     On January 16, 2019, the New Hampshire Supreme Court affirmed the extension of the stalking order and its modified terms.  *See* Ex. A at 1 ("Having considered the briefs and those portions of the record that are properly before us, we conclude that oral argument is unnecessary in this case.  See Sup. Ct. R. 18(a).  We affirm.  The defendant, Paul Maravelias, appeals orders of the Circuit Court (Coughlin, J.), following a three-day evidentiary hearing, extending a civil stalking final order of protection in favor of the plaintiff, Christina DePamphilis, for one year, see RSA 633:3-a, III-c (Supp. 2018), and **modifying the order's terms**." (emphasis added)).  While the New Hampshire Supreme Court concluded that Maravelias's facial challenges to RSA 633:3-a, III-c were not adequately preserved, it considered and rejected his as-applied challenge to that statute.  *Id.* at 8–11.  And although the Court did not discuss Maravelias's specific challenge to the social media modification, it held that "[e]ach of [Maravelias's] remaining arguments [was] not sufficiently developed to warrant further review."  *Id.* at 11.

C.      **Subsequent Events and Procedural History**

11.     Maravelias alleges that the stalking order was again extended on January 24, 2019, and that he remains subject to the terms of both that order and the social media modification.  *See* ECF Doc. #22 at 10, ¶ 43.  He alleges that on February 8, 2019, he was interviewed by Sergeant Bryan Smith of the Windham Police Department about the social media posts he attached as exhibits to his New Hampshire Supreme Court brief.  *Id.* at 10–11, ¶¶ 45, 47, 49–50.  Maravelias alleges that Sergeant Smith produced a copy of those exhibits and indicated

that he would likely arrest Maravelias for violating the social media modification to the stalking order if his investigation determined the social media posts in question were not part of an earlier court proceeding. *Id.* at 11, ¶ 50. Maravelias alleges, among other things, that the social media modification and his interaction with Sergeant Smith have chilled his protected speech, forced him to destroy his own property, and caused him "extreme emotional distress and trauma." *Id.* at 11–12, ¶¶ 52, 54–56.

12.     Maravelias filed this action on February 11, 2019, naming as defendants Judge Coughlin in both his official and individual capacities, the Attorney General in his official capacity, the Rockingham County Attorney in her official capacity, the Town of Windham, and the Chief of the Windham Police Department in his official capacity. ECF Doc. #1 ¶¶ 9–14. In his original complaint, Maravelias alleged that the social media modification violated the First Amendment to the United States Constitution (Count 1); violated Part I, Article 22 of the New Hampshire Constitution (Count 2); violated his substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution (Counts 3 through 5); violated the Fourteenth Amendment's Equal Protection Clause (Count 6); and violated the Federal Constitution's prohibition of *ex post facto* laws (Count 7). He also alleged that RSA 633:3-a, III-c is facially overbroad in violation of the First Amendment (Count 8) and is facially void for vagueness as prohibited by the Fourteenth Amendment (Count 9). He asked the court to declare both the social media modification and RSA 633:3-a, III-c unconstitutional and to preliminarily and permanently enjoin the defendants from enforcing either against him.[3] These

---

[3] Maravelias also requested, both in his original complaint and through a separate motion, *see* ECF Doc. #2, that the court issue a temporary restraining order "prohibiting Defendants and their officials, employees, and agents from implementing or enforcing the [social media modification," *see* ECF Doc. #1 at 26, Prayer for Relief. The court denied that request on February 11, 2019. ECF Doc. #4.

requests for relief were sought for only one reason: to prohibit the social media modification and the underlying stalking order from being enforced against him. *See id.* at 26, Prayer for Relief (I–IX).

13.     On April 17, 2019, the Attorney General moved to dismiss Maravelias's complaint in its entirety on the ground that the *Rooker-Feldman* doctrine deprived this court of jurisdiction over Maravelias's claims. *See* ECF Doc. #10. Each of the other defendants also filed motions to dismiss, or joined in their co-defendants motions. *See* ECF Doc. ##11, 12, 18.

14.     In response to those motions, Maravelias filed an amended complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). ECF Doc. #22. The amended complaint contains the same substantive allegations as did the original complaint, and, as relevant here, the prayers for relief in both pleadings are identical. *See id.* at 33–34, Prayer for Relief II–XI.[4] Maravelias has, however, added several paragraphs to his amended complaint designed to evade the *Rooker-Feldman* jurisdictional bar. *See id.* at 15–17, ¶¶ 74–92. As explained below, these arguments are meritless, and this court should dismiss this case for lack of subject-matter jurisdiction based on *Rooker-Feldman*.

## ARGUMENT

15.     The *Rooker-Feldman* doctrine bars Maravelias's claims. Under that doctrine, "'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" *Tyler*, 914 F.3d at 50 (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). *Rooker-Feldman* applies "where the losing party in state court filed suit in federal court after the

---

[4] Prayer I in Maravelias's original complaint asked the court to issue a temporary restraining order. *See* ECF Doc. #1 at 26, Prayer for Relief I. The corresponding prayer for relief in his amended complaint seeks a preliminary injunction, *see* ECF Doc. #22 at 33, Prayer for Relief I, and Maravelias has filed as separate motion for preliminary injunction, which is not yet ripe for review, *see* ECF Doc. #23.

state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Id.* (citations and internal quotation marks omitted). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.* (same omissions).

16. While "it is true that the *Rooker-Feldman* doctrine does not bar a general attack on the constitutionality of a state law that does not require review of a judicial decision in a particular case," "that exception does not apply if the relief sought in federal court is directed toward undoing the prior state judgment." *Id.* at 51 (same omissions). "Moreover, the *Rooker-Feldman* jurisdictional bar is not contingent upon an identity between the issues actually litigated in the prior state-court proceeding and the issues proffered in the subsequent federal suit." *Id.* (same omissions). "Instead, the critical datum is whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment." *Id.* (same omissions).

17. Maravelias's claims in this case are wholly designed as an end-run around the social media modification and the underlying stalking order. His claims directly challenging the social media modification are on their face an attempt to undo that modification. This is plain from the relief Maravelias seeks: a declaration that the social media modification is unconstitutional and an injunction barring its enforcement. To grant that relief, this court would necessarily have to reject the judgment of the New Hampshire Circuit Court in imposing the social media modification and of the New Hampshire Supreme Court in upholding it. That Maravelias previously raised in state court many of the same arguments he now advances in his

complaint only further illustrates this point.[5]  *Rooker-Feldman* therefore bars this court from hearing Maravelias's claims challenging the social media modification.

18. The same is true of Maravelias's claims challenging the constitutionality of RSA 633:3-a, III-c.  While at first blush those claims might appear to be general attacks on the constitutionality of that statute, they are in fact merely another attempt to undo the social media modification and the underlying stalking order, as the amended complaint's prayers for relief reveal.  Maravelias unsuccessfully raised the same constitutional challenges in both the New Hampshire Circuit Court and the New Hampshire Supreme Court in an attempt to evade or overturn both the stalking order and the social media modification.  The sole purpose in re-raising those challenges now is to prohibit the stalking order and social media modification from being enforced against him.  He therefore asks this court to, in essence, reject the state courts' conclusions with respect to RSA 644-a, III-c, reverse the New Hampshire Supreme Court's decision to uphold both the stalking order and the social media modification, and enjoin the defendants from enforcing that order and modification against him.  He does not seek this relief in the correct forum.  "[T]he only federal court with statutory jurisdiction to review a state court's decision is the [United States] Supreme Court." *Id.* at 50.  Maravelias could have filed a petition for certiorari with the Supreme Court seeking review of the New Hampshire Supreme Court's order.  He apparently did not do so.  He cannot now "'be permitted to do indirectly what he can no longer do directly.'" *id.* (quoting *Rooker*, 263 U.S. at 416)).  His constitutional challenges to RSA 644-a, III-c therefore likewise fall within *Rooker-Feldman*'s jurisdictional

---

[5] Maravelias is not saved by the fact he now raises arguments with respect to the social media modification that he did not raise in state court, as the issues actually litigated in state court and the issues subsequently raised in federal court need not be identical for *Rooker-Feldman* to apply.  *See Tyler*, 914 F.3d at 51.

bar, since they seek only to bar enforcement of an order and modification duly issued in state court.

19. In his amended complaint, Maravelias devotes several paragraphs to explaining why, in his view, *Rooker-Feldman* does not apply to his claims. This discussion, which is essentially a series of legal arguments, does not contain any well-pleaded factual allegations, but rather consists of the sort of "legal conclusions couched as fact" this court need not assume true for the purposes of its analysis. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (quotation marks, bracketing, and ellipsis omitted). And, as explained below, each of those legal arguments fails as a matter of law.

20. Maravelias's main contention is that the *Rooker-Feldman* doctrine cannot apply to his claims because the New Hampshire Supreme Court never adjudicated the social media modification. He argues that "[t]he overriding thrust of [his] appeal was to vacate the 2018 extension of the stalking order, not to challenge the constitutionality of [the social media modification]." ECF Doc. #22 at 15, ¶ 75. He contends that the New Hampshire Supreme Court "affirmed the extension of the underlying stalking order without ever addressing the [social media modification]." *Id.* at 15, ¶ 76. Thus, according to Maravelias, there has been no final state-court judgment with respect to the social media modification.

21. Maravelias is incorrect. As noted above, Maravelias challenged the social media modification both in his Notice of Appeal and in his merits brief. *See* Ex. B at 3; Ex. C at 4–5, 54–57. In its Order affirming the Circuit Court's judgment, the New Hampshire Supreme Court expressly noted that Maravelias was appealing both "orders . . . extending a civil stalking final order of protection . . . and modifying the order's terms." Ex. A at 1. And while the New Hampshire Supreme Court did not directly address the social media modification in its order, it

noted that "[e]ach of [Maravelias's] remaining arguments [was] not sufficiently developed to warrant further review." *Id.* at 11. The New Hampshire Supreme Court record therefore conclusively demonstrates that Maravelias challenged the social media modification on appeal, and the New Hampshire Supreme Court rejected that challenge. Accordingly, the New Hampshire Supreme Court's order constitutes a final state-court judgment in relation to the social media modification.

22. But even if Maravelias had not challenged the social media modification on appeal, the result would be the same. Maravelias argued to the Circuit Court that the social media modification was unconstitutional. *See* ECF Doc. #22 at 7–8, ¶¶ 27–28, 30; *see generally* ECF Doc. #22-7, ECF Doc. #22-2 at 5–12. By granting that modification, the Circuit Court necessarily rejected Maravelias's arguments. If Maravelias had not appealed that determination, the Circuit Court's order would have become the final judgment in the case. Under such circumstances, *Rooker-Feldman* retains its force. *See Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 66 (1st Cir. 2018) (holding that a lower court judgment was a final state-court judgment for *Rooker-Feldman* purposes when the plaintiff forfeited her right to appeal by failing to post the required appeal bond). Thus, even if Maravelias had not challenged the social media modification on appeal, there would still be a final state-court judgment with respect to that modification.[6]

23. Marvelias alternatively argues that there has not been a final state-court judgment as to the social media modification because "DePamphilis obtained another final extension of the

---

[6] This reasoning equally applies to Maravelias suggestion that he was deprived meaningful appellate review of the social media modification because the New Hampshire Supreme Court denied his request to increase the word limit for his merits brief. See ECF Doc. #22 at 15, ¶ 78. The fact that Maravelias prioritized other appellate issues over his challenge to the social media modification does not make the state-court judgments as to that modification any less final.

stalking order in Derry Circuit Court on 3/8/19" and, accordingly, "[t]he underlying case is ongoing and not ended." ECF Doc. #22 at 17, ¶ 87 (emphasis and quotation marks omitted). The First Circuit rejected a similar argument in *Tyler*. In that case, the plaintiff argued that there was no final state-court judgment because her federal claims were related to a family court matter that would "remain pending for at least another ten years." *Tyler*, 914 F.3d at 52 (internal quotation marks omitted). The First Circuit rejected that argument, noting that there was "no suggestion that the family court [would] ever reconsider the federal claims" at issue on appeal. *Id.* (citation omitted). The same is true here. Accordingly, Maravelias cannot avoid *Rooker-Feldman* simply because the underlying stalking order and social media modification continue to be extended.

24. Maravelias also suggests that *Rooker-Feldman* should not apply due to certain perceived grievances he has with the New Hampshire Supreme Court, DePamphilis, and Judge Coughlin. These arguments are nothing more than the types of "bald conclusions, unrelieved rhetoric, and pejorative epithets" this court need not consider in the Rule 12(b)(1) context. *Vigueira*, 140 F.3d at 15. They therefore do not move this case outside of *Rooker-Feldman*'s jurisdictional bar.

## CONCLUSION

25. To grant Maravelias the relief he seeks in this case would require this court to review and reject the judgments of the New Hampshire Circuit Court and the New Hampshire Supreme Court. *Rooker-Feldman* prohibits such review. Maravelias's arguments to the contrary in his amended complaint are meritless. Accordingly, this court should dismiss Maravelias's claims, as brought against the Attorney General, for lack of subject-matter jurisdiction.

26. No separate memorandum of law is required in support of this motion as all of the relevant legal authority relied upon is cited herein. LR 7.1(a)(2).

WHEREFORE, Gordon J. MacDonald respectfully requests that this Honorable Court:

A. Grant this motion to dismiss;

B. Dismiss all claims against him; and

C. Grant such further relief as this court deems just and proper.

Respectfully submitted,

GORDON J. MACDONALD,

By his attorneys

Date: May 17, 2019          /s/ Samuel R. V. Garland
Samuel R.V. Garland, Bar #266273
Attorney
Anthony J. Galdieri, Bar # 18594
Senior Assistant Attorney General
New Hampshire Dept. of Justice
33 Capitol Street
Concord, NH 03301
(603) 271-3650
anthony.galdieri@doj.nh.gov
samuel.garland@doj.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was mailed this day, postage prepaid, to Paul Maravelias, 34 Mockingbird Hill Rd., Windham, NH 03087.

Date: May 17, 2019

/s/ Samuel R. V. Garland
Samuel R.V. Garland