UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
*************************************
Paul Maravelias,                    *
                                    *
        Plaintiff,                  *
    v.                              *   Civil No. 1:19-cv-00143-SM
                                    *
John J. Coughlin, et al.,           *
                                    *
        Defendants.                 *
                                    *
*************************************
```

### DEFENDANT JOHN J. COUGHLIN'S
### MOTION TO DISMISS AMENDED COMPLAINT

Hon. John J. Coughlin respectfully moves to dismiss the claims against him pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support thereof, Judge Coughlin states as follows:

1.     On May 6, 2019, plaintiff Paul Maravelias filed an amended complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). *See* ECF Doc. #22. Co-defendant Gordon J. MacDonald, named in his official capacity as New Hampshire Attorney General, has filed a Rule 12(b)(1) motion to dismiss that complaint for lack of subject-matter jurisdiction on the basis that the *Rooker-Feldman* doctrine bars Maravelias's claims. Because Maravelias brings the same claims against Judge Coughlin, and because the *Rooker-Feldman* likewise applies for the reasons stated in the Attorney General's motion, Judge Coughlin joins that motion and incorporates it herein by reference. Judge Coughlin therefore respectfully requests that the court dismiss Maravelias's claims for lack of subject-matter jurisdiction for the reasons stated in the Attorney General's motion.

1

2. As discussed below, however, Maravelias's claims against Judge Coughlin are also barred by the doctrine of judicial immunity. This serves as an independent basis to dismiss those claims.

**I.     Standard of Review**

3. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "take the complaint's well-pleaded facts as true" and "draw all reasonable inferences in the plaintiff['s] favor." *Barchock v. CVS Health Corp.*, 886 F.3d 43, 48 (1st Cir. 2018) (citation and internal quotation marks omitted). "Well pleaded facts must be non-conclusory and non-speculative." *Id.* (same omissions). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (same omissions). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Id.* (same omissions).

**II.    Background**

4. The Attorney General lays out the relevant factual background in his motion to dismiss. Judge Coughlin adopts that background and incorporates it herein by reference.

5. In short, Maravelias filed this action on February 11, 2019, seeking to overturn two rulings that Judge Coughlin made in his capacity as a New Hampshire Circuit Court judge: a June 15, 2018 order extending by a year a civil stalking order prohibiting Maravelias from contacting a woman named Christina DePamphilis, to which Maravelias was already subject, ECF Doc. #1 at 6, ¶ 21; and an August 7, 2018 order granting DePamphilis's motion to modify the stalking order to prohibit Maravelias from "gain[ing] access to or possess[ing] any of [DePamphilis's] social media communications either directly or through a third party," *id.* at 6, 7, ¶¶ 22, 23, 29.

Maravelias asked the court: to declare the August 7, 2018 modification unconstitutional; to declare N.H. Rev. Stat. Ann. § 633:3-a, III-c, the statute governing the procedure for extending stalking orders, unconstitutional; and to preliminarily and permanently enjoin the defendants from enforcing either the modification or the statute against him.

6. Judge Coughlin, along with all of his co-defendants, moved to dismiss the original complaint. *See* ECF Doc. ## 10, 11, 12, 18. In his prior motion to dismiss, Judge Coughlin argued, as he does here, that Maravelias's claims are barred by the *Rooker-Feldman* doctrine and doctrine of judicial immunity. *See* ECF Doc. #11.

7. Maravelias amended his complaint as of right under Rule 15(a)(1). ECF Doc. #22. His amended complaint contains the same substantive allegations, includes the same nine counts, and seeks the same relief as did his original complaint. *Compare id. with* ECF Doc. #1. The amended complaint does, however, contain several new paragraphs plainly designed to avoid that application of *Rooker-Feldman* or the doctrine of judicial immunity to this case. *See, e.g.*, ECF Doc. #22 ¶¶ 33–35, 37–42, 72, 74–92, 105, 136.

8. The Attorney General has explained in his motion to dismiss the amended complaint why Maravelias's arguments as to the *Rooker-Feldman* doctrine are unavailing. Judge Coughlin joins in those arguments, and incorporates them herein by reference.

9. As explained below, the statements and arguments added to the amended complaint also fail to create a plausible inference that Judge Coughlin acted in clear absence of all jurisdiction when he granted the social media modification. Accordingly, Maravelias's claims against Judge Coughlin, as alleged in the amended complaint, remain barred by the doctrine of judicial immunity as a matter of law.

### III. Judicial Immunity Bars Maravelias's Claims Against Judge Coughlin.

10. The First Circuit recently discussed the doctrine of judicial immunity in *Zenon v. Guzman*, __ F.3d __, 2019 WL 2119627 (1st Cir., May 15, 2019). In that case, the First Circuit noted that the Supreme Court set forth the doctrine in *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335 (1871), and emphasized that the "breadth of the protection is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith." *Id.* at *4. The court noted that "it is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." *Id.* (citing *Goldstein v. Galvin*, 19 F.3d 16, 25 (1st Cir. 2013)). The court explained that "immunity is overcome only in cases where a judge is carrying out a nonjudicial action, or in instances where a judge takes an action, though seemingly 'judicial in nature,' that is 'in the complete absence of all jurisdiction.'" *Id.* at *5 (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam)). Thus, according to the First Circuit, "the relevant inquiry is the 'nature' and 'function' of the act, not the act itself." *Id.* (quoting *Mireles*, 502 U.S. at 13).

11. Maravelias's claims against Judge Coughlin arise from rulings Judge Coughlin made in his capacity as a New Hampshire Circuit Court judge. However vehemently Maravelias disagrees with those rulings, they cannot reasonably be viewed as anything other than judicial in nature. Accordingly, absolute judicial immunity bars the claims against Judge Coughlin unless Maravelias has plausibly alleged that Judge Coughlin acted in the clear absence of jurisdiction when he issued the challenged rulings. Maravelias has not so alleged.

12. The United States Supreme Court has drawn a distinction between a judicial act in excess of jurisdiction, to which judicial immunity extends, and an act in clear absence of

4

jurisdiction, for which immunity is not available. *See Stump v. Sparkman*, 435 U.S. 349, 355–357 (1978). The Court illustrated this distinction as follows:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Id.* at 357 n.7 (citation omitted).

13. RSA 633:3-a vests the New Hampshire Circuit Court with jurisdiction to hear civil stalking petitions, grant civil stalking orders, extend such orders, and "grant such relief as may be necessary to provide for the safety and well-being of the plaintiff." *See* RSA 633:3-a, III-a, III-c. While Maravelias alleges that Judge Coughlin exceeded his authority by granting the extension and modification at issue in this case, these allegations, to the extent they are not conclusory, at most support an inference that Judge Coughlin acted in excess of his jurisdiction, not that he acted in clear absence of jurisdiction. Judge Coughlin is therefore entitled to absolute judicial immunity on Maravelias's claims.

14. Maravelias resists this outcome by contending that judicial officers do not commonly grant modifications to stalking orders like the one he challenges in this case and that, prior to Judge Coughlin in this case, no trial court in the history of New Hampshire has granted such a modification. These assertions, for which Maravelias provides no support, are wholly conclusory and speculative. They are therefore not entitled to an assumption of truth for the purposes of Rule 12(b)(6). *See Barchock*, 886 F.3d at 48.

15. Yet even if they were entitled to such an assumption, neither assertion creates a plausible inference that Judge Coughlin acted in clear excess of all jurisdiction when he granted the social media modification. The mere fact that a court has not previously fashioned a particular

5

remedy does not mean that it clearly lacks jurisdiction to do so. This is particularly true when the modification in question concerns a modern technology like social media, which numerous courts have recognized presents unique challenges to our justice system. *See, e.g.*, *United States v. Browne*, 834 F.3d 403, 405 (3d Cir. 2016) ("The advent of social media has presented the courts with new challenges in the prosecution of criminal offenses . . . ."); *Bell v. Itawamba Cty. Sch. Bd.*, 799 F.3d 379, 392 (5th Cir. 2015) (noting that modern technologies, like social media, "present new and evolving challenges" related to regulation of speech in schools); *Clark v. Viacom Int'l Inc.*, 617 F. App'x 495, 506 (6th Cir. 2015) (noting that "[d]ifficult questions arise" when analyzing defamation actions in the social-media age); *United States v. Fumo*, 655 F.3d 288, 331 (3d Cir. 2011), as amended (Sept. 15, 2011) (Nygaard, J., concurring in part and dissenting in part) ("I write separately, however, to briefly highlight the challenges that the proliferation of social media presents to our system of justice.").

16.     Maravelias's remaining assertions that Judge Coughlin lacked equitable authority to issue the social media modification, that Judge Coughlin was biased against Maravelias, that Judge Coughlin acted in bad faith against Maravelias, and that Judge Coughlin's order granting the modification was not a judicial act are all wholly conclusory. These assertions therefore do not create a plausible inference that Judge Coughlin acted in clear absence of jurisdiction when he granted the social media modification.

17.     Finally, 42 U.S.C. § 1983 states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Maravelias does not allege in his complaint that Judge Coughlin violated a declaratory decree or that declaratory relief was otherwise unavailable. Thus, to the extent Maravelias seeks injunctive relief against

Judge Coughlin under § 1983, his claims must likewise be dismissed. *See also Pierson v. Ray*, 386 U.S. 547, 554–55 (1967) (recognizing that judicial immunity applies to claims brought under § 1983).

### IV. Conclusion

18. This court lacks jurisdiction over Maravelias's claims, as asserted in his amended complaint, for the reasons stated in the Attorney General's motion to dismiss. But even the court had jurisdiction over those claims, Judge Coughlin is entitled to absolute judicial immunity for the reasons stated above. This court should accordingly dismiss Maravelias's claims against Judge Coughlin.

19. No separate memorandum of law is required in support of this motion as all of the relevant legal authority relied upon is cited herein. LR 7.1(a)(2).

WHEREFORE, Hon. John J. Coughlin respectfully requests that this Honorable Court issue an order:

A. Dismissing all of the claims against him; and

B. Granting any such further relief as the court may deem just and equitable.

        Respectfully submitted,

        **HON. JOHN J. COUGHLIN**

        By his attorney,

        GORDON J. MACDONALD
        ATTORNEY GENERAL

Date: May 20, 2019        /s/ Nancy J. Smith
        Nancy J. Smith, NH Bar ID # 9085
        Senior Assistant Attorney General
        New Hampshire Attorney General's Office
        33 Capitol Street

Concord, NH 03301
Phone: (603) 271-3650
nancy.smith@doj.nh.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was mailed this day, postage prepaid, to Paul Maravelias, 34 Mockingbird Hill Rd., Windham, NH 03087.

Date:  May 20, 2019                /s/ Nancy Smith
                                          Nancy Smith