Case 1:19-cv-00143-SM Document 28 Filed 05/20/19 Page 1 of 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| Paul Maravelias, | * |
| | * |
| Plaintiff, | * |
| v. | * Civil No. 1:19-cv-00143-SM |
| | * |
| John J. Coughlin, et al., | * |
| | * |
| Defendants. | * |

## DEFENDANT PATRICIA CONWAY'S NOTICE THAT SHE JOINS IN GORDON J. MACDONALD'S MOTION TO DISMISS THE PLAINTIFF'S AMENDED COMPLAINT

Patricia Conway, the County Attorney for Rockingham County in her official capacity, by and through her attorneys, Sheehan Phinney Bass & Green, P.A., respectfully notifies the Court that she joins in the Motion to Dismiss Pursuant to Rule 12(b)(1) filed on May 17, 2019 [ECF Doc. No. 26] by Gordon J. MacDonald, in his official capacity as New Hampshire Attorney General ("Attorney General") in connection with the Plaintiff's First Amended Verified Complaint [ECF Doc. No. 22].

The claims interposed by the Plaintiff in his Amended Complaint against the Attorney General are the same as those made against County Attorney Conway. The relief sought by the Plaintiff, under any theory of recovery, is dependent upon this Court's rejection of the orders of the New Hampshire Circuit Court extending and modifying the order in DePamphilis v. Maravelias, and the New Hampshire Supreme Court's confirmation of that order on Maravelias's appeal. Respectfully, this matter runs afoul of the Rooker-Feldman Doctrine and must be dismissed for lack of subject matter jurisdiction. See, e.g., Exxon Mobil Corp. v. Saudi Basic Ind. Corp., 544 U.S. 280, 284 (2005) (the Rooker-Feldman doctrine applies to "cases brought by

state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); Tyler v. Supreme Judicial Court of Massachusetts, 914 F.3d 47, 50-51 (1st Cir. 2019) (Rooker-Feldman applies because "the relief Tyler seeks is entirely predicated on her insistence that the SJC erred in the 2017 adjudication of her case").

Accordingly, the County Attorney adopts the subject matter jurisdiction arguments raised in the Attorney General's Motion to Dismiss. As the County Attorney adopts and incorporates the Attorney General's Motion to Dismiss by reference, no further Memorandum of Law is required.

WHEREFORE, Patricia Conway, as Rockingham County Attorney and in her official capacity, respectfully requests that the Court:

A. Dismiss the Plaintiff's First Amended Verified Complaint for lack of subject matter jurisdiction;

B. Grant such other and further relief in favor of the Defendants as the Court deems necessary and just.

                    Respectfully submitted,

                    **PATRICIA CONWAY, ROCKINGHAM COUNTY ATTORNEY, IN HER OFFICIAL CAPACITY**

                    By Its attorneys,

                    **SHEEHAN PHINNEY BASS & GREEN, PROFESSIONAL ASSOCIATION**

Dated: May 20, 2019         By: */s/ Christopher Cole*
                                        Christopher Cole, Esquire (NH Bar No. 8725)
                                        Sheehan Phinney Bass & Green, PA.
                                        1000 Elm Street, P.O. Box 3701
                                        Manchester, NH 03105-3701

(603) 627-8223
ccole@sheehan.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 20th day of May 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to Defendant's respective Counsel of Record, and mailed, via Registered Mail, a copy of this Notice to the Plaintiff as follows:

Mr. Paul Maravelias
34 Mockingbird Hill Road
Windham, NH 03087

Date: May 20, 2019                          /s/ Christopher Cole
                                            Christopher Cole, Esquire