# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| Paul Maravelias, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:19-cv-00143-SM |
| ) | |
| John J. Coughlin, et al ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT TOWN OF WINDHAM AND GERALD LEWIS'S JOINDER TO GORDON J. MACDONALD'S OBJECTION TO THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Town of Windham, New Hampshire, the Windham Police Department, and Gerald S. Lewis ("the Windham Defendants"), by and through their attorneys, Donahue, Tucker & Ciandella, PLLC, respectfully submits this Joinder to the Gordon J. MacDonald's ("Attorney General") Objection to Plaintiff's Motion for Preliminary Injunction. In support, thereof, the Windham Defendants state as follows:

1. On May 6, 2019, the Plaintiff, Paul Maravelias, filed his First Amended Verified Complaint for Declaratory and Injunctive Relief ("Amended Complaint").

2. On May 13, 2019, the Plaintiff filed a Motion for Preliminary Injunction.

3. On May 16, 2019, the Windham Defendants filed a Motion to Dismiss the Amended Complaint in which the Windham Defendants argued that this Court should dismiss Mr. Maravelias' Amended Complaint under the Rooker-Feldman Doctrine and due to lack of standing.

4. On May 28, 2019, the Attorney General filed an Objection to the Plaintiff's Motion for Preliminary Injunction in which the Attorney General argues that the Court should deny the

Plaintiff's Motion because (a) the Court lacks subject matter jurisdiction under the Rooker-Feldman Doctrine; (b) the Plaintiff has not demonstrated that he is likely to succeed on the merits of his case; and (c) the Plaintiff has not met his burden under any of the preliminary injunction factors.

5. The Windham Defendants hereby join in the Attorney General's Objection to the Motion for Preliminary Injunction and adopt the Attorney General's arguments as if set forth fully herein.

6. In addition to the arguments raised by the Attorney General, the Windham Defendants further assert that the Plaintiff lacks standing to assert claims against the Windham Defendants. "Plaintiffs must demonstrate a personal stake in the outcome in order to assure that concrete adverseness which sharpens the presentation of the issues necessary for the proper resolution of constitutional questions." Lyons v. L.A., 461 U.S. 95, 101 (1982) (quotation omitted and emphasis added). "The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. at 101-02 (quotations omitted, emphasis added).

7. Absent from the Plaintiff's Amended Complaint or the Plaintiff's Motion for Preliminary Injunction is any allegation that the Windham Defendants have taken any action with regard to the Plaintiff other than investigate a complaint that Plaintiff allegedly violated the extended terms. It is undisputed that the Plaintiff has not been arrested or indicted by the Windham Defendants for violating the subject stalking order. Therefore, Plaintiff's claims of injury merely consist of speculation as to what the Windham Defendants' may do at an unspecified time in the future. See, e.g., ECF Doc. # 22 ¶51, 59-60, 67. Still missing from the Plaintiff's Amended

2

Complaint is any assertion that the Plaintiff has "sustained or is immediately in danger of sustaining some <u>direct</u> injury . . . [that is] both <u>real and immediate</u>, not conjectural or hypothetical." <u>Lyons</u>, 461 U.S. at 101-02 (1982) (emphasis added).  As such, this Court should deny the Plaintiff's Motion for Preliminary Injunction because the Plaintiff has not pled and has not asserted a sufficient injury to confer standing.

8. For similar reasons, the Plaintiff has not demonstrated the requisite immediate and irreparable harm to justify the issuance of injunctive relief.  <u>See</u> <u>O'Shea v. Littleton</u>, 414 U.S. 488, 502 (1974) (holding that Plaintiff failed to adequately plead basis for equitable relief because Plaintiff could not show "the likelihood of substantial and immediate irreparable harm").

9. As all of the Windham Defendants' arguments are set forth in this Joinder, no further Memorandum of Law is required.

WHEREFORE, the Defendants respectfully request that this Honorable Court:

A. Deny the Plaintiff's Motion for Preliminary Injunction;

B. Dismiss this action for lack of subject matter jurisdiction; and

C. Grant such further relief as is just and equitable.

Dated: May 31, 2019

                                         Respectfully Submitted,

                                         TOWN OF WINDHAM, ex. rel.
                                         WINDHAM POLICE DEPARTMENT, and
                                         GERALD S. LEWIS

                                         By and Through Their Attorneys

                                         DONAHUE, TUCKER, & CIANDELLA, PLLC

                                         /S/ Eric A. Maher

                                         Eric A. Maher, Esq.
                                         NHBA# 21185
                                         16 Acadia Lane
                                         Exeter, NH 03833
                                         (603)778-0686
                                         emaher@dtclawyers.com

## CERTIFICATION

     I herein certify that a copy of the foregoing has this date been transmitted electronically through the ECF filing system to Plaintiff Paul Maravelias and all counsel of record for the Defendants.

                                         /S/ Eric A. Maher
                                         Eric A. Maher, Esq.