**EXHIBIT A**
"5/31/19 Notice of Appeal"
1:19-CV-00143(SM)
Mem. of Law in Support of
Plaintiff's 6/3/19 Opp. to Def.
MacDonald's MtD.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

## RULE 7 NOTICE OF MANDATORY APPEAL

This form should be used for an appeal from a final decision on the merits issued by a superior court or circuit court except for a decision from: (1) a post-conviction review proceeding; (2) a proceeding involving a collateral challenge to a conviction or sentence; (3) a sentence modification or suspension proceeding; (4) an imposition of sentence proceeding; (5) a parole revocation proceeding; (6) a probation revocation proceeding; (7) a landlord/tenant action or a possessory action filed under RSA chapter 540; (8) an order denying a motion to intervene; or (9) a domestic relations matter filed under RSA chapters 457 to 461-A other than an appeal from a final divorce decree or from a decree of legal separation. (An appeal from a final divorce decree or from a decree of legal separation should be filed on this form.)

1. COMPLETE CASE TITLE AND CASE NUMBERS IN TRIAL COURT

    **Christina DePamphilis v. Paul Maravelias**
    473-2016-CV-00124

2. COURT APPEALED FROM AND NAME OF JUDGE(S) WHO ISSUED DECISION(S)

    10th Circuit Court - District Division - Derry
    Hon. Elizabeth M. Leonard

3A. NAME AND MAILING ADDRESS OF APPEALING PARTY. IF REPRESENTING SELF, PROVIDE E-MAIL ADDRESS AND TELEPHONE NUMBER

Paul Maravelias
34 Mockingbird Hill Rd
Windham, NH 03087

E-Mail address: **paul@paulmarv.com**

Telephone number: **(603) 475-3305**

3B. NAME, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS AND TELEPHONE NUMBER OF APPEALING PARTY'S COUNSEL

E-Mail address: _____
Telephone number: _____

4A. NAME AND MAILING ADDRESS OF OPPOSING PARTY. IF OPPOSING PARTY IS REPRESENTING SELF, PROVIDE E-MAIL ADDRESS AND TELEPHONE NUMBER

Christina DePamphilis

E-Mail address: _____
Telephone number: _____

4B. NAME, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS AND TELEPHONE NUMBER OF OPPOSING PARTY'S COUNSEL

Simon R. Brown, Esq.
Preti, Flaherty, Beliveau & Pachios, LLP
P.O. Box 1318
Concord, NH 03302

E-Mail address: **sbrown@preti.com**
Telephone number: **(603) 410-1500**

Case Name: _____ Christina DePamphilis v. Paul Maravelias _____

**RULE 7 NOTICE OF MANDATORY APPEAL**

---

5. NAMES OF ALL OTHER PARTIES AND COUNSEL IN TRIAL COURT

_____
_____
_____
_____
_____
_____
_____
_____

---

6. DATE OF CLERK'S NOTICE OF DECISION OR SENTENCING. ATTACH COPY OF NOTICE AND DECISION.

**March 11th, 2019**

DATE OF CLERK'S NOTICE OF DECISION ON POST-TRIAL MOTION, IF ANY. ATTACH COPY OF NOTICE AND DECISION.

**May 21st, 2019**

7. CRIMINAL CASES: DEFENDANT'S SENTENCE AND BAIL STATUS

_____
_____
_____
_____
_____
_____
_____

---

8. APPELLATE DEFENDER REQUESTED?     ☐ YES    ☒ NO
IF YOUR ANSWER IS YES, YOU MUST CITE STATUTE OR OTHER LEGAL AUTHORITY UPON WHICH CRIMINAL LIABILITY WAS BASED AND ATTACH FINANCIAL AFFIDAVIT (OCC FORM 4)

_____
_____

---

9. IS ANY PART OF CASE CONFIDENTIAL?     ☐ YES    ☒ NO
IF SO, IDENTIFY WHICH PART AND CITE AUTHORITY FOR CONFIDENTIALITY.
SEE SUPREME COURT RULE 12.

_____
_____

---

10. IF ANY PARTY IS A CORPORATION, LIST THE NAMES OF PARENTS, SUBSIDIARIES AND AFFILIATES.

_____
_____

---

11. DO YOU KNOW OF ANY REASON WHY ONE OR MORE OF THE SUPREME COURT JUSTICES WOULD BE DISQUALIFIED FROM THIS CASE?     ☐ YES    ☒ NO

IF YOUR ANSWER IS YES, YOU MUST FILE A MOTION FOR RECUSAL IN ACCORDANCE WITH SUPREME COURT RULE 21A.

---

12. IS A TRANSCRIPT OF TRIAL COURT PROCEEDINGS NECESSARY FOR THIS APPEAL?
        ☒ YES         ☐ NO

IF YOUR ANSWER IS YES, YOU MUST COMPLETE THE TRANSCRIPT ORDER FORM ON PAGE 4 OF THIS FORM.

Case Name: _____ **Christina DePamphilis v. Paul Maravelias** _____

**RULE 7 NOTICE OF MANDATORY APPEAL**

13. LIST SPECIFIC QUESTIONS TO BE RAISED ON APPEAL, EXPRESSED IN TERMS AND CIRCUMSTANCES OF THE CASE, BUT WITHOUT UNNECESSARY DETAIL.  STATE EACH QUESTION IN A SEPARATELY NUMBERED PARAGRAPH.  SEE SUPREME COURT RULE 16(3)(b).

1. Is RSA 633:3-a, III-c. unconstitutionally overbroad or void for vagueness on its face or as-applied to this case?

2. Compared to RSA 633:3-a, III-a, does the different and lower standard for extending stalking orders at RSA 633:3-a, III-c. violate substantive due process or constitutional equal protection rights?

3. Did the trial court violate Maravelias's procedural or substantive due process rights?

4. Was Maravelias prejudiced by inadequate notice as to the allegations the trial court was considering against him at the Hearing on plaintiff's motion to extend the stalking order?

5. Did the trial court afford Maravelias a fair and full opportunity to be heard on all his arguments and claims he wished to raise?

6. Did the trial court engage in unreasonable dilatory practices prejudicing Maravelias?

7. Did the trial court err in ignoring, or in tacitly denying by virtue of never ruling upon, Maravelias's post-trial Motion to Dismiss?

8. Did the trial court err when it refused to make a specific finding, upon defendant's request, regarding what "offensive" "public postings on the internet" caused it to grant the extension?

9. Did the trial court unsustainably exercise its discretion in granting the extension?

10. Were the facts of defendant's legitimate non-threatening expressive speech in public relied upon by the trial court sufficient to form the basis for its finding there was "good cause" concern for plaintiff's "safety or well-being" to warrant stalking order extension?

11. Given Christina DePamphilis's history of mid-order incitative harassment against Maravelias, did the trial court's findings support the conclusion that the defendant's conduct would cause a reasonable person "ongoing" "fear for her safety"?

12. Where the trial court failed even to identify the correct version of its own summer 2018 "extended terms" in effect, did it unsustainably exercise discretion in continuing them?

13. Did the trial court violate Maravelias's state or federal constitutional rights by re-imposing the summer 2018 "extended terms"?

14. Is this state appellate court an adequate, impartial forum granting Maravelias a fair and full opportunity to litigate his claims under the federal Constitution of the United States of America?

Case Name: _____Christina DePamphilis v. Paul Maravelias_____

**RULE 7 NOTICE OF MANDATORY APPEAL**

14. CERTIFICATIONS

    I hereby certify that every issue specifically raised has been presented to the court below and has been properly preserved for appellate review by a contemporaneous objection or, where appropriate, by a properly filed pleading.

_____
Appealing Party or Counsel

    I hereby certify that on or before the date below, copies of this notice of appeal were served on all parties to the case and were filed with the clerk of the court from which the appeal is taken in accordance with Rule 26(2).

**May 31st, 2019**_____    _____
Date                                                              Appealing Party or Counsel

Case Name: _____ Christina DePamphilis v. Paul Maravelias _____

**RULE 7 NOTICE OF MANDATORY APPEAL**

# TRANSCRIPT ORDER FORM

INSTRUCTIONS:
1. If a transcript is necessary for your appeal, you <u>must</u> complete this form.
2. List each portion of the proceedings that must be transcribed for appeal, e.g., entire trial (see Supreme Court Rule 15(3)), motion to suppress hearing, jury charge, etc., and provide information requested.
3. Determine the amount of deposit required for each portion of the proceedings and the total deposit required for all portions listed. Do <u>not</u> send the deposit to the Supreme Court. You will receive an order from the Supreme Court notifying you of the deadline for paying the deposit amount to the court transcriber. Failure to pay the deposit by the deadline may result in the dismissal of your appeal.
4. The transcriber will produce a digitally-signed electronic version of the transcript for the Supreme Court, which will be the official record of the transcribed proceedings. Parties will be provided with an electronic copy of the transcript in PDF-A format. A paper copy of the transcript will also be prepared for the court.

| PROCEEDINGS TO BE TRANSCRIBED | | | | | |
|---|---|---|---|---|---|
| PROCEEDING DATE (List each day separately, e.g. 5/1/11; 5/2/11; 6/30/11) | TYPE OF PROCEEDING (Motion hearing, opening statement, trial day 2, etc.) | NAME OF JUDGE | LENGTH OF PROCEEDING (in .5 hour segments, e.g.,1.5 hours, 8 hours) | RATE (standard rate unless ordered by Supreme Court) | DEPOSIT |
| 2/12/2019 | DV/Stalking PO Extension Hearing | Leonard, Elizabeth M. | 3.5 hrs. | X $137.50 | $481.25 |
| | | | | **TOTAL DEPOSIT** | **$481.25** |

| PROCEEDINGS PREVIOUSLY TRANSCRIBED | | | | | |
|---|---|---|---|---|---|
| PROCEEDING DATE (List date of each transcript volume) | TYPE OF PROCEEDING (Motion hearing, opening statement, trial day 2, etc.) | NAME OF JUDGE | NAME OF TRANSCRIBER | DO ALL PARTIES HAVE COPY (YES OR NO) | DEPOSIT FOR ADDITIONAL COPIES |
| 1/5/2017 | DV/Stalking Final Hearing | Stephen, Robert S. | Sheri Chism (AVTranz) | ☒ Yes ☐ No | TBD |
| 1/12/2017 | DV/Stalking Final Hearing | Stephen, Robert S. | Brittany Donnell and Nancy Dewitz (AVTranz) | ☒ Yes ☐ No | TBD |
| 2/1/2017 | DV/Stalking Final Hearing | Stephen, Robert S. | Nancy Dewitz and Susan Leong (AVTranz) | ☒ Yes ☐ No | TBD |
| 5/3/2018 | DV/Stalking PO Extension Hearing | Coughlin, John J. | TreLinda Wilson and Maria Vondras (AVTranz) | ☒ Yes ☐ No | TBD |
| 5/4/2018 | DV/Stalking PO Extension Hearing | Coughlin, John J. | Jackie Goldsmith, Luci Clark, Catherine Gonzalez, and Carrie Clouse (AVTranz) | ☒ Yes ☐ No | TBD |
| 6/8/2018 | DV/Stalking PO Extension Hearing | Coughlin, John J. | Brenda Wakelin, Riva Portman, Katie Fuchs, Pessy Kaufman (AVTranz) | ☒ Yes ☐ No | TBD |

**NOTE:** The deposit is an estimate of the transcript cost. After the transcript has been completed, you will be required to pay an additional amount if the final cost of the transcript exceeds the deposit. Any amount paid as a deposit in excess of the final cost will be refunded. The transcript will not be released to the parties until the final cost of the transcript is paid in full.

Enclosed hereinafter (p. 7 – 10) pursuant to Supreme Court Rule 7(6)(A):

1. **(P. 7 – 8)** TRIAL COURT'S **3/8/19** ORDER/DECISION GRANTING STALKING ORDER EXTENSION

2. **(P. 9)** CLERK'S **3/11/19** NOTICE OF 3/8/18 DECISION

3. **(P. 10)** TRIAL COURT'S **4/30/19** DECISION AND CLERK'S **5/21/19** WRITTEN NOTICE THEREOF (COMBINED) DISPOSING OF POST-TRIAL MOTIONS

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

ROCKINGHAM COUNTY                                       10th CIRCUIT - DISTRICT DIVISION - DERRY

**Christina DePamphilis v. Paul Maravelias**

Case No. 473-2016-CV-00124

PNO: 473162012 4

## ORDER ON PLAINTIFF'S REQUEST FOR EXTENSION OF CIVIL STALKING FINAL ORDER OF PROTECTION

This matter was before the Court on February 12, 2019 for a hearing on Christina DePamphilis' Request for an Extension of Stalking Final Protective Order. Ms. DePamphilis appeared and was represented by counsel. Paul Maravelias appeared and was self-represented. The record was left open to allow Mr. Maravelias the opportunity to submit additional pleadings and Ms. DePamphilis to respond.

For purposes of granting an extension of a Stalking Final Protective Order, the question before the Court is whether there exists "good cause" for the requested extension. RSA 633:3-1, III-c; see MacPherson v. Weiner, 158 N.H. 6, 9 (2008). RSA 633:3-1, III-c provides that "the court shall review the order, and each renewal thereof and shall grant such relief as may be necessary to provide for the safety and well-being of the plaintiff." Such relief may include an extension of the order for periods up to 5 years." Id. The New Hampshire Supreme Court has construed RSA 633:3-1, III-c to mean that "whether 'good cause' exists directly relates to the safety and well-being of the plaintiff." MacPherson, 158 N.H. at 10. In making its determination, the Court is required to assess whether the current conditions are such that there is still concern for the safety and well-being of the plaintiff, including reviewing the circumstances of the original petition and any violation of the protective order, while taking into account any present in reasonable fear by the plaintiff. Id.

Having considered the verified pleadings and the credible testimony provided during the hearing, the Court determines that Ms. DePamphilis has sustained her burden of proof to warrant a one year extension of the Stalking Final Protective Order. In particular, the Court finds that Mr. Maravelias continued efforts at disparaging Ms. DePamphilis and her family by making offensive and hateful statements in public postings on the internet demonstrates that he continues to harbor hostility toward her and her family such that legitimate concerns for Ms. DePamphilis' safety and well-being continue to exist. The Court further finds that Ms. DePamphilis' fear for her safety and the safety of her family is on-going, credible and reasonable. The Court notes that as long as Mr. Maravelias continues to engage in this vile conduct that the Court will be hard-pressed not to grant further requests for extensions, including a five year extension as was requested by Ms. DePamphilis.

Having reviewed the current Civil Stalking Final Order of Protection dated February 7, 2017, the Court finds that modification is warranted. The Court modifies paragraphs 2, 5 and 12 of the Protective Order to provide that "**the defendant may enter upon Windham High School for legitimate and limited purposes, including exercising his right to vote and participating in public events. Under such circumstance, the defendant shall have no intentional contact with the plaintiff and shall not come within 25 feet of where she may be.**" The Court denies Mr. Maravelias' request that the Court vacate the added restrictions that he shall not <u>knowingly</u> gain access to or possess the plaintiff's social media communications either directly or through a third party, shall not <u>knowingly</u> communicate

with the plaintiff's current or future academic providers <u>about her</u>, and shall not <u>knowingly</u> communicate with the plaintiff's current or future employers <u>about her</u>. See Court Order dated August 7, 2018 granting Petitioner's Reply to Respondent's Objection to Motion for Modification of Stalking Final Order of Protection to Include Further Conditions (Index No. 42). The Court finds that they are narrowly tailored and reasonably necessary to provide for the safety and well-being of the Ms. DePamphilis. See RSA 633:3-a, III-c.

Accordingly, the Plaintiff's Request for an Extension is GRANTED for an additional one year and the Civil Stalking Final Order of Protection, as modified above, is extended until <u>February 4, 2020</u>.

**So Ordered.**

March 8, 2019
Date

Hon. Elizabeth M. Leonard

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

10th Circuit - District Division - Derry
10 Courthouse Lane
Derry NH 03038

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

March 11, 2019

**PAUL MARAVELIAS**
**34 MOCKINGBIRD HILL RD**
**WINDHAM NH 03087**

Case Name: **Christina DePamphilis v. Paul Maravelias**
Case Number: **473-2016-CV-00124**

Enclosed please find the following order:
*
Order on Plaintiff's Request for Extension of Civil Stalking Final Order of Protection (Narrative)
*
On March 8, 2019 Judge Elizabeth M. Leonard issued the following orders relative to:
*
Defendant's Verified Emergency Ex Parte Motion to Amend or Dismiss Stalking Order to Remedy Voter Suppression Conspiracy Against Respondent
   "See Narrative Order dated 3/8/19 addressing Defendant's right to vote at Windham High School."
*
Defendant's Motion to Amend Stalking Final Order of Protection to Exclude Second-Amendment-Protected Activity
   "Denied."
*
Defendant's Motion for Recusal and Reconsideration
   "Denied as moot in light of the matter being heard by a different judicial officer."

Robin E. Pinelle
Clerk of Court

(431585)

C: Simon Robert Brown, ESQ; Police Department

Case Name: _____ Christina DePamphilis v. Paul Maravelias

<u>**RULE 7 NOTICE OF MANDATORY APPEAL**</u>

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

10th Circuit - District Division - Derry
10 Courthouse Lane
Derry NH 03038

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

May 21, 2019

**PAUL MARAVELIAS**
**34 MOCKINGBIRD HILL RD**
**WINDHAM NH 03087**

Case Name: **Christina DePamphilis v. Paul Maravelias**
Case Number: **473-2016-CV-00124**

On April 30, 2019 Judge Elizabeth M. Leonard issued the following Orders relative to:

**#85 Plaintiff's Verified Motion to Reconsidered**
"The Motion to Reconsider is granted to modify that Defendant may vote and/or attend his sister's graduation at Windham High School so long as Plaintiff is a student at the school. The Motion is denied as to the remaining requested relief."

**#86 Defendant's Motion to Reconsider Denial of 12/10/18 Motion to Amend Stalking Final Order of Protection to Exclude Second-Amendment-Protected Activity**
"Having considered all the arguments & facts raised by the defendant, the motion is denied. The Court finds that the facts support the exercise of discretion to prohibit the defendant's possession of firearms/ammunition while the stalking order is in effect."

**#87 Defendant's Verified Motion Reconsider 3/8/19 Order Granting Stalking Order Extension**
"Having considered the arguments raised in Defendant's Motions to Reconsider (Index #87, 88, 92) and Reply, the Court determines that it did not overlook or misapprehend any points of law or fact in granting the extension and therefore denies defendant's requested relief."

**#90 Defendant's Motion for Clarification**
"The Motion for Clarification is denied, however the Court notes that standards for granting a stalking petition and extending a stalking order are different."

**#91 Defendant's Motion to Strike**
"Denied."

**\*\*NOTE TO POLICE DEPT:** A copy of Plaintiff's Verified Motion to Reconsider (#85) is attached

Robin E. Pinelle
Clerk of Court

(431585)

C: Simon Robert Brown, ESQ; Police Department

NHJB-2012-DFPS (07/01/2011)