UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PAUL MARAVELIAS, <br><br> *Plaintiff,* <br><br> v. <br><br> JOHN J. COUGHLIN, in his individual and official capacities, GORDON J. MACDONALD, in his official capacity as Attorney General of New Hampshire, PATRICIA G. CONWAY, in her official capacity as Rockingham County Attorney, TOWN OF WINDHAM, *ex rel.* WINDHAM POLICE DEPARTMENT, and GERALD S. LEWIS, in his official capacity as Chief of Police. <br><br> *Defendants.* | Civil No. 1:19-CV-143(SM) <br><br> JURY TRIAL DEMANDED |

### PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN J. COUGHLIN'S MOTION TO DISMISS AMENDED COMPLAINT

NOW COMES Paul Maravelias ("Plaintiff") and Objects to Defendant John J. Coughlin's 5/20/19 Motion to Dismiss Amended Complaint. In support thereof, Plaintiff states as follows:

1.   Defendant John J. Coughlin has filed a Motion to Dismiss on 5/20/19. ECF Doc #27. He (1) joins in the Attorney General's Rule 12(b)(1) Motion to dismiss this case under the Rooker-Feldman doctrine and (2) separately moves the Court to dismiss all claims against him pursuant to the doctrine of absolute judicial immunity. *Id.*

2.   Maravelias ("Plaintiff") adopts herein his presentation of the facts, procedural history, and recitation of the appropriate standard of review as presented in within his 6/3/19 "Memorandum of Law in Support of Plaintiff's Opposition to Defendant Gordon J. MacDonald's Motion to Dismiss Amended Complaint".

## ARGUMENT

**I.      Rooker-Feldman Is Inapplicable, As Plaintiff's 6/3/19 Memorandum Shows**

3.      Defendant Coughlin does not air any distinct arguments for dismissal under the Rooker-Feldman doctrine but relies entirely upon his joinder in the Attorney General's 5/17/19 Motion to Dismiss (ECF Doc #26).

4.      Plaintiff has already filed a rigorous opposition and memorandum of law in response to the Attorney General's Rooker-Feldman Motion to Dismiss, exposing the irredeemable inapplicability of Rooker-Feldman in this case. *See* ECF Doc #33.

5.      Plaintiff hereby fully repeats and incorporates by reference his 6/3/19 "Memorandum of Law in Support of Plaintiff's Opposition to Defendant Gordon J. MacDonald's Motion to Dismiss Amended Complaint" (ECF Doc #33).

**II.     Defendant Coughlin Significantly Mischaracterizes The Relief Plaintiff Seeks**

6.      Defendant Coughlin makes a key mischaracterization at Paragraph ¶5 of his Motion which is of enormous significance to the following absolute judicial immunity argument. He claims Plaintiff's instant suit is "seeking to overturn <u>two rulings</u> [he] made in his capacity as New Hampshire Circuit Court judge". ECF Doc #27 at ¶5. (Emphasis added)

7.      Defendant Coughlin goes on to mischaracterize that this suit not only challenges his 8/7/18 Order granting the "extended terms", <u>but also</u> his prior "June 15, 2018" act of granting the underlying protective order to begin with.

8.      This is a reckless and false mischaracterization. There is absolutely nothing in Plaintiff's Original nor Amended Complaint challenging, "seeking to overturn", or even opposing

Defendant Coughlin's prior 6/15/18 act of granting the restraining order to begin with – before the unlawful "extended terms". In support of his deceptive mischaracterization, Defendant cites one single sentence in the Original Complaint ("ECF Doc #1 at 6, ¶21") which appears in a <u>factual background summary</u> section explaining the procedural history of the underlying restraining order.

9.  Plaintiff's prayers for relief do not ask this Court to do anything close to reviewing, overturning, or even remotely implicating Defendant Coughlin's prior 6/15/18 Order causing the existence of the underlying civil restraining order. The case at bar pertains <u>exclusively</u> to the "extended terms" Defendant granted on 8/7/18.

10. Defendant's mischaracterization is not innocent.[1] For purposes of this Motion, Plaintiff irrelevantly concedes that Defendant Coughlin (1) had jurisdiction to grant a restraining order on 6/15/18 and (2) said 6/15/18 Order granting the restraining order was a judicial act.

11. However, the same cannot be said of Defendant Coughlin's key 8/7/18 Order imposing the "extended terms".

### III. <u>Defendant John J. Coughlin Voided His Judicial Immunity By Acting In Complete Absence of Jurisdiction</u>

12. Defendant John J. Coughlin did not merely exceed his jurisdiction when on 8/7/18 he scribbled *"granted as to Petitioner's request for relief A.;B1;B2:B3"* – and nothing more – on the last page DePamphilis's 7/2/18 request, and thus imposed the "extended terms". Rather, he acted in <u>complete absence</u> of jurisdiction and so lacks judicial immunity in relation to said act.

---

[1] In the unlikely event that Maravelias's choice of terminology "extended terms" created a genuine confusion that permitted Defendant to conflate the term "extended" with the renewed 2018 protective order itself (also, arguably, "extended", *viz.*, temporally), Maravelias apologizes and confesses he should have, with his Original Complaint, decided to use the terminology "extremified tyrannical provisions" or "additional arbitrary commandments" instead of "extended terms".

13. Conveniently, Plaintiff's 6/3/19 Memorandum of Law delivers an exhaustive legal corroboration of the extrajurisdictional nature of Defendant's 8/7/18 "extended terms" order because this question is also relevant within the Rooker-Feldman inquiry. Accordingly, Plaintiff repeats and incorporates by reference said 6/3/19 Memorandum of Law (ECF Doc #33) and, particularly, Paragraphs ¶59 – 65 thereof under the heading entitled "<u>John J. Coughlin Granted The 'Extended Terms' Without Any Statutory or Jurisdictional Authority to Exercise Discretion in the Matter</u>"

14. That Defendant Coughlin acted in complete absence of jurisdiction can be shown even at this stage as a matter of law. However, Plaintiff nonetheless avers discovery is needed in this case to obtain further factual basis upon which to show whether Defendant Coughlin's 8/7/18 order was in complete absence of jurisdiction. The Motion to Dismiss should be denied for this reason alone such that Plaintiff has a fair chance to advocate his position.

15. Furthermore, in addition to what he has already said in his 6/3/19 Memorandum of Law, Plaintiff asserts that the NH Circuit Court does not have jurisdiction to grant <u>any additional "terms" to RSA 633:3-a protective orders whatsoever</u>, regardless of the nature of said terms, when a civil petitioner does not ask the court do so within either of two procedural mechanisms the legislature has established: (1) RSA 633:3-a, III-a. (procedure for a new stalking petition) or (2) RSA 633:3-a, III-c. (procedure for petitioning for a renewal of a past stalking order and for any modified terms to serve the petitioner's "safety or well-being" <u>as a part of</u> such renewal cases).

16. It is undisputed that Defendant's 8/7/18 Order was <u>not</u> a part of any new stalking petition pursuant to RSA 633:3-a, III-a. nor was within any RSA 633:3-a, III-c. renewal petition (which had occurred a few months earlier). *See* ECF Doc #33 at ¶62. The fact that Defendant

Coughlin <u>did not</u> hold any hearing on the "extended terms" – despite Maravelias's request – is further evidence that the "extended terms" were never contemplated, even incorrectly so, as being part of a new stalking petition or an RSA 633:3-a, III-c. renewal request, where an in-person evidentiary hearing is mandated by the statute.

17.     While RSA 173-B:5, VIII.(b)[2] creates a statutory mechanism for a "*<u>defendant</u>* [i.e., a person who is *subject* to a protective order]" "to petition the court for modification" "to be excused from any provisions of an order of protection" during the pendency of such orders, the statute <u>does not</u> create any reverse mechanism whereby petitioners can seek further "terms" or "provisions" during the course of such orders not in association with the either (1) the instance of a new petition for a stalking order (RSA 633:3-a, III-a.) or (2) the instance of a petition for a renewal of an extant one (RSA 633:3-a, III-c.). And, as shown in Plaintiff's 6/3/19 Memorandum, Defendant Coughlin had no general equitable jurisdiction in the NH Circuit Court to grant any relief through a civil protective order beyond the confines of what the legislature has specifically authorized in the statute.

18.     Accordingly, the Court likely does not even need to consider the main thrust of the argumentation in Plaintiff's 6/3/19 Memorandum that the "extended term" are completely without jurisdiction because they do not constitute one of the narrow, enumerated "types of relief" the legislature has authorized in RSA 173-B:5, I. – rather, even before the Court need consider such an argument, it is apparent that John Coughlin had absolutely zero jurisdiction to grant <u>any</u> extra provisions whatsoever outside the context of either (1) a RSA 633:3-a, III-a. procedure or (2) a

---

[2] Although RSA 173-B is the distinct New Hampshire statute for Domestic Violence, not "Stalking", protective orders, the stalking statute refers to and incorporates the civil procedural aspects of RSA 173-B controlling the procedure for civil protective order cases of either type. *See* RSA 633:3-a, III-a.

RSA 633:3-a, III-c. procedure, of which DePamphilis's erratic 7/2/18 "extended terms" request was neither.

19. For all further support, Plaintiff relies upon and incorporates ECF Doc #33.

**IV.** **Defendant John J. Coughlin's Act Was Non-Judicial, Lacking Judicial Immunity**

20. Defendant Coughlin lacks judicial immunity for his act on 8/7/18 for the separate and distinct reason that said act was non-judicial.

21. Plaintiff relies upon and incorporates by reference his 6/3/19 Memorandum of Law (ECF Doc #33) and, particularly, Paragraphs ¶66 – 71 thereof under the heading entitled "The 'Extended Terms' Are Not Judicial".

22. No separate memorandum of law is required in support of this objection as all relevant legal authority relied upon is cited herein. *See* LR 7.1(a)(2).[3]

---

[3] Defendant Coughlin's argumentation at Paragraph ¶15 of his Motion is non-responsive to the question of jurisdiction. It has no effect but to argue that his legal error should be perceived as reasonable or understandable. Whether or not social media "presents unique challenges" has nothing to do with whether Defendant Coughlin had jurisdiction to impose extremified provisions to a protective order criminalizing Maravelias's possession of someone else's public speech acts, regardless of the form thereof. Accordingly, Defendant's argumentation at Paragraph ¶15 is meritless.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Paul Maravelias respectfully requests this Honorable Court:

A. Deny Defendant John J. Coughlin's 5/20/19 Motion to Dismiss Amended Complaint;

B. Hold a Hearing on this matter; and

C. Grant any further relief as may be deemed just and proper.

Dated: June 4th, 2019　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　PAUL J. MARAVELIAS,

　　　　　　　　　　　　　　　　　　　　*in propria persona*

　　　　　　　　　　　　　　　　　　　　/s/ Paul J. Maravelias, *pro se*

　　　　　　　　　　　　　　　　　　　　**Paul J. Maravelias**
　　　　　　　　　　　　　　　　　　　　34 Mockingbird Hill Rd
　　　　　　　　　　　　　　　　　　　　Windham, NH 03087
　　　　　　　　　　　　　　　　　　　　paul@paulmarv.com
　　　　　　　　　　　　　　　　　　　　603-475-3305


## **CERTIFICATE OF SERVICE**

I, Paul Maravelias, certify that a timely provided copy of this document is being sent on this date to all counsel of record for the Defendants pursuant to the rules of this Court.

/s/ Paul J. Maravelias　　　　　　　　　　　　　　　　　　　Dated: June 4th, 2019
**Paul J. Maravelias**