UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| PAUL MARAVELIAS,<br><br>          *Plaintiff,*<br>v.<br><br>JOHN J. COUGHLIN, in his individual and official capacities, GORDON J. MACDONALD, in his official capacity as Attorney General of New Hampshire, PATRICIA G. CONWAY, in her official capacity as Rockingham County Attorney, TOWN OF WINDHAM, *ex rel.* WINDHAM POLICE DEPARTMENT, and GERALD S. LEWIS, in his official capacity as Chief of Police.<br><br>          *Defendants.* | 2019 JUN -7 P 4: 15<br><br>Civil No. 1:19-CV-143(SM)<br><br>JURY TRIAL DEMANDED<br><br><br><br>**PLAINTIFF'S REPLY TO GORDON J. MACDONALD'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** |

NOW COMES Paul Maravelias ("Plaintiff") and submits the within Reply and Memorandum attached hereto. In support thereof, Plaintiff states as follows:

I. **THE MOTION FOR PRELIMINARY INJUNCTION IS "DISPOSITIVE" FOR PURPOSES OF LR 7.1(E)(1)[1], PERMITTING REPLY AS OF RIGHT.**

1. The "dispositive" or "nondispositive" nature of the instant Motion controls whether Plaintiff must obtain the Court's leave to file a reply memorandum. See LR 7.1(e)(1), (2). Courts have recognized the ambiguity of whether motions for preliminary injunction are dispositive. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). "A

---

[1] "Within seven (7) days of the service of an objection or opposition to a dispositive motion, the party filing the dispositive motion may file a reply memorandum not to exceed ten (10) pages restricted to rebuttal of factual and legal arguments raised in the objection or opposition memorandum."

motion for preliminary injunction is not the quintessential dispositive motion". *Melaleuca Inc. v. Bartholomew*, No. 4:12-cv-00216-BLW, 2012 U.S. Dist. LEXIS 168938 (D. Idaho Nov. 27, 2012).

2.   The instant Motion is dispositive and thus affords Plaintiff an opportunity to file this reply memorandum as of right. The Attorney General's Opposition argues the Court lacks subject matter jurisdiction and should dismiss this case entirely. ECF Doc #30 at ¶2. The instant Motion relates directly to the core issue of this action: the impact of the "extended terms" on Maravelias's constitutional rights. It does not resemble a non-dispositive motion which is by nature "tangentially related to the underlying cause of action". *Chrysler Grp.*, *supra*. Courts have treated similar motions for preliminary injunction as dispositive. A "Motion for a Preliminary Injunction is dispositive". *Phillips v. City of N.Y.*, No. 12-cv-98 (WFK) (LB), 2014 U.S. Dist. LEXIS 33047 (E.D.N.Y. Mar. 12, 2014). "The motion for temporary restraining order and preliminary injunction is dispositive". *Dent v. Dennison*, No. 17-cv-1356-MJR-SCW, 2018 U.S. Dist. LEXIS 153947 (S.D. Ill. Sep. 10, 2018). "A dispositive motion is one that extinguishes a party's claim or defense." *LaCedra v. Donald W. Wyatt Det. Facility*, 334 F. Supp. 2d 114 (D.R.I. 2004). Here, were the Court to accept the Defendants' "defense" of lack of subject matter jurisdiction under the Rooker-Feldman doctrine, such would "extinguish" Plaintiff's entire case.

3.   Accordingly, the Court should treat Plaintiff's instant Motion for Preliminary Injunction as dispositive and consider the attached reply memorandum as filed by right pursuant to LR 7.1(e)(1).

4.      In further support of this Reply, Plaintiff repeats and incorporates by reference his attached "Reply Memorandum of Law in Response to Gordon J MacDonald's Opposition to Plaintiff's Motion for Preliminary Injunction".

WHEREFORE, Plaintiff Paul Maravelias respectfully requests this Honorable Court:

A.      Grant Plaintiff's 5/13/19 Motion for Preliminary Injunction; and

B.      Grant any further relief as may be deemed just and proper.


Dated: June 7th, 2019                                Respectfully submitted,
                                                     PAUL J. MARAVELIAS,

                                                     *in propria persona*

                                                     /s/ Paul J. Maravelias, *pro se*

                                                     **Paul J. Maravelias**
                                                     34 Mockingbird Hill Rd
                                                     Windham, NH 03087
                                                     paul@paulmarv.com
                                                     603-475-3305


### CERTIFICATE OF SERVICE

I, Paul Maravelias, certify that a timely provided copy of this document is being sent on this date to all counsel of record for the Defendants pursuant to the rules of this Court.

/s/ Paul J. Maravelias                                                    Dated: June 7th, 2019
**Paul J. Maravelias**

3