UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PAUL MARAVELIAS,<br><br>*Plaintiff*,<br><br>v.<br><br>JOHN J. COUGHLIN, in his individual and official capacities, GORDON J. MACDONALD, in his official capacity as Attorney General of New Hampshire, PATRICIA G. CONWAY, in her official capacity as Rockingham County Attorney, TOWN OF WINDHAM, *ex rel.* WINDHAM POLICE DEPARTMENT, and GERALD S. LEWIS, in his official capacity as Chief of Police.<br><br>*Defendants*. | Civil No. 1:19-CV-143(SM)<br><br>JURY TRIAL DEMANDED<br><br>2019 JUN -7 P 4:15 |

**REPLY MEMORANDUM OF LAW IN RESPONSE TO GORDON J. MACDONALD'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

NOW COMES Paul Maravelias ("Plaintiff") and respectfully submits the within Reply Memorandum of Law in response to Defendant MacDonald's 5/28/19 Opposition.

**ARGUMENT-IN-REPLY**

1.   The Attorney General has Objected to Plaintiff's Motion for Preliminary Injunction. ECF Doc #30. Both enforcer co-defendants have joined therein. ECF Docs #31, 32.

2.   In support, the Attorney General contends (1) the Rooker-Feldman doctrine deprives this Court of subject matter jurisdiction, (2) Plaintiff has not shown likelihood of success on the merits, and (2) the sought injunction would not serve the public interest.

**I.   Plaintiff Has Shown Unequivocally The Rooker-Feldman Doctrine Cannot Apply**

3.   Plaintiff repeats his 6/3/19 Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF Doc #33-1). As noted therein, Maravelias has recently initiated a state

appeal in the underlying matter on 5/31/19 which irrefutably negates Rooker-Feldman application hereto as the state proceedings are not "ended" but are rather ongoing. *See generally Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17 (1st Cir. 2005).

4. Further, even if the state proceedings were "ended", the Attorney General is simply incorrect that the NHSC's failure to adjudicate the federal claims herein, or any ones remotely similar, still permits a Rooker-Feldman bar to said claims. The Attorney General's bald assertions to the contrary are conclusory and plainly false; he strives to defy manifold authoritative legal precedent on the matter, set in stone since the Supreme Court clarified Rooker-Feldman's reach in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517 (2005). *See* ECF Doc #33-1 at ¶40 – 48.

5. The Attorney General may dislike what the law is, but he may not refute it. *Rooker* itself held, "[t]here can be no question as to the proper presentation of a federal claim <u>when the highest state court passes on it</u>", just as the NHSC "passed" on adjudicating Maravelias's claims herein in the 2018 state appeal. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16, 103 S. Ct. 1303, 1315 (1983) (quotation omitted and emphasis added).[1]

## II.  Plaintiff Has Shown Overwhelming Likelihood of Success on The Merits

6. The Attorney General seems to ignore that Plaintiff's Amended Complaint itself includes substantial legal argumentation in its Causes of Action section as to the reckless unconstitutionality of the "extended terms". While the notice-pleading motivations behind Rule 8 only required Plaintiff to stipulate allegations putting Defendants on notice of the general legal

---

[1] The Attorney General's Opposition devotes nearly two full pages to contest Plaintiff's assertion Rooker-Feldman does not apply where the state judgment was obtained by fraud. However, as Plaintiff's 6/3/19 Rooker-Feldman Memorandum (ECF Doc #33-1) shows, the doctrine is so inescapably inapposite to this case that Plaintiff need not rely upon the common-law fraud exception at all, though it would apply.

theories under which he is claiming relief, Plaintiff exceeded this requirement by including mature argumentation for the very purpose of simplifying the instant preliminary injunction litigation.

7. The Attorney General has **utterly failed** to provide any meaningful response to Plaintiff's multiple legal arguments in his 5/6/19 Amended Complaint (ECF Doc #22) showing the indefensible violation of constitutional rights inherent to the "extended terms", *e.g.*:

*i).* The "extended terms" are an unconstitutional "prior restraint" against Maravelias's expressive activity in violation of his 1st Amendment right to free speech and press; *Id.* at ¶93 – 107;

*ii).* The "extended terms" are unconstitutionally overbroad in violation of Maravelias's 1st Amendment freedom of expression, not narrowly tailored to prohibit any category of unprotected speech nor allowing any alternative channels by which Maravelias could advocate his legal positions using certain "social media communications" as evidentiary exhibits; *Id.* at ¶93 – 107;

*iii).* The "extended terms" are unconstitutionally vague in violation of the 14th Amendment, lacking any specificity or clarity on what counts as a "social media communication" or indirect "possession" "through third parties"; *Id.* at ¶113 – 121;

*iv).* The "extended terms" violate the 14th Amendment Due Process clause by failing to give advance notice of prohibited conduct; *Id.* at ¶122 – 123;

*v).* The "extended terms" violate the 14th Amendment Due Process clause as issued without any legal authority in complete absence of jurisdiction, nor were they accompanied by a proper judicial inquiry or even a basic hearing; *Id.* at ¶124 – 133;

*vi).* The "extended terms" violate the 14th Amendment Due Process clause and disparately single-out Maravelias for differential, unfair treatment as compared to similarly situated individuals; *Id.* at ¶135 – 142; and

*vii).* The "extended terms" violate Maravelias's rights under Article II § 10 cl. 1 of the U.S. Constitution to be free from illegal *ex post facto* laws; *Id.* at ¶143 – 147;

8.     Unsurprisingly, the Attorney General has absolutely nothing to say in response to the above showings of constitutional violations. Instead, his Opposition thoroughly ignores them.

9.     The Attorney General borders on sanctionable misrepresentation conduct to assert "Maravelias has failed to demonstrate in his motion for preliminary injunction how the social media modification violates his First Amendment rights". ECF Doc #30 at ¶17. As the Attorney General knows, Plaintiff has <u>ubiquitously</u> panned the tyrannical "extended terms" as handicapping his right to legal self-defense by criminalizing his "possession" of his own court exhibits – DePamphilis's "social media communications" wherein she incitatively harassed, insulted, and bullied Maravelias with vulgar gestures, joining her new boyfriend into said threatening posts for additional incitative effect[2] – which are of inestimable relevance to Maravelias's state court defense of the restraining order. Said exhibits show DePamphilis's fearless, out-of-control abusive treatment against Maravelias while striving fraudulently to play the victim. *See generally* <u>Amended Complaint</u>; ECF Doc #33-1, ¶1 – 5.

10.    Even if there were not a single constitutional issue, the "extended terms" were issued in defiance of state law and in complete absence of jurisdiction (*see* <u>Amended Complaint</u>,

---

[2] The Attorney General's Opposition laughably states the following in alleged support of his argument: "Maravelias does not have a First Amendment constitutional right to intimidate, harass, and abuse other individuals, including DePamphilis". ECF Doc #30 at ¶17. The Attorney General's disturbing, bizarre, Kafka-esque alarmism disowns the reality that in question are "social media communications" of *DePamphilis* "intimidating, harassing, and abusing" *Maravelias*, not the reverse. The Attorney General should be sanctioned under Rule 11 for abusing this Court's credulity and for violating Rule 3.1 of the New Hampshire Rules of Professional Conduct by attempting to equate Maravelias's constitutional right to express himself in the state court system with evidence showing how DePamphilis has been "intimidating, harassing, and abusing" him with an act of himself "intimidating, harassing, and abusing" DePamphilis. The Attorney General cannot maintain a straight face while unprofessionally insulting this Court's intellect with such foolish and patently unreasonable contentions. From the Attorney General's conduct in Paragraph 17 of his Opposition, one would infer that a victim of rape or assault should not contact the police to report the crime in fear of "harassing" the perpetrator with evidence of his or her criminal conduct which might upset the personal feelings of the criminal perpetrator.

¶89 – 91, ¶124 – 131; ECF Doc #33-1 at ¶59 – 65) and are criminally unenforceable under New Hampshire statutory law (*see* <u>Amended Complaint</u> ¶67 – 72). Likewise, the Attorney General has **<u>utterly failed</u>** to offer a single word of rebuttal to the aforesaid. Instead, his Opposition simply ignores the said and leaves it as the giant elephant in the room.

11.     Plaintiff has thus shown an overwhelming likelihood of success on the merits.

### III.    The Attorney General Has Failed to Contest Plaintiff's Showing The Preliminary Injunction Will Be In The Public Interest

12.     Defendant MacDonald severely compromises his integrity at ¶19 – 20 of his Opposition. He cites the NHSC's amplified verbal posturing against Maravelias from an irrelevant 2018 appeal – a state court agency which Maravelias credibly alleges maintains hostile bias against him as indicated, at a minimum, by their inexplicable censorship of their own "Final Order" in question and by their verifiable fraudulent pecuniary misconduct central to *Maravelias v. NH Supreme Court, et al.*, 1:19-CV-00487(JL). *See* <u>Amended Complaint</u>, ¶84

#### A.     The Attorney General's Argument is Misplaced and Non-Responsive

13.     The Attorney General makes an unfounded logical jump at Paragraph ¶20 of his opposition. He argues that the existence of a valid restraining order against Maravelias serves the public interest to "protect" "DePamphilis" – Maravelias's cyber-stalker and self-pictured bully and incitative harasser. *See* ECF Doc #33-1; RSA 644:4(c). But assuming this contention is true, it is non-responsive to the instant question pertaining to the "extended terms", not the general provenant restraining order thereof. The Attorney General baselessly conflates the existence of the base protective order with the existence of the illegal, Orwellian, historically unprecedented "extended terms" thereto.

14. The Attorney General's sophistry is misplaced. Assuming he is correct that the existence of the restraining order serves the public interest, he has accomplished nothing to answer the question at hand pertaining exclusively to the "extended terms". The sought preliminary injunction will restrain Defendants from enforcing only the 8/7/18 "extended terms". The lawful, base "protective order" remains fully enforceable.

**B.    Paragraphs 19 and 20 of The Attorney General's Opposition are Frivolous and Improper in Violation F.R.C.P Rule 11(b)**

15. The Attorney General's contentions at Paragraphs 19 and 20 of his Opposition are frivolous and lack any legal merit. They are the exact type of non-responsive, dismissive character-disparaging the hostile NHSC was striving to enable others to use against Maravelias in place of legitimate constitutional arguments with the language of their illegally self-censored 1/16/19 "Final Order". Said "Final Order" is of little, if any, relevance to this case. *See* ECF Doc #33-1. Since his argumentation is entirely misplaced and non-responsive, the Attorney General carries out an improper purpose in citing the NHSC's recitation of such "bad acts" solely to harass and intimidate Plaintiff.[3]

16. Further, the NHSC's Final Order the Attorney General cites is non-precedential and an improper basis for any argument. Where the Attorney General has attempted to use emotion to malign Maravelias's reputation as an excuse for legitimate legal argument, Plaintiff has brought meaningful legal arguments left unaddressed by the Opposition.

---

[3] Rule 11 states the act of presenting a pleading to this Court certifies that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation", "the claims, defenses, and other legal contentions are warranted by existing law", and that "the factual contentions have evidentiary support".

17.     These alleged "bad acts" the Attorney General cites, if true, <u>do not support the conclusion</u> that the public interest is served by allowing arbitrary, totalitarian commandments against a civil defendant which make him a criminal to possess public materials/records which are also his own court exhibits. The Attorney General's argument is non-responsive to the question of the public interest served by the "extended terms". Since there is no such public interest, this kind of diversionary behavior is expectable. The Attorney General chooses to pursue absurd arguments on this point rather than obey professional ethics and decline to defend a legally untenable position.

18.     Our legal system ensures mass murderers and child rapists are afforded their right to be fully heard in a fair, proper criminal procedure. By comparison, the Attorney General's Opposition argues it is acceptable for Maravelias to be criminalized from possessing and using public records of his civil opponent middle-fingering and cyberbullying him on the internet because Maravelias allegedly "learned" and "believed" things about his legal abuser's "relationship", and "wrote an email" to a public employee apprising them of DePamphilis's self-documented criminal conduct, *inter alia*. ECF Doc #30 at ¶19. The strained diction of the Attorney General's Opposition betrays his understandable frustration that his day-job of defending this lawsuit is currently requiring him to devolve his pleadings into such shining levels of absurdity and to disparage the fundamental rights of a citizen he ought to be serving.

_____

WHEREFORE, Plaintiff Paul Maravelias respectfully requests this Honorable Court:

A. Grant Plaintiff's 5/13/19 Motion for Preliminary Injunction;

B. Grant any further relief as may be deemed just and proper.

Dated: June 7th, 2019

Respectfully submitted,

PAUL J. MARAVELIAS,

*in propria persona*

/s/ Paul J. Maravelias, *pro se*

**Paul J. Maravelias**
34 Mockingbird Hill Rd
Windham, NH 03087
paul@paulmarv.com
603-475-3305

## CERTIFICATE OF SERVICE

I, Paul Maravelias, certify that a timely provided copy of this document is being sent on this date to all counsel of record for the Defendants pursuant to the rules of this Court.

/s/ Paul J. Maravelias
**Paul J. Maravelias**

Dated: June 7th, 2019