# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Paul Maravelias, | \* |
| | \* |
| Plaintiff, | \* |
| v. | \*   Civil No. 1:19-cv-00143-SM |
| | \* |
| John J. Coughlin, et al., | \* |
| | \* |
| Defendants. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT GORDON J. MACDONALD'S REPLY TO PLAINTIFF'S OBJECTION TO MOTION TO DISMISS

Gordon J. MacDonald, in his official capacity as New Hampshire Attorney General ("Attorney General"), by and through his counsel, the New Hampshire Office of the Attorney General, hereby replies to plaintiff Paul Maravelias's objection to the Attorney General's motion to dismiss. In support of this reply, the Attorney General states as follows:

1. Maravelias has filed a 36-page objection to the Attorney General's motion to dismiss his amended complaint, raising a litany of arguments as to why the *Rooker-Feldman* doctrine does not bar this action. ECF Doc No. 33. This objection fails to comply with Local Rule 7.1(a), as it exceeds the 25-page limit for oppositions to dispositive motions, and Maravelias has not sought leave to exceed that limit. *See* LR 7.1(a)(3).

2. This procedural infirmity aside, the Attorney General relies on the arguments raised in his motion to dismiss and his objection to Maravelias's motion for preliminary injunction. ECF Doc No. 30. As explained in those filings, this action falls

1

within *Rooker-Feldman*'s jurisdictional bar, as it is merely an attempt by Maravelias to use this federal forum to invalidate state-court judgments with which he disagrees. The only argument addressed in this reply is Maravelias's contention that the underlying state-court action was not final when he filed this action because the New Hampshire Supreme Court's mandate had not yet issued. *See* ECF Doc. No. 33 at 21.

3. Neither the United States Supreme Court nor the First Circuit has required that a mandate be entered before a state-court judgment is considered final for *Rooker-Feldman* purposes. Rather, the Supreme Court has limited *Rooker-Feldman* to cases where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005); *see also Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24 (1st Cir. 2005) (noting that under *Exxon Mobil*, "a state court judgment is sufficiently final for operation of the *Rooker-Feldman* doctrine: when the state court proceedings have ended." (citations, brackets, and quotation marks omitted)). It is the Attorney General's position that the underlying state-court proceedings ended for *Rooker-Feldman* purposes on January 16, 2019, when the New Hampshire Supreme Court entered its order affirming the extension of the stalking order and its modified terms.

4. Tethering *Rooker-Feldman* to the date the state-court mandate issues, as Maravelias asks this court to do, would undermine the purpose *Rooker-Feldman* was designed to serve: precluding lower federal courts from exercising appellate jurisdiction over state-court proceedings that have ended. *See Tyler v. Supreme Judicial Court of*

*Mass*, 914 F.3d 47, 50 (1st Cir. 2019). The New Hampshire Supreme Court typically does not enter a mandate until several days, if not several weeks, after it issues its decision in a case. *See* N.H. Sup. Ct. R. 24; N.H. Sup. Ct. R. 22. If *Rooker-Feldman* is triggered by the entry of the mandate, rather than the underlying final decision, then a savvy state-court litigant could evade its reach in virtually every case simply by filing a federal lawsuit during that period. Neither the Supreme Court nor the First Circuit has countenanced such a broad loophole to *Rooker-Feldman*'s jurisdictional bar.[1] Nor should this court.

     5.    Maravelias's reliance on *Carelton, LLC v. Balagur*, 162 N.H. 501 (2011), is misplaced. That case involved a narrow issue: "when a court order directing purchase of a corporation's shares 'becomes final' within the context of [the New Hampshire Business Corporation Act]." *Id.* at 505. It therefore cannot be read to support Maravelias's broad assertion that a state-court judgment only becomes final for *Rooker-Feldman* purposes after a mandate issues.

     WHEREFORE, Gordon J. MacDonald respectfully requests that this Honorable Court:

    A. Grant the Attorney General's motion to dismiss; and

    B. Grant such further relief as this court deems just and proper.

                                     Respectfully submitted,

                                     GORDON J. MACDONALD, in his official capacity as the Attorney General of New Hampshire

---

[1] The only federal decision that the Attorney General has been able to locate contemplating such a rule is an unpublished Eleventh Circuit decision. *See In re Bertram*, 746, F. App'x 943, 949–50 (11th Cir. 2018). That decision appears to stand alone: it is unpublished, does not cite another federal decision in which the court found *Rooker-Feldman* inapplicable because the federal suit was filed before the state-court mandate issued, and no other federal court has cited it for that proposition.

|  |  |
|---|---|
|  | By his attorneys, |
|  | THE OFFICE OF THE NEW HAMPSHIRE ATTORNEY GENERAL |
| Date: June 10, 2019 | /s/ Samuel R. V. Garland<br>Samuel R.V. Garland, Bar #266273<br>Attorney<br>Anthony J. Galdieri, Bar # 18594<br>Senior Assistant Attorney General<br>New Hampshire Dept. of Justice<br>33 Capitol Street<br>Concord, NH 03301<br>(603) 271-3650<br>anthony.galdieri@doj.nh.gov<br>samuel.garland@doj.nh.gov |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed this day, postage prepaid, to Paul Maravelias, 34 Mockingbird Hill Rd., Windham, NH 03087.

Date:  June 10, 2019

/s/ Samuel R. V. Garland
Samuel R.V. Garland