## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

_____ )
Paul Maravelias,                                              )
                                                                       )
                    Plaintiff,                                    )
                                                                       )
          v.                                                        )          Civil No. 1:19-cv-00143-SM
                                                                       )
John J. Coughlin                                           )
Gordon J. MacDonald,                                 )
Patricia G. Conway,                                     )
Town of Windham, ex. rel                          )
Windham Police Department, &               )
Gerald S. Lewis                                           )
                                                                       )
                    Defendants.                             )
_____ )

## WINDHAM DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO WINDHAM DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

NOW COME the Town of Windham, New Hampshire, the Windham Police Department, and Gerald S. Lewis ("the Windham Defendants"), by and through their attorneys, Donahue, Tucker & Ciandella, PLLC, and submit the following Reply to Plaintiff Paul Maravelias's ("the Plaintiff") Opposition to the Windham Defendant's Motion to Dismiss the Amended Complaint filed by Paul Maravelias.  In support thereof, the Windham Defendants state as follows:

## I.      BACKGROUND

1.      The Plaintiff filed a Complaint in this action on February 11, 2019, and the Plaintiff filed an Amended Complaint on May 6, 2019.  The Windham Defendants filed a Motion to Dismiss on May 16, 2019, which incorporated the arguments set forth in the Attorney General's April 17, 2019 Motion to Dismiss the Plaintiff's original complaint.

2.      The Plaintiff filed an Opposition to the Windham Defendants' Motion to Dismiss on June 3, 2019, in which the Plaintiff incorporated arguments raised in the Plaintiff's June 3, 2019 Opposition to the Attorney General's May 17, 2019 Motion to Dismiss.

3.      The Windham Defendants now file this Reply to briefly address certain arguments that the Plaintiff raises in his Opposition.

## II.      FACTUAL BACKGROUND

4.      The facts of this case, as asserted in the Plaintiff's Complaint, have been summarized by the Attorney General in the Attorney General's Motion to Dismiss, see ECF Doc. #10, ¶5-9.   The Windham Defendants hereby adopt and incorporate by reference the factual recitation set forth in the Attorney General's Motion to Dismiss.

5.      The Windham Defendants take this opportunity to clarify the Plaintiff's incorrect assertion that he has been subject to multiple protective orders.   In an attempt to evade application of the Rooker-Feldman doctrine, the Plaintiff claims in his Opposition that the original protective order has expired and that the Plaintiff is only subject to a "new protective order" dated March 8, 2019.   ECF Doc #33-1, ¶19.   The Plaintiff now claims that this "new" protective order, which includes the so-called "extended terms," is the subject of this matter and cannot be barred by the Rooker-Feldman doctrine because the "new" protective order had not been adjudicated at the time this federal suit was initiated.

6.      For ease of review, the Windham Defendants provide an abridged recitation of the procedural history of the stalking order that is the subject of this lawsuit.

7.      On February 7, 2016, the New Hampshire 10th Circuit-District Division- Derry (J. Stephen) ("Derry District Division") ruled that the Plaintiff had committed the offense of stalking,

contrary to RSA 633:3-a, and issued a Stalking Final Order of Protection (the "Protective Order"). ECF Doc #33-4, at 45.   On January 12, 2018, the Derry District Division (J. DeVries) initially extended the Protective Order.  ECF Doc #33-4, at 15.  On June 15, 2018, following a hearing, the Derry District Division (J. Coughlin) granted the extension of the Protective Order to February 5, 2019.  On August 7, 2018, the Derry District Division (J. Coughlin) granted the victim's "Motion for Modification of Stalking Final Order of Protection to Include Further Conditions", and imposed the so-called "extended terms."  ECF Doc #22-5, at 1; ECF Doc #22-6, at 1.  On March 8, 2019, the Derry District Division issued an order "granting an extension of a Stalking Final Protective Order," wherein the Derry District Division extended the Protective Order's duration and further modified the Protective Order's terms.  See ECF Doc #33-2 at 7-8.; RSA 633:3-a, III-c (authorizing extensions of stalking protective orders upon a motion by the stalking victim).  Each of these acts by the Derry District Division were part of the same docket as the issuance of the initial Protective Order – Case No. 473-2016-CV-00124 – and the various extensions and the imposition of the "extended terms" all relate to that initial Protective Order.

### III.    ARGUMENT

 i. The Plaintiff's claims are barred by Rooker-Feldman because all of the claims are inextricably intertwined with a final state court judgment.

8. The Plaintiff implies that the Supreme Court's decision in Exxon Mobil Corp. v Saudi Basic Indus. Corp., 544 U.S. 280 (2005), modified the Rooker-Feldman doctrine such that the doctrine no longer bars claims that are "inextricably intertwined" with the claims adjudicated in a state court.  ECF Doc. #33-1 ¶¶40.  However, the issue in Exxon Mobile was whether a federal district court's jurisdiction terminated when a concurrent litigation in the state court terminated after the imposition of the federal court litigation.  Exxon Mobil, 544 U.S. at 290-91.  The Supreme

Court left the "inextricably intertwined" standard intact, which is evidenced by the fact the federal courts continue to apply Rooker-Feldman to federal claims that are inextricably intertwined with claims adjudicated in state court.  See, e.g., Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009); see also Klimowicz v. Deutsche Bank Nat'l Trust, 907 F.3d 61, 64 (1st Cir. 2018) ("a plaintiff cannot escape the Rooker-Feldman bar through the simple expedient of introducing a new legal theory in the federal forum that was not broached in state courts").

9.     Several federal courts have addressed Rooker-Feldman in the context of an underlying state court judgment resulting in subsequent court orders.  These courts have ruled that a plaintiff's challenges to the subsequent court orders are barred by Rooker-Feldman because they are "inextricably intertwined" with and seek to undo the underlying state court judgment.  See Jones v. Alabama, 2015 U.S. Dist. LEXIS 88245, *11-21 (S.D. Ala, June 30, 2015) (ruling that plaintiff's complaint was "discernibly inextricably intertwined with the state court's stalking judgment" because the plaintiff "lost in a state court decision in 2003, when convicted of stalking, and again in 2009, for probation violation for violating the court's no contact order" and because the plaintiff was "complaining of injury caused by the state issued no contact order, which was birthed from the stalking conviction"); Casale v. Tillman, 558 F.3d at 1261 (ruling that Rooker-Feldman barred plaintiff's challenges to several contempt orders for violations of divorce decree because plaintiff's claims were "inextricably intertwined" with the underlying divorce decree); Homola v. McNamara, 59 F.3d 647, 651 (7th Cir. 1995) (concluding that Rooker-Feldman barred challenge to state-court contempt order that resulted from an underlying state court judgment and noting that "the judicial system cannot tolerate litigants who refuse to accept adverse decisions").  Moreover, the Seventh Circuit has noted that Rooker-Feldman generally operates where a plaintiff initiates a federal action not against the plaintiff's adversary, but against the state court judgment

itself, and that it is "particularly apparent" that a plaintiff is seeking to overturn a state court judgment "in cases where the federal plaintiff is actually <u>suing</u> the state court or state court judges" <u>Garry v Geils</u>, 82 F.3d 1362, 1367 & n.10 (7th Cir. 1996).

10.     The Plaintiff further claims that the <u>Rooker-Feldman</u> doctrine cannot apply because the Plaintiff has filed an appeal with the New Hampshire Supreme Court regarding the March 8, 2019 extension of the Protective Order.

11.     The Plaintiff's May 6, 2019 Amended Complaint makes it abundantly clear that he is challenging the Derry District Division's August 7, 2018 imposition of the extended terms. Indeed, the Plaintiff's exhibits to his Amended Complaint all relate to the August 7, 2018 extended terms.  While the Plaintiff may now claim that this matter relates to the Derry District Division's March 8, 2019 decision, the Plaintiff's Amended Complaint betrays this notion:  in 168 paragraphs, the Plaintiff mentions the March 8, 2019 decision <u>once</u>.  <u>See</u> ECF Doc. #22 at ¶87.  This action is not a challenge to Judge Leonard's March 8, 2019 grant of an extension of the modified Protective Order; this action was and continues to be an attempt to re-litigate and, for all practical purposes, appeal Judge Coughlin's August 7, 2018 order imposing the extended terms.[1]

   ii.     <u>The Plaintiff incorrectly argues that Rooker-Feldman can only apply if the state court reached the merits of the federal claims.</u>

12.     The Plaintiff relies upon <u>Simes v. Huckabee</u>, 354 F.3d 823 (8th Cir. 2004) to argue that <u>Rooker-Feldman</u> does not apply because the New Hampshire Supreme Court did not address all of his federal constitutional claims on the merits. The Plaintiff misinterprets <u>Simes</u>.  The <u>Simes</u> court recognized that <u>Rooker-Feldman</u> applies to federal claims that are "inextricably intertwined"

---

[1] Regardless, it is difficult to imagine how the Plaintiff's action would survive an attack under <u>Rooker-Feldman</u> even if he were to focus this action on the March 8, 2019 decision; even in that hypothetical scenario, the facts and evidence would continue to surround the validity, rationale, and constitutionality of Judge Coughlin's August 7, 2018 decision.

with a state court judgment when the plaintiff had "a reasonable opportunity" to raise the federal claims in the state court. Simes, 354 F.3d at 827. In Simes, the Plaintiff had an opportunity to and did raise federal claims; however, the state court "ignor[ed]" the plaintiff's federal claims and rested its holding solely on state law. Id. at 826. Thus, the Simes court declined to apply Rooker-Feldman because the plaintiff was effectively denied a reasonable opportunity to have his federal claims decided by the state court. Id. at 829; see also Gulla v. North Strabane Twp., 146 F.3d 168, 172-73 (3d Cir. 1998) (ruling that federal claims were not inextricably intertwined with a state court judgment because the state court determined that the plaintiff lacked standing, which deprived the state court of jurisdiction to resolve the plaintiff's federal claims); Whiteford v. Reed, 155 F.3d 671 (3d Cir. 1998) (same).

13. Conversely, the Plaintiff had a reasonable opportunity to present all of his federal claims at the District Court and at the New Hampshire Supreme Court. Unlike in the cases the Plaintiff cites, the state courts did not rule that they lacked jurisdiction to resolve the Plaintiff's federal claims; nor did the state courts ignore the federal claims and decide only state issues. See, e.g., ECF Doc. #26-1 at 8-9 (addressing the Plaintiff's as-applied federal constitutional claims). Rather, the state courts did not engage in extended analysis of some of the Plaintiff's claims because he did not timely raise or did not adequately brief those claims. Thus, the Plaintiff had a reasonable opportunity to raise his federal claims, and the New Hampshire's Supreme Court's review of some of those claims was limited only by the Plaintiff's failure to follow well-established procedural pre-requisites for appellate review. As the Plaintiff notes, state court adjudications with preclusive effect bring the Rooker-Feldman doctrine into play. ECF Doc. #33-1 ¶48. Here, the New Hampshire Supreme Court upheld the Protective order extension and modification on the

merits, which operates to preclude all of the Plaintiff's collateral federal claims.   See Tyler v. Supreme Judicial Court of Mass., 914 F.3d 47, 50-51 (1st Cir. 2019).

      iii.    The New Hampshire Supreme Court Order was a final state court judgment for purposes of Rooker-Feldman.

14.    The purpose of the Rooker-Feldman doctrine is to preserve the Supreme Court's exclusive jurisdiction to hear appeals from final state court judgments.   Klimowicz v. Deutzche Bank Nat'l Trust, 907 F.3d 61, 64 (1st Cir. 2018).   Thus, the Rooker-Feldman doctrine divests lower federal courts of jurisdiction to hear cases brought by parties who have lost in state court. Id.

15.    Here, the New Hampshire Supreme Court issued an order finally resolving the Plaintiff's state and federal arguments related to the extension and modification of the Protective Order.   The New Hampshire Supreme Court had also issued an order finally resolving the Plaintiff's arguments relating to the underlying stalking offense which formed the basis for the Protective Order.   The Plaintiff attempts to argue that his federal claims are not barred by Rooker-Feldman because the New Hampshire Supreme Court issued its mandate after the Plaintiff had initiated the present action.   ECF Doc. 33-1 ¶¶37-39.

16.    The Plaintiff is effectively arguing that any party dissatisfied with the decision of a state's highest appellate body could: (1) appeal to the Supreme Court; or (2) race to file in a lower federal court during the period for motions for reconsideration of a final state court judgment.   The Plaintiff's argument must fail because it would subvert the purpose and effect of the Rooker-Feldman doctrine by allowing a state-court loser to effectively obtain appellate review from either the Supreme Court or a lower federal court, when the Supreme Court has exclusive jurisdiction to hear such appeals.

## IV.   **CONCLUSION**

17.    For the foregoing reasons, this Court should dismiss the Plaintiff's claims for injunctive and declaratory relief.

WHEREFORE, the Defendants respectfully request that this Honorable Court:

A.  Grant the Windham Defendants' Motion to Dismiss the Amended Complaint;

B.  Dismiss all claims against the Windham Defendants; and

C.  Grant such further relief as is just and equitable.

Dated:  June 10, 2019

Respectfully Submitted,

TOWN OF WINDHAM, ex. rel.
WINDHAM POLICE DEPARTMENT, and
GERALD S. LEWIS

By and Through Their Attorneys

DONAHUE, TUCKER, & CIANDELLA, PLLC

**/S/ Eric A. Maher**

Eric A. Maher, Esq.
NHBA# 21185
Brendan Avery O'Donnell, Esq.
NHBA #268037
16 Acadia Lane
Exeter, NH 03833
(603)778-0686
emaher@dtclawyers.com

<u>CERTIFICATION</u>

I herein certify that a copy of the foregoing has this date been transmitted electronically via email to Plaintiff Paul Maravelias and through the ECF filing system to all counsel of record for the Defendants.


/S/ Eric A. Maher
Eric A. Maher, Esq.