UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PAUL MARAVELIAS, | ) Civil No. 1:19-CV-143(SM) |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| | ) |
| JOHN J. COUGHLIN, in his individual and official capacities, GORDON J. MACDONALD, in his official capacity as Attorney General of New Hampshire, PATRICIA G. CONWAY, in her official capacity as Rockingham County Attorney, TOWN OF WINDHAM, *ex rel.* WINDHAM POLICE DEPARTMENT, and GERALD S. LEWIS, in his official capacity as Chief of Police. | ) ) ) ) ) ) ) ) ) ) |
| *Defendants* | ) |

**SURREPLY MEMORANDUM TO THE WINDHAM DEFENDANTS'
REPLY TO OBJECTION TO MOTION TO DISMISS**

NOW COMES Paul Maravelias ("Plaintiff") and submits the within Surreply to the Windham Defendants' 6/10/19 Reply[1] (ECF Doc #39), pursuant to LR 7.1(e)(3), and states as follows.

**ARGUMENT-IN-SURREPLY**

I.   **It Is Metaphysically Impossible Plaintiff's 5/6/19 Amended Complaint Complains of Ongoing Injury Caused By Any State Court Judgment Rendered Prior To 2/11/19**

1.   It is undisputed that Plaintiff only suffers current and ongoing injury from the "extended terms" because, as Defendants themselves admit, "on March 8, 2019, the Derry District

---

[1] Plaintiff has sent Windham Defendants a Rule 11 Notice of Intent to Move for Sanctions on 6/11/19 to be filed with the Court unless they retract and cure a sanctionable, defamatory misrepresentation in Paragraph ¶7 of their Reply. Plaintiff anticipates the Windham Defendants will dutifully resubmit their Reply within their 21-day "safe haven" expiring on 7/2/19. If the Court does consider Windham's defective Reply, Plaintiff notes their usage of the term "victim" to refer to the petitioner of the underlying state civil protective order, absent any criminal conviction under RSA 633:3-a or even any allegation of a crime incident to the civil restraining order petition, is blatantly false and prejudicial against Plaintiff.

1

Division issued an order [extending the protective order and re-imposing the 'extended terms']". ECF Doc #39 at ¶7. Defendant Coughlin's 8/7/18 Order imposing the "extended terms" <u>only</u> had the effect of instituting them until 2/5/19. *Id.* at ¶7. Defendants argue that, just because the state court maintains the same "docket number" for DePamphilis's three distinct protective orders against Maravelias, they are not legally distinct. This argument is meritless. Each protective order is the product of a separate judicial inquiry, affords separate right of appeal, and has a distinct start and end date. *See* RSA 633:3-a, III-c. The absurdity of Windham Defendants' argument is palpable by considering that, in their view, federal courts would <u>never</u> be able to exercise jurisdiction over <u>any</u> subsequent state happenstances related to a civil protective order as long there was at one initial time a state judgment "relat[ing] to [an] initial Protective Order". *Id.* In order words, the state courts could "continue" the protective order indefinitely for the rest of Maravelias's life and impose new arbitrary illegal "extended terms" that he cannot vote, cannot freely speak his mind in public, or must pay his opponent's attorney's fees *ad perpetuum* – and the federal courts would <u>never</u> be able to exercise jurisdiction according to Defendant's illogical, untenable viewpoint.

**II.     Windham's Reply Incorrectly Argues Plaintiff's Claims Are "Inextricably Intertwined" With A Final State Court Judgment, Activating Rooker-Feldman**

   **A.     Rooker-Feldman Would Still Not Apply Even If Defendants Were Correct**

   2.     Windham's entire Reply argumentation on this point is misplaced, *see generally* ECF Doc #33-1, and simply false, *see Id.*, at ¶40 – 44; ¶45 – 48; ¶72 – 74.

   **B.     Defendants Cite Inapplicable and Mischaracterized Case Law**

   3.     Paragraph ¶9 of Defendants' Reply cites inapplicable and unavailing case law. *Jones v. Alabama* contained a federal challenge to a state court order which was a <u>criminal sentencing condition</u> of a valid pre-existing <u>criminal conviction</u> of "stalking". A discussion of

French cuisine would be no more relevant to the instant claims, which pertain to unlawful "extended terms" applied to a state <u>civil protective order</u>, where <u>no state court ever adjudicated</u> the constitutionality thereof. Defendants then cite *Casale v. Tillman*, also inapplicable, where the Eleventh Circuit applied Rooker-Feldman only by concluding the state court did have jurisdiction to issue the judgment in question. In fact, *Casale* buttresses Plaintiff's argument that the extra-jurisdictional nature of the "extended terms" is separate grounds nullifying Rooker-Feldman. *See* ECF Doc #33-1 at ¶59 – 65; ECF Doc #34 at ¶12 – 19. Defendants then cite two arcane Seventh Circuit cases from the 1990s prior to *Exxon Mobil*'s controlling limitation of the doctrine.

### C. Defendants' Reply Disowns Reality: The Underlying State Proceedings Are As "Ongoing" And Not "Ended" As They Could Possibly Be

4. Upset that the almost-one-month-post-2/11/19 "March 8, 2019" state court order is the only mechanism currently injuring Plaintiff by newly re-applying the "extended terms", Defendants bemoan that Plaintiff's Amended Complaint mentions said 3/8/19 "decision only <u>once</u>". However, Rule 8 of the Federal Rules of Civil Procedure only requires Plaintiff to include "a short and plain statement of the claim showing that the pleader is entitled to relief". It does not require Plaintiff to copy-and-paste the same paragraph interspersed verbatim multiple times through the pleading. Doing so would probably cause others to question Plaintiff's mental sanity.

### III. State Appellate Judgments Which Did Not Adjudicate The Federal Claim On The Merits Cannot Subsequently Activate Rooker-Feldman For Said Claim

5. The Windham Defendants are simply incorrect. *See* ECF Doc #33-1 at ¶45 – 48. Plaintiff relies upon multiple cases therein left ignored by Defendants, not just *Simes v. Huckabee*, which they attempt to distinguish as non-dispositive. However, just like in *Simes*, the NHSC "ignored" Maravelias's "federal claims" to the extended terms and Rooker-Feldman cannot apply

to them here. Just because the NHSC's same Order did address an unrelated as-applied federal constitutional challenge to the 2018 restraining order extension – something that <u>predated</u> the "extended terms" by months and has absolutely nothing to do with the instant case – does not change that the NHSC "ignored" and did not adjudicate <u>any</u> claims, state or federal, to the "extended terms". *See* ECF Doc #33-1 at ¶9, ¶13, ¶41 – 43.

6.    Defendants proceed to conflate preclusion law with Rooker-Feldman by arguing that Maravelias did have a "reasonable opportunity to present all of his federal claims" in the 2018 NHSC, and thus their passing on the federal constitutional claims was "on him", so to say. First, this is false and requires the Court to reject well-pleaded factual allegations. *See* <u>Amended Complaint</u>, ECF Doc #22 at ¶80; *See generally Id.*, at ¶75 – 85. Second, only what the state court actually does or does not decide is dispositive in Rooker-Feldman analysis, not whether reasonable opportunity to present claims was foregone. The latter belongs to *res judicata*. "In applying Rooker-Feldman, the important determination is not necessarily what was argued before the state court, but what was decided by the state court. Thus, the first step in a Rooker-Feldman analysis is to determine exactly what the state court held." *Bass v. Butler*, 116 F. App'x 376 (3d Cir. 2004).

**IV.   Even If It Did Otherwise Implicate Rooker-Feldman, The NHSC Order In The 2018 State Appeal Was Not A Final, Preexisting State Court Judgment As Of 2/11/19**

7.    If all else fails, the NHSC's Mandate in the 2018 Appeal case is controlling and was dated 2/21/19, <u>after this case was initiated</u> on 2/11/19. The Windham Defendants appear to argue that relying upon the legally binding date of the Mandate might lead to absurd results; they invite this Court to reject binding law. *See* ECF Doc #33-1 at ¶37 – 39.

8.      As the Attorney General has filed a Reply (ECF Doc #38) responding solely to this topic, Plaintiff repeats herein, relies upon, and incorporates by reference his contemporaneously filed 6/18/19 Surreply Memorandum to Defendant Gordon J. MacDonald's 6/10/19 Reply to Objection to Motion to Dismiss.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Paul Maravelias respectfully requests this Honorable Court:

A.      Deny all Defendants' Motions to Dismiss Amended Complaint;

B.      Hold a Hearing on this matter; and

C.      Grant any further relief as may be deemed just and proper.

Dated: June 18th, 2019

Respectfully submitted,
PAUL J. MARAVELIAS,

*in propria persona*

/s/ Paul J. Maravelias, *pro se*

**Paul J. Maravelias**
34 Mockingbird Hill Rd
Windham, NH 03087
paul@paulmarv.com
603-475-3305

## CERTIFICATE OF SERVICE

I, Paul Maravelias, certify that a timely provided copy of this document is being sent on this date to all counsel of record for the Defendants pursuant to the rules of this Court.

/s/ Paul J. Maravelias                                                          Dated: June 18th, 2019
**Paul J. Maravelias**