UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

2019 DEC -2 A 9: 45

| | | |
|---|---|---|
| PAUL MARAVELIAS, | ) | Civil No. 1:19-CV-143(SM) |
| *Plaintiff,* | ) | |
| v. | ) | |
| JOHN J. COUGHLIN, in his individual and official capacities, GORDON J. MACDONALD, in his official capacity as Attorney General of New Hampshire, PATRICIA G. CONWAY, in her official capacity as Rockingham County Attorney, TOWN OF WINDHAM, *ex rel.* WINDHAM POLICE DEPARTMENT, and GERALD S. LEWIS, in his official capacity as Chief of Police. | ) | |
| *Defendants.* | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## RULE 59(E) MOTION TO ALTER OR AMEND JUDGMENT

Paul Maravelias ("Plaintiff") respectfully moves this Court under Rule 59(e) to reconsider its 11/4/19 decision holding 1) that all of Plaintiff's direct claims as to the legality of the "extended terms" to the state civil protective order are barred by the Rooker-Feldman doctrine and 2) that Plaintiff's disconnected facial challenges against RSA 633:3-a, III-c. are additionally prohibited by the Rooker-Feldman doctrine.

**I.      FACTUAL BACKGROUND**

Plaintiff was shocked to discover that a legal motion to dismiss federal claims arising from an unconstitutional amendment to a state civil protective order (which itself is not being challenged) necessitated an extravagant excavation of the alleged factual circumstances of the original issuance of a prototypic version of said parent restraining order from over three years ago.

Plaintiff theorizes that the Court's hostile writing, combined with its blind acceptance of DePamphilis's self-serving allegations from that minimally relevant early 2017 predecessor state case, evidences the Court's vindictive antagonism against Maravelias. Such antagonism is a retaliation against Maravelias for exposing the crimes and injustices of retired state judge Defendant John J. Coughlin in a public light, offending an apparent sacred fraternity.[1] The Court's libelous Order is public and currently published on the internet website Justia.com, visible to search engine results for Maravelias's name.

Contrary to the Court's one-sided description of the DePamphilis restraining order crusade, its seeming extrajudicial opinions, and its personal conclusions far in excess of New Hampshire state court findings of fact[2], Maravelias reminds that the underlying state "'protective' order litigation is an illegitimate, bad-faith campaign of malicious harassment orchestrated by DePamphilis's father David DePamphilis", that "DePamphilis committed perjury to obtain the order", and that "[d]uring cross-examination, DePamphilis even admitted that Maravelias never

---

[1] It is publicly visible that both Defendant Coughlin and Judge McAuliffe share a similar military justice background, both having served as Judge Advocate Generals (JAG) from New Hampshire. Additionally, the two judges were both in private practice in this state contemporaneously for nine years.

[2] For instance, Judge McAuliffe violated Maravelias's constitutional due process right to be free from reputational stigma from governmental publications by seeking-out and repeating DePamphilis's false rhetoric in the state case that Maravelias has an "obsession with [DePamphilis]" which "has not abated over the years" (ECF Doc #43 at p. 3) and then ignorantly citing Maravelias's laudable romantic overture to Ms. DePamphilis long-ago in 2016 which predated any legal issues or restraining orders between the parties, after which date Maravelias never once interacted nor communicated with DePamphilis ever again. Judge McAuliffe's inflamed, careless libel, failing even to properly characterize the factual order of events in the underlying state case, is deeply hurtful to the undersigned Plaintiff. Such is the same inflammatory practice of abusive judicial libel which Defendant Coughlin has weaponized against Maravelias and other vexed state litigants during his judicial career, a course of conduct in related forms which recently earned Defendant Coughlin a stinging, exceptionally rare plain-error *sua sponte* reversal by the New Hampshire Supreme Court in NHSC Case No. 2018-0465.

actually spoke certain words to her which she claimed (maliciously) in her petition he said." Amended Complaint, ¶16.

An adequate summary of the underlying state case as it pertains to the background of the instant federal suit narrowly targeting the "extended terms" is as follows. "In June 2017, Christina DePamphilis posted incitative bullying/harassment social media posts identifying and directed against Paul Maravelias, middle-fingering him with her father and boyfriend. Maravelias's final contact with DePamphilis had been asking-her-out once to dinner, which she declined. Maravelias commented at trial she was trying to 'bait' him to violate her 'bad-faith' 'stalking order'. She was trying to provoke a jealous reaction and cruelly cause more trouble for Maravelias." Amended Complaint, ¶19.

Maravelias noted in the state court case that Christina DePamphilis was bragging online about her criminal underage alcohol and narcotic illegal drug use, and then her father David paid an attorney to submit a baseless motion asking Judge Coughlin to criminalize Maravelias from "possessing" DePamphilis's public social media exhibits which depicted her cruel cyberbullying-harassment of Maravelias and her overtly criminal, delinquent substance-usage conduct. John J. Coughlin then prostrated himself to the lawyer-represented party, first scribbled the word "Denied" on Maravelias's extensive Objection, and then nearly one-month later scribbled "Granted" on DePamphilis's motion in complete excess of his jurisdiction and legal authority as precisely delineated by state law. *See* Amended Complaint, ¶24 – 42.

## II.     STANDARD FOR RELIEF UNDER RULE 59(E)

The Court should grant a Rule 59(e) Motion on the grounds of "manifest error of law or fact underlying the judgment", Beers v. Fouts, 2018 U.S. Dist. LEXIS 114202 (*McAuliffe*, J.), or when

"necessary to prevent manifest injustice", Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

Judge McAuliffe has previously acknowledged correctly that, when ruling upon a Rule 12 Motion to Dismiss, "the court must 'accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader.'" Camp v. Bimbo Bakeries USA, Inc., 2018 U.S. Dist. LEXIS 211776 (*McAuliffe*, J.) (quoting SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010)). However, the Court's 11/4/19 Memorandum Order granting Defendants' motion to dismiss inverts this proper procedure by unilaterally asserting facts about the DePamphilis-Maravelias state restraining order case which contradict Plaintiff's stipulations in his Amended Complaint. The Court viewed all possible inferences in the light *least* favorable to the Plaintiff. These errors are manifest injustice unto Maravelias warranting altered judgment under Rule 59(e).

### III. ARGUMENT

The first four sentences of the Court's 11/4/19 Memorandum Order are each demonstrably false and adequately summarize the errors of fact and law giving rise to the Court's erroneous dismissal of the case under the Rooker-Feldman doctrine.

  A. **Plaintiff's Complaint Does Not Challenge The Constitutionality of The Entire Protective Order, Only The Illegal "Extended Terms".**

The Court first claims, "[p]ro se plaintiff, Paul Maravelias, brings this action challenging the constitutionality of a stalking order entered against him by the New Hampshire Circuit Court." Order at 1. This statement begins the Court's thematic conflation of 1) Maravelias's challenge against "the extended terms" illegally appended to the base restraining order, and 2) the entire restraining order as a whole. The Court mischaracterizes the relief sought and the plain assertions

of Plaintiff's Amended complaint. Should Plaintiff prevail on this action, the underlying state restraining order itself remains equally lawful and enforceable. Only the illegal, non-jurisdictional, and void "extended terms" issued by Defendant Coughlin in rampant excess of his limited jurisdiction and in violation of federal law are arguably "challeng[ed]" by the relief sought.

**B.    Plaintiff's Facial Challenges Do Not Attack RSA 633:3-a, III-a. But Rather RSA 633:3-a, III-c.**

The Court then states, "[h]e also asks the court to declare that the state statute pursuant to which that stalking order was issued is both facially overbroad and void for vagueness." *Id.* This statement begins the Court's thematic conflation of the original issuance of the base protective order in early 2017 pursuant to RSA 633:3-a, III-a. with 1) the two subsequent extensions thereof pursuant to RSA 633:3-a, III-c. and 2) the imposition of the "extended terms" at both 2018 and 2019 protective-order-extension junctures. The order was not "issued" pursuant to RSA 633:3-a, III-c., the constitutionality of which Plaintiff's Amended Complaint challenges. It was later "extended" by said statute, most recently on 3/8/19 *after* the case at bar was initiated.

**C.    Plaintiff's Requested Relief Does Not Invalidate The State Restraining Order.**

The Court then states, "[h]e seeks injunctive and declaratory relief invalidating the stalking order and preventing defendants from enforcing the terms of that stalking order." *Id.* This statement continues the Court's convenient conflation of the assumed-as-valid base restraining order and the utterly illegal "extended terms" added to it and reapplied to Maravelias in March 2019 *after* this action was commenced.

Maravelias might possibly be constrained in the future to seek "injunctive and declaratory relief" in this Court "invalidating the stalking order and preventing [enforcement of] the terms of that stalking order". This lawsuit however is decidedly not such an enterprise, before which

Maravelias shall exhaust all his remaining state court remedies. This suit rather targets exclusively the unlawful "extended terms" added to the assumed-as-otherwise-valid state restraining order.

### D. Defendant John J. Coughlin Did Not "Enter" The State Restraining Order.

The Court then states, "[a]s defendants, Maravelias has named the state court judge who entered the stalking order, and various people and organizations he fears may enforce that order against him: the New Hampshire Attorney General, the Rockingham County Attorney, the Town of Windham, and the Windham Police Department." *Id.* This statement is likewise false and commences the Court's thematic mischaracterization of the underlying state proceedings, most acerbically prominent within its ensuing 4-page advocate's opinion-piece rhetorically attempting to shame Maravelias for alleged bad-acts which he never, in fact, committed, or which the Court prejudicially recasts into the same antagonistic air of fanciful amplification which DePamphilis's lawyer himself might employ to advocate for his own client.

The original DePamphilis restraining order was in fact "entered" by state judge Robert S. Stephen, not Defendant Coughlin, in 2017. The current *extension* afflicting Maravelias's constitutional interests with the same illegal "extended terms" was issued by Judge Elizabeth M. Leonard on 3/8/19, *after* this case was initiated. Defendant Coughlin was the originator of the illegal "extended terms" most proximately held liable herein and took acts amounting to waiver of his judicial immunity. *See generally*, Amended Complaint. *See also* ECF Doc #33-1, p. 26 – 32.

### E. Other Factual Errors Regarding Essential Legal Procedural History

The Court continues to assert falsely that, when the state court originally issued the 2017 restraining order and when "Maravelias challenged that order when it was first issued", his resulting appeal "was denied on the merits by the New Hampshire Supreme Court". Order at 4.

The New Hampshire Supreme Court did not reach the merits of Maravelias's 2017 appeal, citing insufficient "issue preservation". Maravelias was *pro se* at the circuit court hearing before hiring an appellate attorney on appeal, having failed – as a legally ignorant 21-year-old college student – to file a "motion for reconsideration" within ten days to "preserve" his challenges. DePamphilis v. Maravelias, 2017 WL 3468651 (N.H. July 28, 2017).

### F. The Court's Factual and Legal Misunderstandings Prompted Its Mistaken Application of The Rooker-Feldman Doctrine.

The above-referenced errors of fact and law are largely responsible for the Court's mistake in applying the Rooker-Feldman doctrine to dismiss this case. Maravelias submitted a lengthy Memorandum of Law (ECF Doc #33-1) eliciting multiple distinct reasons why the Rooker-Feldman doctrine is inapplicable. The Court's 11/4/19 Order fails to address many of these arguments, such as: 1) the New Hampshire Supreme Court has never issued rulings in the related state appeals which would conflict with the relief sought by Plaintiff in this Court; 2) the New Hampshire Supreme Court's Order in NHSC Case No. 2018-0483 cannot factor into the Rooker-Feldman calculus in this federal action which was initiated *before* the NHSC mandate; 3) the only state court order currently imposing the "extended terms" against Maravelias is dated 3/8/19, *after* this case was initiated, assuring unassailable existence of federal jurisdiction; 4) the non-finality of the state proceedings;[3] 5) the inability of Rooker-Feldman to apply to non-judicial orders such

---

[3] The Court even cited Tyler v. Supreme Judicial Court of Mass., 914 F.3d 47 (1st Cir. 2019) which Plaintiff's Memorandum in Opposition highlighted as inapplicable and non-controlling, due to the ample indication state courts will revisit pertinent federal claims in the underlying Maravelias-DePamphilis case. The Court's Memorandum Opinion does not address or even betoken an awareness of Maravelias's argument to this point. The Court rather stated, "Here, as in Tyler, there is no suggestion that the state courts will again consider the federal questions presented by the Modified Stalking Order." Order at 10. *But see* ECF Doc #33-1 at p. 18.

as the "extended terms"; 6) the inability of Rooker-Feldman to apply to extrajurisdictional, void state court orders such as the "extended terms"; *inter alia*. The Court committed a manifest error of law when it overlooked these arguments when reaching its conclusion.

It is particularly concerning that a *pro se* federal litigant who credibly alleges at pleading stage that a particular state court order was issued *ultra vires* in excess of jurisdictional and statutory authority, citing well-supported legal argument thereto based in state law, can have his case thrown-out insouciantly without the slightest judicial treatment of said dispositive claims. The Court's 11/4/19 Order is devoid of any discussion of Plaintiff's legal argumentation at <u>Amended Complaint</u>, ¶125 – 129, expounded upon in ECF Doc #33-1, p. 26 – 32, that the "extended terms" are non-judicial and in excess of jurisdiction: arguments which, if true, would automatically nullify all Rooker-Feldman considerations in this case.

The Court's factual and legal misunderstandings caused it to coin the newfound term "Modified Stalking Order" as a way of conflating the narrow claims against the illegal "extended terms" and the existence of the entire underlying restraining order. This blended error of fact and law generated the Court's faulty reasoning that "the thrust of Maravelias's lawsuit is undeniably an effort to invalidate the Modified Stalking Order that was upheld by the state supreme court before Maravelias instituted this action" and that consequently this action runs afoul of the Rooker-Feldman doctrine. <u>Order</u> at 7.

The Court's reasoning is a manifest error of fact and law because 1) no constitutional challenge to the "extended terms" had been, and still to do this day has not ever been, adjudicated and rejected by the New Hampshire Supreme Court; 2) the New Hampshire Supreme Court's 2017 affirmation of the initial predecessor restraining order predates the "extended terms" and this entire

lawsuit; 3) the New Hampshire Supreme Court's 2018 affirmation of the 2018 extension of the state restraining order likewise did not address the "extended terms" and was effective *after* this case was initiated; and 4) the relief requested does not invalidate nor preclude enforcement of the restraining order but solely relates to the additional "extended terms" unlawfully masquerading as valid attachments thereto; *inter alia*.

### G. This Court Has Jurisdiction Over Plaintiff's Generic Facial Challenge To RSA 633:3-a, III-c.

The Court's Order commits great legal error profitable for appeal with its novel application of the Rooker-Feldman doctrine to decline subject matter jurisdiction over Plaintiff's facial challenges. The Court committed a manifest error of law by deciding the Rooker-Feldman doctrine also bars Plaintiff's facial challenges to RSA 633:3-a, III-c. in this Court. Said challenges are thoroughly disconnected from Plaintiff's particular claims relating to his own case and the specific unlawful "extended terms" therein. The Court's Order repeatedly cites "RSA 633:3-a" in this part, referring to the whole New Hampshire stalking statute including criminal, civil, and procedural elements. Ostensibly, the Court erred in overlooking that Plaintiff's Amended Complaint only disputes the facial constitutionality of a narrow subsection of said statute, RSA 633:3-a, III-c., pertaining to the legal standard for granting future extensions of civil protective orders.

The Court incorrectly relied upon Tyler, *supra*, which upheld a district court's rejection of a litigant's general facial challenge against a Massachusetts state law under Rooker-Feldman on the grounds that "the relief Tyler seeks is entirely predicated on her insistence that the SJC erred in the 2017 adjudication of her case." Order at 10. The Court overlooked that here, unlike in Tyler, the validity of Maravelias's general facial challenge is not dependent whatsoever upon the correctness of New Hampshire state court rulings within his personal case. Maravelias could have

brought these facial challenges in a separate lawsuit but respected judicial economy by joining them hereto without relying upon any reference to the "extended terms" nor any judicial rulings in his particular case, save for a brief introductory stipulation of injury-in-fact necessary to establish standing under Article III of the U.S. Constitution. *See* Amended Complaint, ¶148 – 168.

In Maravelias's case, the "extended terms" *were not even issued under* RSA 633:3-a, III-c., the statute subject to his general facial challenge *See* ECF Doc #33-1, at ¶62.

The Court erred in its 11/4/19 Order to characterize Plaintiff's general facial challenge against a statute which has affected him in the past, and could in the future, as "efforts to vacate the Modified Stalking Order by undermining the validity of its statutory source, RSA 633:3-a.". Order at 10. This logic presupposes the position that no federal litigant is ever allowed to challenge the constitutionality of any state statute wherever such a litigant is affected by any judicial implementation relating to the alleged unconstitutional statute. The Court's reasoning violates the First Circuit's recent clarification in Tyler that "the Rooker-Feldman doctrine does not bar a 'general attack on the constitutionality' of a state law that 'do[es] not require review of a judicial decision in a particular case.'" Tyler at *51 (quoting District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) at *487). Further, the Court's reasoning directly contradicts its 10/17/19 Order in a minimally related case involving undersigned Plaintiff.[4]

---

[4] At a 10/17/19 Motion Hearing in Maravelias v. NH Supreme Court, et al, 19-CV-0487(JL), this Court applied the Rooker-Feldman doctrine to dismiss Maravelias's various claims under the federal constitution relating to state court acts of disputed judiciality which affected his pecuniary property, but allowed his disconnected facial challenge against the state law which injured him to proceed. Undersigned Plaintiff takes the opportunity to note that, while disagreeing with the Court's largely unfavorable disposition in that case, he would not dare to attach the slightest accusation of "antagonism", "malice", "libel", or improper favoritism in connection with the said (un-appealed) unfavorable ruling. Undersigned Plaintiff appreciates the

## CONCLUSION

The Court's 11/4/19 Memorandum Opinion and Order improperly applies the Rooker-Feldman doctrine to dismiss Plaintiff's claims pertaining to the constitutionality of the "extended terms" and, separately, to dismiss his disconnected facial challenges against an unconstitutional state law which he has standing to bring. Accordingly, the Court should vacate its 11/4/19 Memorandum Order and Judgment to allow this case to proceed.

WHEREFORE, Plaintiff Paul Maravelias respectfully requests this Honorable Court grant the relief requested in the accompanying Motion.

Dated: December 2nd, 2019

Respectfully submitted,

PAUL J. MARAVELIAS,

*in propria persona*

_____

**Paul J. Maravelias**
34 Mockingbird Hill Rd
Windham, NH 03087
paul@paulmarv.com
603-475-3305

## CERTIFICATE OF SERVICE

I, Paul Maravelias, certify that a timely provided copy of this document is being sent on this date to all counsel of record for the Defendants pursuant to the rules of this Court.

/s/ Paul J. Maravelias
**Paul J. Maravelias**

Dated: December 2nd, 2019

---

gravity of these allegations and is content that the above does illuminate the propriety of his characterizations hereinabove concerning the shocking content of the Court's 11/4/19 Order.