# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Paul Maravelias,                      *
                                      *
              Plaintiff,              *
       v.                             *        Civil No. 1:19-cv-00143-SM
                                      *
John J. Coughlin, et al.,             *
                                      *
              Defendants.             *
                                      *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT GORDON J. MACDONALD'S OBJECTION TO RULE 59(e) MOTION

Gordon J. MacDonald, in his official capacity as New Hampshire Attorney General

("Attorney General"), by and through his counsel, the New Hampshire Office of the Attorney

General, hereby objects to plaintiff Paul Maravelias's Rule 59(e) motion to alter or amend

judgment.  In support of this objection, the Attorney General states as follows:

**A.    Standard of review**

1.     Relief under Rule 59(e) is "granted sparingly."  *Capron v. Office of Attorney Gen.*

*of Mass.*, __ F.3d __, 2019 WL 6463245, at *27 (1st Cir. Dec. 2, 2019) (citation and quotations

omitted).  A party is only entitled to reconsideration under Rule 59(e) if he can show that "the

original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in

certain other narrow situations."  *Id.* (same omissions).  Rule 59(e) does not provide "a

mechanism to regurgitate old arguments previously considered and rejected."  *Biltcliffe v.*

*CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (same omissions).  Indeed, "[u]nless the

court has misapprehended some material fact or point of law, [a Rule 59(e)] motion is normally

not a promising vehicle for revisiting a party's case . . . ." *Palmer v. Champion Mortg.*, 465 F.3d

24, 30 (1st Cir. 2006) (citation omitted).

**B.     Argument**

2.     Maravelias takes umbrage with numerous aspects of the Court's November 4,

2019 order dismissing his claims.  He has not, however, identified any basis for the Court to

reconsider that order.

3.     Maravelias devotes several pages of his motion to discussing why, in his view, the

Court inaccurately summarized the underlying facts of this case in its November 4 order.  He

contends that the Court, when setting forth these facts, drew inferences in the light least

favorable to him, in violation of the motion to dismiss standard.  He further argues that the

factual background set forth in the November 4 order demonstrates that the Court is biased

against him.

4.     Maravelias's contention that the Court impermissibly drew inferences against him

is belied by the plain terms of the November 4 order.  It is clear from that order that the Court

derived the relevant factual background from several public New Hampshire Supreme Court

decisions involving Maravelias.  *See, e.g.*, ECF Doc. No. 43 at 2 ("This case has been

extensively litigated over the years and the relevant factual background has been set forth at

length in earlier judicial opinions.").  As "official public records," the Court could properly

consider those decisions without converting the defendants' motions to dismiss into motions for

summary judgment.  *See Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013); *see also*

5C Charles A. Wright, Arthur R. Miller, Mary Kay Kane & A. Benjamin Spencer, *Fed. Prac. &*

*Proc.* § 1364 (3d ed.) (noting that courts may consider "court judgments and orders" when ruling

on a motion to dismiss).  While Maravelias clearly disagrees with the facts set forth in those

decisions, he does not suggest that this Court inaccurately summarized them.  And, in any event, Maravelias does not explain how any purported factual inaccuracies in this Court's order rendered manifestly erroneous its legal conclusion that the claims in this case are barred by the *Rooker-Feldman* doctrine.  Maravelias's focus on these alleged inaccuracies is therefore misplaced, and cannot serve as a basis for this Court to reconsider the November 4 order.

5.      The same is true of Maravelias's related contention that the factual background set forth in the November 4 order reveals this Court's bias against him.  In advancing this argument, Maravelias appears to take issue with both the content and the tone of the Court's summary of the underlying facts.  Any argument as to content fails for the reasons stated in the preceding paragraph.  Maravelias's apparent objection to the tone of the Court's order is also unavailing, as it is well established that "trial judges are not required either to mince words or to sugar-coat their views" and that "[b]lunt language, without more, does not translate into a showing of judicial bias."  *United States v. Caramadre*, 807 F.3d 359, 374 (1st Cir. 2015) (citations omitted).  Maravelias's bias argument therefore also cannot serve as a basis for reconsideration.

6.      In addition to taking issue with the factual background in the November 4 order, Maravelias also cherry-picks a handful of sentences from that order to contend that the Court conflated several points of fact and law.  This contention is once again undermined by the order itself, which reveals that the Court fully understood both the underlying facts and the relevant law.  But it is also nothing more than an improper attempt by Maravelias to relitigate arguments previously raised in his motion to dismiss filings.  The Court rejected those arguments, either explicitly or by implication, in its November 4 order, and Maravelias may not re-raise them now.  *See Biltcliffe*, 772 F.3d at 930 (Rule 59(e) does not provide "a mechanism to regurgitate old

arguments previously considered and rejected" (citations and quotations omitted)). Maravelias's conflation arguments accordingly fail to provide a basis for reconsideration.

7.      Maravelias also contends that the Court erred by failing to address the "legal argumentation" set forth in his amended complaint. ECF Doc. No. 45-1 at 8. In making this contention, Maravelias misconstrues the pleading requirements under Rule 8 and the scope of the Court's review under Rule 12. Rule 8 requires that a complaint "contain . . . a short and plain statement of a claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and numerous courts have confirmed that legal arguments have no place in a pleading filed under this rule, *see, e.g.*, *Lance v. Commerce Tr. Co.*, No. 2:15-cv-0341-GEB-KJN, 2015 WL 1530674, at *4 (E.D. Cal. Apr. 3, 2015); *Benchmark Const., LLC v. Scheiner Commercial Grp., Inc.*, No. 2:12-CV-00762, 2013 WL 1288646, at *1 (D. Utah March 26, 2013); *Aguirre v. Cal-W. Reconveyance Corp.*, No. 2:11-CV-06259-ODW-JEMX, 2012 WL 13012386, at *1 (C.D. Cal. Apr. 11, 2012). Moreover, Maravelias only added this "legal argumentation" section to his complaint after the Attorney General moved to dismiss his original complaint on *Rooker-Feldman* grounds, resulting in an improper "attempt[] to negate possible defenses." *Velex v. California*, No. 2:17-CV-00960-WBS-KJN, 2017 WL 4540009, at *2 (E.D. Cal. Oct. 11, 2017) (citations and internal quotation marks omitted). Additionally, it is well-established that a court must "set aside legal conclusions" when ruling on a motion to dismiss. *Starr Surplus Lines Ins. Co. v. Mountaire Farms Inc.*, 920 F.3d 111, 114 (1st Cir. 2019). The Court was therefore under no obligation to consider the legal arguments set forth in Maravelias's amended complaint when ruling on the defendants' motions to dismiss.

8.      Lastly, Maravelias argues that the Court erred in dismissing his facial challenge to RSA 633:-a, III-c. This issue was briefed in the parties' motion-to-dismiss filings, and the Court

addressed and resolved it in its November 4 order.  *See* ECF Doc. No. 43 at 8–10.  The fact

Maravelias disagrees with that resolution, without more, cannot serve as a basis for

reconsideration under Rule 59(e).  *See Biltcliffe*, 772 F.3d at 930.

**C.    Conclusion**

9.      Maravelias has failed to identify any basis for the Court to reconsider its

November 4 order.  The Court should accordingly deny Maravelias's Rule 59(e) motion and

leave the judgment entered in this case undisturbed.

10.     No separate memorandum of law is required in support of this objection, as all of

the relevant legal authority relied upon is cited herein.  LR 7.1(a)(2).

WHEREFORE, Gordon J. MacDonald respectfully requests that this Honorable Court:

A.  Deny Maravelias's Rule 59(e) motion; and

B.  Grant such further relief as this court deems just and proper.

Respectfully submitted,

GORDON J. MACDONALD,

By his attorneys

Date: December 16, 2019                     /s/  Samuel R. V. Garland_____
                                            Samuel R.V. Garland, Bar #266273
                                            Attorney
                                            Anthony J. Galdieri, Bar # 18594
                                            Senior Assistant Attorney General
                                            New Hampshire Dept. of Justice
                                            33 Capitol Street
                                            Concord, NH 03301
                                            (603) 271-3650
                                            anthony.galdieri@doj.nh.gov
                                            samuel.garland@doj.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was mailed this day, postage prepaid, to Paul Maravelias, 34 Mockingbird Hill Rd., Windham, NH 03087.

Date:   December 16, 2019

/s/ Samuel R. V. Garland_____
Samuel R.V. Garland