UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
*************************************
Paul Maravelias,                    *
                                    *
           Plaintiff,               *
      v.                            *   Civil No. 1:19-cv-00143-SM
                                    *
John J. Coughlin, et al.,           *
                                    *
           Defendants.              *
                                    *
*************************************
```

### DEFENDANT JOHN J. COUGHLIN'S
### OBJECTION TO RULE 59(e) MOTION

Hon. John J. Coughlin respectfully joins the objection to the Rule 59(e) motion filed by Defendant Gordon MacDonald, submitting the following additional argument. In support of this objection, Judge Coughlin states as follows:

1. Mr. Maravelias claims that this court is now retaliating against him in favor of Judge Coughlin based solely on the fact that they were both Judge Advocates from New Hampshire in the military and that they were both in private practice at the same time. *See* Memorandum of Law, p. 2, fn 1.

2. This groundless speculation is inadequate to establish bias or retaliation. As the Supreme Court has stated; "whether a judge's impartiality can 'reasonably be questioned' " is to be made in light of the facts as they existed, and not as they were surmised or reported." *Cheney v. U.S. Dist. Court for D.C.,* 541 U.S. 913, 914 (2004). There are many examples in which much more concrete relationships have been found inadequate to show bias between a presiding judge and one party or witnesses than the simple geographical proximity and choice of profession cited by plaintiff. *Oriental Fin.*

*Grp., Inc. v. Fed. Ins. Co.,* 450 F. Supp. 2d 169 (D.P.R. 2006) (fact that, five years earlier, judge had worked at law firm that was representing bank in action to recover under fidelity bond did not warrant recusal, where judge had worked as special litigation counsel for a period of six months); *Donato v. Rhode Island Hosp. Tr. Nat. Bank,* 52 F. Supp. 2d 317 (D.R.I. 1999) (fact that judge and defendant both had sons in same school class more than twenty years ago did not give rise to judicial bias warranting recusal); *Wessmann by Wessmann v. Bos. Sch. Comm.,* 979 F. Supp. 915 (D. Mass. 1997) (judge was not disqualified from presiding over school desegregation case because judge previously had been a civil rights lawyer, affiliated with civil rights organizations and causes).

3. For the reasons stated in Defendant MacDonald's objection and as stated herein, Maravelias has failed to identify any basis for the Court to reconsider its November 4 order. The Court should accordingly deny Maravelias's Rule 59(e) motion and leave the judgment entered in this case undisturbed.

4. No separate memorandum of law is required in support of this objection, as the relevant legal authorities relied on are cited herein. LR 7.1(a)(2).


WHEREFORE, Hon. John J. Coughlin respectfully requests that this Honorable Court issue an order:

A. Deny Maravelias's Rule 59€ motion; and

B. Granting any such further relief as the court may deem just and equitable.

Respectfully submitted,

**HON. JOHN J. COUGHLIN**

By his attorney,

GORDON J. MACDONALD
ATTORNEY GENERAL

Date: December 16, 2019     /s/ Nancy J. Smith
Nancy J. Smith, NH Bar ID # 9085
Senior Assistant Attorney General
New Hampshire Attorney General's Office
33 Capitol Street
Concord, NH 03301
Phone: (603) 271-3650
nancy.smith@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed this day, postage prepaid, to Paul Maravelias, 34 Mockingbird Hill Rd., Windham, NH 03087 and all other counsel of record by electronic service.

Date: December 16, 2019     /s/ Nancy Smith
Nancy Smith