UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____
                                    )
Paul Maravelias,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Civil No. 1:19-cv-00143-SM
                                    )
John J. Coughlin                    )
Gordon J. MacDonald,                )
Patricia G. Conway,                 )
Town of Windham, ex. rel            )
Windham Police Department, &        )
Gerald S. Lewis                     )
                                    )
            Defendants.             )
_____)

**WINDHAM DEFENDANTS' OBJECTION TO PLAINTIFF'S RULE 59(E) MOTION TO ALTER OR AMEND JUDGMENT**

NOW COME the Town of Windham, New Hampshire, the Windham Police Department, and Gerald S. Lewis ("the Windham Defendants"), by and through their attorneys, Donahue, Tucker & Ciandella, PLLC, and submit the following Objection to the Rule 59(E) Motion to Alter or Amend Judgment (ECF #45) filed by Plaintiff Paul Maravelias's ("the Plaintiff"). In support thereof, the Windham Defendants state as follows:

1.  The Windham Defendants hereby object to the Plaintiff's Motion because the Plaintiff has failed to identify any sufficient basis to demonstrate that this Court's November 4, 2019 Memorandum Opinion and Order ("Order") contained a manifest error of law or that said Order was unjust.

2.  A Rule 59(e) motion is analyzed under the standards applicable to a motion for reconsideration. See United States v. $23,000 in U.S. Currency, 356 F.3d 157, 165 n.9 (1st Cir.

2004); Charles A. Wright, Arthur R. Miller, Mary Kay Kane, 11 Fed. Prac. & Proc. Civ. §2810.1 (3d ed.) ("Rule 59(e) . . . include[s] motions for reconsideration."). In the First Circuit, reconsideration is warranted, in pertinent part, when the earlier decision was based on a manifest error of law or was clearly unjust. See United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). Courts should not permit motions for reconsideration to be used as vehicles for rearguing theories that have been previously advanced and rejected. See Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006). "Rather, the granting of motions for reconsideration is an extraordinary remedy which should be used sparingly." Id.

3.  In its Order, the Court correctly determined that the Rooker-Feldman Doctrine precluded consideration of the merits of the Plaintiff's claims because, at its core, the Plaintiff's claims seek to have a federal district court reverse a state court decision based on arguments that were either raised or could have been raised in the state court. Order at *7-8. The Plaintiff first seeks reconsideration based on several alleged errors that focus on the Court's word choice on immaterial issues that have no bearing on the Court's ultimate conclusions (i.e. Sections III(A) through (E) of the Plaintiff's Motion). Even if, for the sole sake of argument, that the Court did err in describing the procedural posture of this case (it did not), any error is immaterial and does not alter the inescapable conclusion that the Plaintiff is seeking to have a federal district court overturn a decision of a state court – a matter that is precluded under Rooker-Feldman. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.")

4.	Plaintiff's arguments that the Court erred in its application of Rooker-Feldman set forth in Section III(F) of his Motion are without merit for the reasons set forth in the Defendants' various responses to Plaintiff's Opposition to the Defendants' Motions to Dismiss (ECF #38-40). The Windham Defendants' decline to repeat those arguments in full in this Objection and, instead, incorporate those reasons by reference herein.  Simply put, the Court had before it the Plaintiff's arguments and the Defendants' responses to those arguments, and there was no manifest error in the Court's determination that Rooker-Feldman presented a jurisdictional bar to the Plaintiff's claims.

5.	To the extent that the Plaintiff asserts that the Court erred in failing to analyze the Plaintiff's claims that RSA 633:3-a, III-c is facially overbroad and void for vagueness (Section G), the Plaintiff's arguments are equally unavailing.  The First Circuit's decision in Tyler v. Supreme Judicial Court of Mass., 914 F.3d 47 (1st Cir. 2019) clearly precludes the use of such claims to circumvent the jurisdictional bar imposed by Rooker Feldman – which is exactly what the Plaintiff seeks to do in this case with regard to the State Court's decision.  Tyler, 914 F.3d at 51-52; see also Klimowicz v. Deutsche Bank Nat'l Trust, 907 F.3d 61, 64 (1st Cir. 2018) ("a plaintiff cannot escape the Rooker-Feldman bar through the simple expedient of introducing a new legal theory in the federal forum that was not broached in state courts").  There is no manifest error in the Court's Order:  if it were not for the relief granted by the state court, the Plaintiff would not have filed a Complaint in this Court.

6.	Because the Plaintiff is unable to identify any manifest error in the Court's Order, the Court should deny the Plaintiff's Motion.

7. No separate memorandum of law is required in support of this objection as all the relevant legal authority relied upon by the Windham Defendants is set forth herein. Local R. 7.1(a)(2).

WHEREFORE, the Defendants respectfully request that this Honorable Court:

A. Deny the Plaintiff's Rule 59(E) Motion to Alter or Amend Judgment;

B. Dismiss all claims against the Windham Defendants; and

C. Grant such further relief as is just and equitable.

Dated: December 16, 2019

    Respectfully Submitted,

    TOWN OF WINDHAM, ex. rel.
    WINDHAM POLICE DEPARTMENT, and
    GERALD S. LEWIS

    By and Through Their Attorneys

    DONAHUE, TUCKER, & CIANDELLA, PLLC

    /S/ Eric A. Maher

    Eric A. Maher, Esq.
    NHBA# 21185
    Brendan Avery O'Donnell, Esq.
    NHBA #268037
    16 Acadia Lane
    Exeter, NH 03833
    (603)778-0686
    emaher@dtclawyers.com

## **CERTIFICATION**

I herein certify that a copy of the foregoing has this date been transmitted electronically through the ECF filing system to Plaintiff Paul Maravelias and all counsel of record for the Defendants.

/S/ Eric A. Maher
Eric A. Maher, Esq.